# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEVADA

|  |  |
|---|---|
| | )  |
| | )Proposed Joint Administration Under |
| In re: | ) Cases No. |
| Melani Schulte and | ) |
| William Schulte…………………………….. | ) 09-29123-BAM |
| (proposed lead case), | ) |
| | ) |
| 2704 Sattley LLC, ………………………… | ) 09-27238-BAM |
| Hot Endeavor  LLC………………………… | ) 09-27909-BAM |
| 1341 Minuet LLC ………………………….. | ) 09-27910-BAM |
| 1708 Plato Pico LLC  ……………………... | ) 09-27911-BAM |
| 2228 Warm Walnut LLC …………………... | ) 09-27912-BAM |
| 9425 Valley Hills LLC   …………………... | ) 09-27913-BAM |
| 9500 Aspen Glow LLC  …………………... | ) 09-27914-BAM |
| 5218 Misty Morning LLC ………………... | ) 09-27916-BAM |
| Cherish LLC ……………………………….. | ) 09-28513-BAM |
| SABRECO Inc. …………………………….. | ) 09-31584-BAM |
| Keep Safe LLC ……………………………. | ) 09-31585-BAM |
| | ) |
| | ) DATE: |
| | ) TIME: |
| | ) |
| | ) |
| | ) |
| Debtors in Possession | ) |

## *JOINT*
## *PLAN OF REORGANIZATION*
## *FOR*
## *SCHULTE-RELATED ENTITIES*

The Debtors in Possession, styled above, proposes the following Joint Plan of Reorganization (herein "Plan").

1

## BRIEF SUMMARY OF PLAN

The Plan, as proposed by the Debtors in Possession, is based on: (1) modifying and re-amortizing first mortgages encumbering properties; (3) stripping off second mortgages encumbering properties; (3) curing arrearages on a principal residence; (4) fully satisfying priority and administrative debt; (5) separately satisfying, certain general unsecured creditors that are common to most of the cases, and as a convenience class, and for business purposes; (6) satisfying, on a partial basis, the general unsecured creditors; and (7) the retention by a debtor of any rights to challenge the validity of a note and mortgage.

## ARTICLE I
## DEFINITIONS

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meaning respectively:

**ADMINISTRATIVE CLAIM and ADMINISTRATIVE EXPENSE CLAIM:** A Claim Allowed under §503(b) of the Bankruptcy Code that is entitled to priority under §507(a)(2) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case as authorized and approved by a Final Order, (b) any actual and necessary costs and expenses incurred in the ordinary course of the Debtor's business, (c) fees and expenses of Professionals to the extent Allowed by Final Order under §§330, 331, or 503 of the Bankruptcy Code, and (d) all fees and charges assessed against the Estate pursuant to 28 U.S.C. §1930.

**ALLOWED CLAIM:** A claim (a) in respect to which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitation; or (b) scheduled in the list of creditors and filed with the Bankruptcy Court in the case and not listed as disputed, contingent, or

unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation or an order to the Bankruptcy Court, or as to which any such objection has been determined by an order or judgment, which order or judgment is not subject to any stay of the effect thereof. Certain claims not listed in the Debtor's bankruptcy schedules as disputed, contingent, or unliquidated as to amounts may be objected to by Debtor because of a change in circumstances or because of additional information made available to debtor or its counsel. All claims will be determined by Bankruptcy Court order to be allowed or disallowed.

**BANKRUPTCY CODE:** Title 11, United States Code.

**BANKRUPTCY COURT:** The United States Bankruptcy Court for the District of Nevada, the Honorable Bruce A. Markell, Judge, acting in these cases.

**CHAPTER 11:** Chapter 11, Title 11, United States Code.

**CLAIM:** Any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtor in existence on or as of the date of the petition, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**CLASS:** Any class into which Allowed Claims are classified pursuant to Article II.

**CONFIRMATION DATE:** Confirmation date shall be the date upon which the order confirming the Joint Plan of Reorganization is entered by the Bankruptcy Court for the District of Nevada.

**COURT:** Court shall mean the United States Bankruptcy Court for the District of Nevada, including the United States Bankruptcy Judge presiding in the Bankruptcy Case of the Debtor.

3

**CREDITOR:** Holder of a Claim against a Debtor.

**DATE OF THE PETITION:**  The date upon which the commencement of a Bankruptcy case commenced, which would be:

| Case | File Date |
|------|-----------|
| Melani Schulte and William Schulte | 10/11/09 |
| 2704 Sattley LLC, | 09/16/09 |
| Hot Endeavor  LLC | 09/25/09 |
| 1341 Minuet LLC | 09/25/09 |
| 1708 Plato Pico LLC | 09/25/09 |
| 2228 Warm Walnut LLC | 09/25/09 |
| 9425 Valley Hills LLC | 09/25/09 |
| 9500 Aspen Glow LLC | 09/25/09 |
| 5218 Misty Morning LLC | 09/25/09 |
| Cherish LLC | 10/01/09 |
| SABRECO Inc. | 11/15/09 |
| Keep Safe LLC | 11/16/09 |

**DEBTOR:**  Any of the Schulte-Related-Entities .

**DEFICIENCY CLAIM:**   Regarding a Creditor having a Secured Claim, that portion of the   Claim that is not an Allowed Secured Claim because of a determination by the Court that the value of the Creditor's interest in property is not sufficient to fully collateralize the Creditor's claim.

**EFFECTIVE DATE:** The first day of the first calendar month following the entry of order of the Bankruptcy Court of the District of Nevada confirming this Plan.

4

**PRIORITY CLAIM:** Any and all Claims (or portions thereof), if any, entitled to priority under §507(a) of the Bankruptcy Code other than Priority Tax Claims and Administrative Expense Claims.

**PRIORITY TAX CLAIM:** Any Claims of a governmental entity entitled to priority under §507(a)(8) of the Bankruptcy Code.

**PROPERTY:**  The term will be used only within the context of a clear referential indication of a particular piece of real estate.

**PRO RATA:** With respect to any holder of an unsecured proof of claim, the manner of payment in which any particular creditor holding an unsecured claim shall be paid the same proportion that the amount of such claim bears to the aggregate amount of the claims in the particular Class.

**RULES:** The Federal Rules of Bankruptcy Procedure, as amended,  and the Local Rules of Bankruptcy Procedure and as adopted by the Bankruptcy Court.

**SCHULTE-RELATED ENTITIES:** The Debtors that have been joined through this Plan of Reorganization.

**SECURED CLAIM:** An allowed claim of a creditor, secured by a lien on property of the Debtor, which claim existed on the date of the filing of the petition or which was authorized by the Bankruptcy Court thereafter to the extent that such claim is not greater than the value of the Debtor's property on which the Bankruptcy Court finds a valid security interest for such claim is held.

5

## ARTICLE II
## CLASSIFICATION AND TREATMENT OF CERTAIN CLAIMS,
## DESIGNATION AS TO THEIR IMPAIRMENT,
## AND TREATMENT OF UNCLASSIFIED CLAIMS

For the purposes of this Plan of Reorganization, the creditors are categorized into the following classes:

**CLASS 1 – HOT ENDEAVOR CASE – FIRST MORTGAGE, SECURED CLAIM OF CITY NATIONAL BANK.** This claim, secured by a mortgage on undeveloped property near Summerlin Parkway and Durango Boulevard, Las Vegas, Nevada, shall be impaired. City National Bank shall retain its secured status until, and unless, its allowed claim is satisfied. Property taxes and insurance on the property shall be kept current. Within one year of the Effective Date of the Plan, re-financing shall be obtained in an amount to completely satisfy City National Bank; or monthly payments shall commence based on the the value of the property, at 4 % amortized over 360 months. City National Bank may have a Deficiency Claim that is in Class 3, the Class of General Unsecured Creditors for the Hot Endeavor case.

**CLASS 1A – 1341 MINUET LLC CASE – FIRST MORTGAGE, SECURED CLAIM OF CHASE MANHATTAN MORTGAGE.** This claim, secured by a mortgage on the property, shall be impaired. Commencing on the Effective Date of the Plan, 1341 Minuet LLC shall make monthly payments in the approximate amount of $497.93, which is based on an interest rate of 4% amortized over 360 months with a property value of $80,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. Chase Manhattan Mortgage shall also have a Deficiency Claim that is in Class 3A, the Class of General Unsecured Creditors for the Minuet case.

6

**CLASS 1B – 1703 PLATO PICO LLC CASE – FIRST MORTGAGE, SECURED CLAIM OF BAC HOME LOANS.** This claim, secured by a mortgage on the property, shall be impaired. Commencing on the Effective Date of the Plan, 1703 Plato Pico LLC shall make monthly payments in the approximate amount of $750.11, which is based on an interest rate of 4% amortized over 360 months with a property value of $125,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. BAC Home Loans shall also have a Deficiency Claim that is in Class 3B, the Class of General Unsecured Creditors for the Plato Pico case.

**CLASS 1C – 2228 WARM WALNUT LLC CSE – FIRST MORTGAGE, SECURED CLAIM OF WELLS FARGO HOME MORTGAGE.** This claim, secured by a mortgage on the property, shall be impaired. Commencing on the Effective Date of the Plan, 2228 Warm Walnut LLC shall make monthly payments in the approximate amount of $811.96, which is based on an interest rate of 4% amortized over 360 months with a property value of $133,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. Wells Fargo Home Mortgage shall also have a Deficiency Claim that is in Class 3C, the Class of General Unsecured Creditors for the Warm Walnut case.

**CLASS 1D – 2704 SATTLEY LLC CASE – FIRST MORTGAGE, SECURED CLAIM OF ELIZER/LLEWELYN.** This claim, secured by a mortgage on the property, shall be impaired. Commencing on the Effective Date of the Plan, 2704 Sattley LLC shall make monthly payments in the approximate amount of $646.76, which is based on an interest rate of 4% amortized over 360 months with a property value of $103,423. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment.

7

Elizer/Llewelyn shall also have a Deficiency Claim that is in Class 3D, the Class of General Unsecured Creditors for the Sattley case.

**CLASS 1E – 5218 MISTY MORNING LLC CASE – FIRST MORTGAGE, SECURED CLAIM OF FIFTH THIRD BANK.** This claim, secured by a mortgage on the property, shall be impaired. Commencing on the Effective Date of the Plan, 5218 Misty Morning LLC shall make monthly payments in the approximate amount of $851.38, which is based on an interest rate of 4% amortized over 360 months with a property value of $140,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. Misty Morning LLC shall also have a Deficiency Claim that is in Class 3E, the Class of General Unsecured Creditors for the Minuet case.

**CLASS 1F – 9425 VALLEY HILLS LLC CASE – FIRST MORTGAGE, SECURED CLAIM OF MIDLAND MORTGAGE.** This claim, secured by a mortgage on the property, shall be impaired. Commencing on the Effective Date of the Plan, 9425 Valley Hills LLC shall make monthly payments in the approximate amount of $1159.96, which is based on an interest rate of 4% amortized over 360 months with a property value of $195,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. Midland Mortgage shall also have a Deficiency Claim that is in Class 3F, the Class of General Unsecured Creditors for the Valley Hills case.

**CLASS 1G – 9500 ASPEN GLOW LLC CASE – FIRST MORTGAGE, SECURED CLAIM OF CITIMORTGAGE.** This claim, secured by a mortgage on the property, shall be impaired. Commencing on the Effective Date of the Plan, 9500 Aspen Glow LLC shall make monthly payments in the approximate amount of $811.96, which is based on an interest

rate of 4% amortized over 360 months with a property value of $133,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. Citimortgage shall also have a Deficiency Claim that is in Class 3G, the Class of General Unsecured Creditors for the Aspen Glow case.

**CLASS 1H(a) – CHERISH LLC CASE – FIRST MORTGAGE ON 5709 RIDGETREE AVENUE, SECURED CLAIM OF BAC HOME LOANS.** This claim, secured by a mortgage on the property commonly known as 5709 Ridgetree Avenue, Las Vegas, Nevada, shall be impaired. Commencing on the Effective Date of the Plan, Cherish LLC shall make monthly payments in the approximate amount of $704.25, which is based on an interest rate of 4% amortized over 360 months with a property value of $114,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. BAC Home Loans shall also have a Deficiency Claim that is in Class 3H, the Class of General Unsecured Creditors for the Cherish case.

**CLASS 1H(b) – CHERISH LLC CASE – FIRST MORTGAGE ON 1407 HOMETOWN AVENUE, SECURED CLAIM OF BERNARD GREENBLATT.** This claim, secured by a mortgage on the property commonly known as 1407 Hometown Avenue, Las Vegas, Nevada, shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments in the approximate amount of $728.35, which is based on an interest rate of 4% amortized over 360 months with a property value of $118,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. Bernard Greenblatt shall also have a Deficiency Claim that is in Class 3H, the Class of General Unsecured Creditors for the Cherish Case.

9

**CLASS 1I – KEEP SAFE LLC CASE – FIRST MORTGAGE ON 207 BOOTH BAY STREET, SECURED CLAIM OF BANK OF NEVADA.** This claim, secured by a mortgage on the property commonly known as 207 Booth Bay Street, Las Vegas, Nevada, shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments in the approximate amount of $582.54, which is based on an interest rate of 4% amortized over 360 months with a property value of $95,000. Estimated monthly allocations for taxes and insurance are part of the proposed monthly payment. Bank of Nevada shall also have a Deficiency Claim that is in Class 3I, the Class of General Unsecured Creditors for the Keep Safe Case.

**CLASS 1J – MELANI AND WILLIAM SCHULTE CASE – FIRST MORTGAGE ON PRINCIPAL RESIDENCE, SECURED CLAIM OF AMERICA'S SERVICING COMPANY.** This claim, secured by a mortgage on the property commonly known as 509 Canyon Greens, Las Vegas, Nevada, shall be unimpaired. Commencing on the Effective Date of the Plan, Debtor shall commence normal monthly mortgage payments. Commencing six months after the effective date of the Plan, the Debtor shall make monthly payments in the approximate amount of $500, which shall be applied against the pre-confirmation arrearages, and which shall continue until the arrearages are cured.

**CLASS 2A – 1341 MINUET LLC CASE – SECOND MORTGAGE, SECURED CLAIM OF CITY NATIONAL BANK.** This claim, secured by a second mortgage on the property, shall be impaired. The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, City National Bank shall have a Deficiency Claim that is in Class 3A, the Class of General

10

Unsecured Creditors for the Minuet Case.

**CLASS 2B – 1708 PLATO PICO LLC CASE – SECOND MORTGAGE, SECURED CLAIM OF CITY NATIONAL BANK.** This claim, secured by a second mortgage on the property, shall be impaired.  The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, City National Bank shall have a Deficiency Claim that is in Class 3B, the Class of General Unsecured Creditors for the Plato Pico Case.

**CLASS 2C – 2228 WARM WALNUT LLC CASE – SECOND MORTGAGE, SECURED CLAIM OF CITY NATIONAL BANK.** This claim, secured by a second mortgage on the property, shall be impaired.  The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, City National Bank shall have a Deficiency Claim that is in Class 3C, the Class of General Unsecured Creditors for the Warm Walnut Case.

**CLASS 2E – 5218 MISTY MORNING LLC CASE – SECOND MORTGAGE, SECURED CLAIM OF CITY NATIONAL BANK.** This claim, secured by a second mortgage on the property, shall be impaired.  The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, City National Bank shall have a Deficiency Claim that is in Class 3E, the Class of General Unsecured Creditors for the Misty Morning Case.

**CLASS 2F – 9425 VALLEY HIILS CASE – SECOND MORTGAGE, SECURED CLAIM OF CITY NATIONAL BANK.** This claim, secured by a second mortgage on the property, shall be impaired.  The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, City National Bank shall have a Deficiency Claim that is in Class 3F, the Class of General Unsecured Creditors for the Valley Hills Case.

**CLASS 2G – 9500 ASPEN GLOW – SECOND MORTGAGE, SECURED CLAIM OF CITY NATIONAL BANK.** This claim, secured by a second mortgage on the property, shall be impaired.  The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, City National Bank shall have a Deficiency Claim that is in Class 3G, the Class of General Unsecured Creditors for the Aspen Glow Case.

**CLASS 2H(a) – CHERISH LLC CASE – SECOND MORTGAGE ON 5709 RIDGETREE AVENUE, SECURED CLAIM OF JESSE SBAIH.** This claim, secured by a second mortgage on the property commonly known as 5709 Ridgetree Avenue, Las Vegas, Nevada, shall be impaired.  The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, City National Bank shall have a Deficiency Claim that is in Class 3H, the Class of General Unsecured Creditors for the Cherish Case.

**CLASS 2H(a) – CHERISH LLC CASE – THIRD MORTGAGE ON 5709 RIDGETREE AVENUE, SECURED CLAIM OF SABRECO DEFINED BENEFIT PENSION PLAN.** This claim, secured by an encumbrance that has a third priority on the property commonly

12

known as 5709 Ridgetree Avenue, Las Vegas, Nevada, shall be impaired.  The claimant is an insider and, therefore, shall not vote on the Plan, and has consented to receive no payments pursuant to the Plan.

**CLASS 2I – KEEP SAFE LLC CASE – SECOND MORTGAGE, SECURED CLAIM OF JESSE SBAIH.** This claim, secured by a second mortgage on the property, shall be impaired.  The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, City National Bank shall have a Deficiency Claim that is in Class 3I, the Class of General Unsecured Creditors for the Keep Safe Case.

**CLASS 2J(a) – MELANI AND WILLIAM SCHULTE CASE – SECOND MORTGAGE, SECURED CLAIM OF  BAC HOME LOANS.** This claim, secured by a second mortgage on the principal residence of Melani and William Schulte, shall be impaired. The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, BAC Home Loans shall have a Deficiency Claim that is in Class 3J, the Class of General Unsecured Creditors for the Melani and William Schulte Case.

. **CLASS 2J(b) – MELANI AND WILLIAM SCHULTE CASE – THIRD MORTGAGE, SECURED CLAIM OF   SYLVESTER & POLEDNAK .** This claim, secured by an encumbrance that is third in priority on the principal residence of Melani and William Schulte, shall be impaired.  The claim shall be modified, as allowed by the Bankruptcy Code, and upon determination of the Bankruptcy Court, to a completely unsecured claim. As such, Sylvester & Polednak shall have a Deficiency Claim that is in

Class 3J, the Class of General Unsecured Creditors for the Melani and William Schulte Case.

**CLASS 2J(c) – MELANI AND WILLIAM SCHULTE CASE – FOURTH MORTGAGE, SECURED CLAIM OF Z'REA LIMITED PARTNERSHIP.** This claim, secured by an an encumbrance that is fourth in priority on the principal residence of Melani and William Schulte, shall be impaired. The claimant is an insider and, therefore, shall not vote on the Plan, and has consented to receive no payments pursuant to the Plan.

**CLASS 3 – GENERAL UNSECURED CLAIMS OF HOT ENDEAVOR.** These claims shall be impaired. Commencing on the first day of the 36th month after the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors of this Class shall share pro rata the distribution.

**CLASS 3A – GENERAL UNSECURED CLAIMS OF 1341 MINUET LLC.** These claims shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors of this Class shall share pro rata the distribution.

**CLASS 3B – GENERAL UNSECURED CLAIMS OF 1708 PLATO PICO LLC.** These claims shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors of this Class shall share pro rata the distribution.

**CLASS 3C – GENERAL UNSECURED CLAIMS OF 2228 WARM WALNUT LLC.** These claims shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors

14

of this Class shall share pro rata the distribution.

**CLASS 3D – GENERAL UNSECURED CLAIMS OF 2704 SATTLEY LLC.** These claims shall be impaired. Commencing on the first day of the 36th month after the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors of this Class shall share pro rata the distribution.

**CLASS 3E – GENERAL UNSECURED CLAIMS OF 5218 MISTY MORNING LLC.** These claims shall be impaired. Commencing on the first day of the 36th month after the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors of this Class shall share pro rata the distribution.

**CLASS 3F – GENERAL UNSECURED CLAIMS OF 9425 VALLEY HILLS LLC.** These claims shall be impaired. Commencing on the first day of the 36th month after the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors of this Class shall share pro rata the distribution.

**CLASS 3G – GENERAL UNSECURED CLAIMS OF 9500 ASPEN GLOW LLC.** These claims shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors of this Class shall share pro rata the distribution.

**CLASS 3H – GENERAL UNSECURED CLAIMS OF CHERISH LLC.** These claims shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months. The Creditors of this Class shall share pro rata the distribution.

**CLASS 3I – GENERAL UNSECURED CLAIMS OF KEEP SAFE LLC.**  These claims shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months.  The Creditors of this Class shall share pro rata the distribution.

**CLASS 3J – GENERAL UNSECURED CLAIMS OF MELANI AND WILLIAM SCHULTE.**  These claims shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $100.00 a month for a period of 36 months.  The Creditors of this Class shall share pro rata the distribution.

**CLASS 3K – GENERAL UNSECURED CLAIMS OF SABRECO, INC.**  These claims shall be impaired. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $285.00 a month for a period of 60 months.  The Creditors of this Class shall share pro rata the distribution.

**CLASS 4 – CONVENIENCE CLASS.**  This claim shall be impaired, and is comprised of all unsecured creditors that have claims of under $1000 and that are claimants in multiple cases. Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $20.00 a month for 36 months.

**UNCLASSIFIED CLAIMANT – PRIORITY TAX CLAIM OF CLARK COUNTY TREASURER.**  This Creditor is unimpaired by operation of law.  The Clark County Treasurer shall be paid in full  Commencing on the Effective Date of the Plan, the Debtor shall make monthly payments of $250.00 a month for a period of 36 months and, if necessary to satisfy the claim in full, subsequent and continuing months until paid in full.

16

**UNCLASSIFIED CLAIMANTS – ADMINISTRATIVE EXPENSE CLAIMS.**   These claimants shall be comprised of the quarterly fees due to the United States Trustee and any fees and costs for Professionals.  The claims of the United States Trustee shall be paid in full on or before the Effective Date of the Plan.   The claims of Professionals shall be paid only upon approval of the Court.

**UNCLASSIFED CLAIMANT – INSIDERS.**  These claimants, SABRECO Benefit Pension Plan and Z-Rae, shall be paid after all other payments under the Plan are may be made in a lump sum payment but shall not be greater, as a percentage of satisfaction, than the satisfaction received by any other unsecured creditor.

<u>**ARTICLE III**</u>
<u>**DEBTOR IN POSSESSION FINANCING**</u>

The nine investment rental property cases (2704 Sattley  LLC; 1341 Minuet LLC; 1708 Plato Pico LLC; 2228 Warm Walnut LLC; 9425 Valley Hills LLC; 9500 Aspen Glow LLC; 5218 Misty Morning LLC; Cherish LLC; and Keep Safe LLC) shall each be self-funded through rental income.

The lone investment commercial property case, Hot Endeavor LLC, shall be funded through re-financing or other third party contributions.  SABRECO, Inc., shall be self-funding, as well as being the source of employment income for William Schulte.

**ARTICLE IV**
**MOTIONS AND OTHER COURT PROCEEDINGS**
**NECESSARY TO EFFECTUATE THE PLAN AND/OR RESOLVE ISSUES;**
**PRESERVATION OF RIGHTS TO CAUSES OF ACTIONS OR CLAIMS**

Any and all causes of action or claims which the Debtor may have that arise under Chapter 5 of the Bankruptcy Code against any third party shall be preserved. Any and all causes of action or claims which the Debtor may have that arise under the Bankruptcy Code or any other law or statute against any third party shall be preserved. Preserved causes of action shall include, but in no way be limited to, any Debtor's pending adversary proceedings and any potential causes of action.

Motions to value property may be necessary, to the extent a secured mortgage holder does not agree to the Debtors' proposed property values. Motions to modify second, and other subordinate, mortgages, will be necessary. Finally, to the extent claims litigation is more appropriate than adversary proceedings, several objections may be forthcoming before 30 days after the Effective Date of the Plan.

**ARTICLE V**
**DISCHARGE OF DEBTOR AND EFFECT OF CONFIRMATION**

Except for individual Debtors (i.e. Melani and William Schulte), and upon confirmation of the Plan the Debtor shall be discharged from any and all obligations, demand or claims of whatever character whether provable, liquidate, fixed or contingent except as provided in this Plan.

On and after the effective date, Debtor may grant, sell and convey any property it may have without order of the Bankruptcy Court upon such terms, subject to the

18

provisions of this Plan and the payment of Plan as provided herein, as it deems reasonable and just and may execute all appropriate documents necessary to grant, sell and convey its property.

## ARTICLE V
## EVENTS OF DEFAULT AND ACCELERATION

**EVENTS OF DEFAULT:** The occurrence of any of the following shall constitute an event of default under the Plan.

**(a) FAILURE TO MAKE PAYMENTS:** Failure on the part of the reorganized debtor to pay fully within thirty (30) days when due and payment required to be made in respect of the Plan Debt on or after the Consummation Date;

**(b) FAILURE TO PERFORM NEGATIVE COVENANTS:** Failure on the part of the debtor to perform or observe any negative term or provision as set forth in Article IV of the Plan, which failure remains uncured for a period of thirty (30) days after notice of such default;

**(c) FAILURE TO PERFORM OTHER TERMS AND PROVISIONS:** Failure on the part of the debtor to perform or observe any other term or provision of the Plan other than those set forth in Paragraphs (a) and (b) above of this section, which failure remains uncured for a period of sixty (60) days after notice of such default;

**(d) VOLUNTARY BANKRUPTCY CASES, ETC.:** Debtor shall generally not pay its debts as they become due or shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or debtor shall commence any case proceeding or other actions seeking to have an order for relief entered on its behalf as debtor or to adjudicate itself as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, liquidation, dissolution or

19

composition of any of its debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of debtor or seeking appointment of a receiver, trustee, custodian or other similar official for it's or for any substantial part of its property;

## ARTICLE VI
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of this case until the last day of the first full fiscal quarter following the quarter in which the Effective Date falls at which time an order of the Bankruptcy Court shall be entered concluding and terminating this case effective on said day unless the debtor or any interested party shall, prior to that date, move the court to retain jurisdiction for a longer period of time.

During such time as the Bankruptcy Court retains jurisdiction, said jurisdiction will be deemed to include jurisdiction to hear and determine all claims against the debtor or the bankruptcy estate and to enforce all causes of action that may be owned by the debtor or the bankruptcy estate and to contest any claims and to hear the objection to any claims posed by the debtor or other interested party.

## ARTICLE VII
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

Objections to Claims must be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made on or before thirty (30) days after the Effective Date. Notwithstanding any other provision of this Plan, proposed distributions to Disputed Claims shall suspended, pending separate order of the Court that distributions shall be made to a disbursing agent and held until the claim has been resolved, and such order shall

20

only be forthcoming if the Court believes the Disputed Claim has a likelihood of being allowed. If a Disputed Claim is allowed, a distribution to that resolved claim shall recommence. Unless otherwise provided in a Final Order of the Bankruptcy Court, any Claim on account of which a proof of claim is required by Bankruptcy Rule 3003(c)(2) and which is filed after the Bar Date shall be deemed disallowed. The holder of a Claim which is disallowed shall not receive any Distribution on account of such Claim. A Debtor may seek an order estimating the amount of any Disputed Claim, pursuant to §502(c) of the Bankruptcy Code, for the purpose of making distributions under this Plan.

## ARTICLE VIII
## MISCELLANEOUS

1.   **HEADINGS:** The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

2.   **NOTICES:** All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be transmitted by facsimile transmission to 1-888-306-7517; and mailed by registered or certified mail, return receipt requested:

A.        If to the Debtor, to David A. Riggi, Esq., 5550 Painted Mirage Road, Suite 120, Las Vegas, NV 89149;

B.        If to a holder of an allowed claim or allowed interest, at the address set forth in its allowed Proof of Claim or proof of interest or, if none, at its' address set forth in the schedule prepared and filed with the Court; and,

C.        Notice to a Debtor shall be deemed given when received. Notice to any holder shall be deemed given when delivered or mailed. Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the person or entity to be charged with the knowledge of such change.

3. **RESERVATION OF RIGHTS:** Neither the filing of this Plan nor the Disclosure Statement, nor any statement or provision contained herein or therein, nor the taking by any creditor of an action with respect to this Plan: (a) Shall be or be deemed an admission against interest; nor, (b) Prior to the Confirmation Date, be or be deemed to be a waiver of any rights which any creditor might have against the debtors or any of their properties specifically reserved. In the event substantial consummation of the Plan does not occur, neither this Plan nor any statement contained herein or in the Disclosure Statement, may be used or relief upon in any manner in any suit, action, proceeding or controversy within or outside of the ____ Case involving Debtor.

4. **PAYMENT OF STATUTORY FEES:** All fees payable pursuant to § 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date.

5. **GOVERNING LAW:** Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada.

6. **SUCCESSORS AND ASSIGNS:** The rights and obligations of any person

22

named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such person.

7. **SEVERABILITY:** Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable law, the Proponents may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

8. **PRESERVATION OF RIGHTS.** Nothwithstanding any provision of this Plan, the Debtors specifically preserve their respective rights to object, complain against, or otherwise affect the claims that are part of this Plan.  A Debtor must commence the exercise of its rights no later than 30 days after the Effective Date of the Plan.

Dated this  29th day of January,  2010.


Respectfully submitted,
*/s/  Melani Schulte*
　　**As** Member of LLC's,
　　　　Officer of SABRECO, and
　　　　Individually
*/s/  William Schulte*
　　**As** Member of LLC's,
　　　　Officer of SABRECO, and
　　　　Individually

*/s/ David A. Riggi*
Attorney for the Debtors in Possession of the
 Schulte-Related-Entities

23