**Entered on Docket
January 21, 2011**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

KEVIN HAHN, #9821
MALCOLM ♦ CISNEROS,
A Law Corporation
608 South 8th Street
Las Vegas, NV 89101
(702) 382-1399 (Telephone)
(949) 252-1032 (FACSIMILE)
Kevin@mclaw.org

Attorneys for Secured Creditor,
JP Morgan Chase Bank, National Association

E-filed January 20, 2011

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MELANI SCHULTE, WILLIAM R. SCHULTE,<br><br>2704 Sattley LLC,<br>Hot Endeavor LLC,<br>Cherish LLC,<br>SABRECO Inc.,<br>Keep Safe LLC<br><br>      Debtors. | Bankruptcy Case No. 09-29123-bam<br><br>Chapter 11<br><br>**STIPULATION AND ORDER RE: DEBTORS' CHAPTER 11 PLAN OF REORGINAZATION BY CHASE BANK.**<br><br>**CONFIRMATION HEARING**:<br>Hearing Date: January 31, 2011<br>Hearing Time 9:30 A.M. |

  This Stipulation is entered into by and between Melani Schulte et al. ("Debtors"), by and through their attorney of record, The Schwartz Law Firm Inc., and JP Morgan Chase Bank, National Association ("Chase"), by and through its attorney of record, Malcolm & Cisneros, and is based upon the following facts:

The Debtor has an interest in real property commonly known as 2460 Avenida Cortes, Henderson, Nevada ("the Property"). Chase holds a first deed of trust in the amount of $68,303.93, as provided in the Proof of Claim filed on November 06, 2009. On or about November 23, 2011, Debtor filed their Amended Plan Number 4.

IT IS HEREBY STIPULATED:

1. Creditor shall have a secured claim in the amount of at least $68,303.93 (the "Secured Claim") to be amortized over thirty (30) years at the interest rate of 5% per annum.

2. Debtors will pay the escrow advance, in the amount of $1,133.03. The escrow advance will be added to the principal secured claim and repaid according to the terms above. The total secured claim, including the escrow advance, is $69,436.96.

3. Debtors shall tender regular monthly mortgage payments of $372.75 due on the first of each month and late as of the sixteenth day of each month to Creditor for the Secured Claim commencing as of March 1, 2011, and continuing until February 1, 2041, when all such outstanding amount under the secured claim are to be paid in full. All payments made under this Stipulation will be credited to the outstanding balance due under the Secured Claim.

4. Debtors shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provide proof of said insurance to Creditor upon request in a timely basis.

5. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6. The terms of this Stipulation may not be modified, altered, or changed by the Debtors' Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of the creditor. The terms of this Stipulation shall be incorporated into the Debtors' Chapter 11 Plan and/or subsequently filed Amended Chapter 11 Plan.

7. In the event the Debtors case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, all terms on Creditor's claim shall revert to the original terms of the Note and Deed of Trust

and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

8.  In the event the Debtors sell the Subject Property prior to completion of the Chapter 11 Plan, Creditor shall be entitled to proceeds from the sale in an amount not less than the outstanding balance owing under the terms of the Note. If the proposed sale amount for the Property is less than the outstanding balance due and owing under the Note, then Creditor's written consent must be obtained.

9.  The valuation of the property is contingent upon Debtors' consummation and completion of their Chapter 11 Plan and Debtors' receipt of a Chapter 11 discharge; and

10. Chase shall retain its lien for the full amount remaining due under the Note in the event the Debtor fails to confirm and complete the Chapter 11 Plan.

11. In exchange for the foregoing, Creditor accepts the Debtors' Plan.

DATED:    January 20, 2011                    DATED:    January 20, 2011

*/s/ Bryan A. Lindsey*                         */s/ Kevin Hahn*
Bryan A. Lindsey                               KEVIN HAHN
Attorney for Debtors                           Attorney for JPMorgan Bank, N.A.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of January 2011, I served a true and correct copy of the foregoing **STIPULATION AND ORDER RE: DEBTORS' CHAPTER 11 PLAN OF REOGANIZATION** by depositing a copy in the United States Mail at Irvine, California, postage fully prepaid, addressed to:

Melani Schulte
William R. Schulte
7201 West Lake Mead BLVD #550
Las Vegas, NV 89128

BRYAN A. LINDSEY
701 E. BRIDGER AVE., STE 120
LAS VEGAS, NV 89101
Email: bryan@schwartzlawyers.com

DAVID A RIGGI
5550 PAINTED MIRAGE ROAD #120
LAS VEGAS, NV 89149
(702) 808-0359
Email: darnvbk@gmail.com

SAMUEL A. SCHWARTZ
701 E. BRIDGER AVENUE, STE 120
LAS VEGAS, NV 89101
(702) 385-5544
Fax : (702) 385-2741
Email: sam@schwartzlawyers.com

STEVEN L. YARMY
1500 E. TROPICANA AVE., STE 103
LAS VEGAS, NV 89119
(702) 586-3513
Fax : (702) 586-3690
Email: sly@stevenyarmylaw.com

U.S. Trustee –LV -11
300 Las Vegas Blvd. S.
Sutie 4300
Las Vegas, NV 89101

                                       */s/ Christie Canales*
                                       CHRISTIE CANALES