NATHAN F. SMITH, #12642
MALCOLM ♦ CISNEROS, A Law Corporation
608 South 8th Street
Las Vegas, NV 89101
Phone: (702) 382-1399
Facsimile: (702) 382-0925
Email: nathan@mclaw.org

Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MELANI SCHULTE and WILLIAM R. SCHULTE,<br><br>Debtors. | Bankruptcy Case No. 09-29123-mkn<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>[5524 Rock Creek Lane, Las Vegas, Nevada 89130]<br><br>Hearing Date: November 15, 2017<br>Hearing Time: 9:30 a.m.<br>Location: Foley Federal Building<br>Courtroom: 2 (3rd Floor) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Fidelity Bank ("Movant"), hereby moves this Court for an order terminating the automatic stay of 11 U.S.C. § 362 as to Movant in the above-entitled and numbers case so that Movant may commence and continue acts necessary to enforce its security interest in real property commonly known as 5524 Rock Creek Lane, Las Vegas, Nevada 89130 ("Property").

1     This Motion is based upon the attached Memorandum of Points and Authorities and the § 362 Information Sheet, filed concurrently herewith, as well as upon the documents filed in support of the Motion.

Dated: October 12, 2017

                                              Respectfully Submitted,
                                              MALCOLM ♦ CISNEROS, A Law Corporation

                                              By: /s/ *Nathan F. Smith*
                                              NATHAN F. SMITH, #12642
                                              Attorney for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTORY STATEMENT

Movant requests that the Court terminate the automatic stay as it relates to Movant's security interest with respect to the real property commonly known as 5524 Rock Creek Lane, Las Vegas, Nevada 89130 ("Property"). Pursuant to Class 2(cc) of Debtors' confirmed chapter 11 plan ("Plan"), the Debtors were to tender monthly mortgage payments to Movant commencing the month following entry of the order confirming Plan, which is March 8, 2011.

Movant submits that 'cause' exists to terminate the automatic stay pursuant to § 362(d)(1), to the extent it remains in effect post-confirmation, based upon the Debtor's default under their Plan due to their failure to maintain the post-confirmation payments owed to Movant. Based upon the foregoing, 'cause' exists to immediately terminate the stay pursuant to 11 U.S.C. § 362(d)(1).

## II.

## STATEMENT OF FACTS

1. **The Secured Debt.** On or about November 17, 1993, Dan Ray Heidemann and Linda Heidemann made and delivered to RSL Mortgage Corp., a Kansas Corporation, a promissory note ("Note") in the original principal amount of $111,508 secured by a Deed of Trust ("DOT") on the Property. True and correct copies of the Note and DOT are attached hereto as exhibits "1" and "2," respectively. On or about August 21, 1996, a Grant Bargain, Sale Deed ("Deed") was recorded transferring the Property to William R. Schulte and Melani Schulte ("Debtors"). On or about September 25, 1996, an Assumption Agreement with Release ("Agreement") was executed by Debtors. True and correct copies of the recorded Deed and Agreement are attached hereto as Exhibits "3" and "4," respectively.

On March 8, 2011, the Court entered an order confirming the Plan. On or about March 5, 2014, Movant and Debtors entered into a post-confirmation stipulation ("Stipulation") modifying the terms of the loan as follows: Secured claim in the amount of $88,138.80 amortized over 30 years at a fixed interest rate of 5.000% interest per annum. The principal and interest payment is $473.15 plus an amount for escrow, which is subject to change. *See* docket entry number 912.

2.  **Service Transfers.**  RSL Mortgage Corp., a Kansas Corporation, initially held interest in the secured obligation. On or about March 1, 1994, an assignment of deed of trust was recorded transferring the secured obligation to Railroad Savings Bank, F.S.B. On or about September 4, 1994, the secured obligation was transferred from Railroad Savings Bank, F.S.B. to Fidelity Bank. True and correct copies of the assignments are attached hereto as Exhibits "5" and "6," respectively.

**The Default under the Note.**  Movant's Note and DOT are contractually due for the August 1, 2017 payment. The Debtors' default, as of October 11, 2017, is $1,852.26. The Debtor is due for the August 1, 2017 post-confirmation mortgage payment.

3.  **The Debtors' Interest in the Property.**  Debtor is the owners of record of the Property.

4.  **The Total Indebtedness under the Note.**  The total indebtedness owed to Movant, under the Note, exclusive of outstanding attorney fees and other miscellaneous costs, and interest that continues to accrue, is as follows:

| | |
|---|---:|
| Principal Balance | $78,547.42 |
| Interest Accrued to 10/11/2017 | $1,110.34 |
| Suspense | ($119.20) |
| **Total** | **$79,538.56** |

5.  **The Total Liens on the Property.**  The Property is encumbered by the following liens:

| <u>SECURED CREDITOR</u> | <u>LIEN AMOUNT</u> |
|---|---:|
| 1. Movant (1st Trust Deed) | $79,538.56 |
| **TOTAL** | **$79,538.56** |

### III.

### THE STAY SHOULD BE IMMEDIATELY TERMINATED PURSUANT TO § 362(d)(1) FOR 'CAUSE'

Pursuant to § 362(d)(1), the court shall grant relief from the automatic stay for "cause." "Cause" as used in § 362(d)(1) is a broad and flexible concept which permits a bankruptcy court, as

a court of equity, to respond to inherently fact-sensitive situations. *See In Re A Partners, LLC*, 344 B.R. 114, 127 (Bankr. E.D. Cal. June 5, 2006) (internal citations omitted).

Movant submits that 'cause' readily exists to immediately terminate the automatic stay based upon the Debtor's breach of their obligations under their Plan, which includes a failure to maintain on-going post-confirmation monthly mortgage payments.

## IV.
## CONCLUSION

Based upon the foregoing, Movant respectfully requests that this Court grant it relief from stay pursuant to § 362(d)(1), including a waiver of the 14-day stay to Federal Rule of Bankruptcy Procedure 4001(a)(3). A Proposed Order is attached hereto as Exhibit "7."

In the alternative, to the extent that the stay of § 362(a) is not in effect, Movant requests an order confirming or authorizing that it may proceed against its collateral due to the Debtor's breach of their Plan.

Dated: October 12, 2017

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

By: /s/ *Nathan. F. Smith*
NATHAN F. SMITH, #12642
Attorneys for Movant