# EXHIBIT "2"

When Recorded, Mail To:

RSL Mortgage Corp.

23332 Mill Creek Drive, Suite 225
Laguna Hills, California 92653

Loan No.            Case No.

[Space Above This Line For Recorder's Use]

245
(6)

VA Form 26-6326 (Home Loan)
Rev. Jun. 1978. Use Optional. Section 1810. Title 38 U.S.C. Acceptable to Federal National Mortgage Association.

**DEED OF TRUST**
With Assignment of Rents

NEVADA

# THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE VETERANS ADMINISTRATION OR ITS AUTHORIZED AGENT.

THIS TRUST DEED, made this 17th day of November, 1993, Between **DAN RAY HEIDEMANN and LINDA HEIDEMANN** husband and wife as community property with rights of survivorship , as TRUSTOR, whose address is 5524 ROCK CREEK LANE, LAS VEGAS, NEVADA 89130
(Street and number) (City) (State) (Zip)

First American Title Insurance Company, a California Corporation , as TRUSTEE, and
RSL Mortgage Corp., a Kansas Corporation , as BENEFICIARY,
WITNESSETH: That Trustor irrevocably GRANTS, TRANSFERS, and ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, and if there be more than one Trustee, THEN in JOINT TENANCY and with LIKE POWER OF SALE, the property in **CLARK** County, Nevada, described as:

LOT FIFTY-ONE (51) IN BLOCK ONE (1) OF COUNTRY LANE ESTATES UNIT NO. 5, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 49 OF PLATS, PAGE 29 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

Deed of Trust Rider consisting of one page attached hereto and made a part hereof.

Together with the improvements thereon and the hereditaments and appurtenances thereunto belonging, and the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power, and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues, and profits; and all fixtures now or hereafter attached to or used in connection with the premises herein described and in addition thereto the following-described household appliances, which are, and shall be deemed to be, fixtures and a part of the realty, and are a portion of the security for the indebtedness herein mentioned:

FOR THE PURPOSE OF SECURING Performance of each agreement of Trustor herein contained and payment of the sum of **One Hundred Eleven Thousand Five Hundred Eight and No/100.....** Dollars ($ 111,508.00), with interest thereon according to the terms of a promissory note, dated 17th day of November , 1993, payable to Beneficary or order and made by Trustor.

1. Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100), whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment due date or thirty days after such prepayment, whichever is earlier.

2. Trustor agrees to pay to Beneficiary as trustee (under the terms of this trust as hereinafter stated) in addition to the monthly payments of principal and interest payable under the terms of said note, on the first day of each month until said note is fully paid, the following sums:

(a) An installment of the ground rents, if any, and of the taxes and special assessments levied or to be levied against the premises covered by this Deed of Trust; and an installment of the premium or premiums that will become due and payable to renew the insurance on the premises covered hereby against loss by fire or such other hazard as may be required by Beneficiary in amounts and in a company or companies satisfactory to Beneficiary; Trustor agreeing to deliver promptly to Beneficiary all bills and notices therefor. Such installments shall be equal respectively to one-twelfth (1/12) of the annual ground rent, in any, plus the estimated premium or premiums for such insurance, and taxes and assessments next due (as estimated by Beneficiary, and of which Trustor is notified) less all installments already paid therefor, divided by the number of months that are to elapse before one month prior to the date when such premium or premiums and taxes and assessments will become delinquent. Beneficiary shall hold such monthly payments in trust to pay such ground rents, premium or premiums, and taxes and special assessments before the same become delinquent.

(b) The aggregate of the amounts p... ...e pursuant to subparagraph (a) and th... ...yable on the note secured hereby, shall be paid in a single payment each month; to be applied to the ...owing items in the order stated
   (I) ground rents, taxes, special assessments, fire and other hazard insurance premiuims;
   (II) interest on the note secured hereby;
   (III) amortization of the principal of said note.
Any deficiency in the amount of any such aggregate monthly payment shall, unless made good prior to the due date of the next such payment, constitute an event of default under this Deed of Trust

3. If the total of the payments made under (a) of paragraph 2 preceding shall exceed the amount of payments ctually made by Beneficiary as trustee for ground rents, taxes or assessments, or insurance premiums, as the ase may be, such excess may be released, applied on any indebtedness secured hereby, or be credited by Beneficiary s trustee on subsequent payments to be made by Trustor for such items. If, however, such monthly payments shall not e sufficient to pay such items when the same shall become due and payable, then Trustor shall pay to Beneficiary as rustee any amount necessary to make up the deficiency within thirty (30) days after written notice from the eneficiary stating the amount of the deficiency, which notice may be given by mail. If at any time Trustor shall ender to Beneficiary, in accordance with the provisions hereof, full payment of the entire indebtedness secured ereby, Beneficiary as trustee shall, in computing the amount of indebtedness, credit to the account of Trustor any redit balance remaining under the provisions of (a) of paragraph 2 hereof. If there shall be a default under any of he provisions of this Deed of Trust and thereafter a sale of the premises in accordance with the provisions hereof, or ' the Beneficiary acquires the property otherwise after default, Beneficiary as trustee shall apply, at the time of the ommencement of such proceedings, or at the time the property is otherwise acquired, the amount then remaining to redit of Trustor under (a) of paragraph 2 preceding, as a credit on the interest accrued and unpaid and the alance to the principal then remaining unpaid on said note.

4. At Beneficiary's option, Trustor will pay a "late charge" not exceeding four per centum (4%) of any installment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling elinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the ndebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper osts and expenses secured thereby.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

5. To protect and preserve said property and to maintain t in good condition and repair.

6. Not to remove or demolish any building or improvement thereon.

7. To complete or restore promptly and in good and workmanlike manner any building or improvement which may be constructed, damaged, or destroyed thereon, and pay when due all costs incurred therefor, and, if the loan ecured hereby or any part thereof is being obtained for he purpose of financing construction of improvements on said property, Trustor further agrees:
   (a) to commence construction promptly and to pursue same with reasonable diligence to completion in accordance with plans and specifications satisfactory to Beneficiary, and
   (b) to allow Beneficiary to inspect said property at all times during construction.

The Trustee, upon presentation to it of an affidavit signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements herein, and to act thereon hereunder.

8. Not to commit or permit waste of said property.

9. To comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting said property.

10. To provide and maintain hazard insurance, of such type or types and amounts as Beneficiary may from time to time require, on the improvements now or hereafter on said premises, and except when payment for all such premiums has heretofore been made under (a) of paragraph 2 hereof, to pay promptly when due any premiums therefor; and to deliver all premiums therefor; and to deliver all policies to Beneficiary, which delivery shall constitute an assignment to Beneficiary of all return premiums.

11. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and should beneficiary or Trustee elect to also appear in or defend any such action or proceeding, to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum incurred by Beneficiary or Trustee.

12. To pay at least 10 days before delinquency all assessments upon water company stock, and all rents, assessments and charges for water, appurtenant to or used in connection with said property; to pay, when due, all encumbrances, charges, and liens with interest, on said property or any part thereof, which at any time appear to be prior or superior hereto; to pay all reasonable costs, fees, and expenses of this Trust.

13. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: Make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon the property for such purposes; commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any encumbrance, charge or lien which reasonably appears to be prior or superior hereto; and in exercising any such powers, incur any liability, expend whatever amounts are reasonably necessary therefor, including cost of evidence of title, and reasonable counsel fees.

14. To pay within 30 days after demand all sums properly expended hereunder by Beneficiary or Trustee, with interest from date of expenditure at the rate provided for in the principal indebtedness, and the repayment thereof shall be secured hereby.

15. Trustor agrees to do all acts and make all payments required of Trustor and of the owner of the property to make said note and this Deed eligible for guaranty or insurance under the provisions of Chapter 37, Title 38, United States Code, and agrees not to do, or cause or suffer to be done, any act which will void such guaranty or insurance during the existence of this Deed.

**It Is Mutually Agreed That:**

16. Should the property or any part thereof be taken or damaged by reason of any public improvement or condemnation proceeding, or damaged by fire, or earthquake or in any other manner, Beneficiary shall be entitled to all compensation, awards, and other payments or relief therefor, and shall be entitled at its option to commence, appear in and prosecute in its own name, any action or proceedings, or to make any compromise or settlement, in connection with such taking or damage. All such compensation, awards, damages, rights of action and proceeds, including the proceeds of any policies of fire and other insurance affecting said property, are hereby assigned to Beneficiary, who may after deducting therefrom all its expenses, including reasonable attorney's fees, apply any moneys so received by it, at its option, either to the restoration of the damaged premises or to the reduction of the indebtedness. Trustor agrees to execute such further assignments of any compensation, award, damages, and rights of action and proceeds as Beneficiary or Trustee may require.

17. That upon the request of the Beneficiary, the Trustor shall execute and deliver a supplemental note or notes for the sum or sums advanced by the Beneficiary for the alteration, modernization, improvement, maintenance, or repair of said premises, or taxes or assessments against the same and for any other purpose authorized hereunder. Said note or notes shall be secured hereby on a parity with and as fully as if the advance evidenced thereby were included in the note first described above. Said supplemental note or notes shall bear interest at the rate provided for in the principal indebtedness and shall be payable in approximately equal monthly payments for such period as may be agreed upon by the creditor and debtor. Failing to agree on the maturity, the whole of the sum or sums so advanced shall be due and payable 30 days after demand by the creditor. In no event shall the maturity extend beyond the ultimate maturity of the note first described above.

18. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

19. That the lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby.

20. Should proceedings be instituted to register title of said property under any Land Title Law, Trustor will pay upon demand all sums expended by Trustee or Beneficiary, including reasonable attorney's fees, and forthwith deliver to Beneficiary all evidence of title.

21. At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this Deed and the note for endorsement (in case of full reconveyance, for cancellation and retention), without affecting the liability of any person for the payment of the indebtedness. Trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this Deed or the lien or charge thereof; (d) reconvey, without warranty, all or any part of the property.

The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee's fees for any of the services mentioned in this paragraph shall not exceed $10.

22. Trustor hereby absolutely and irrevocably assigns to Beneficiary during the continuance of these trusts, all rents, issues, royalties, and profits of the property affected by this Deed and of any personal property located thereon. Until Trustor shall default in the payment of any indebtedness secured hereby or in the performance of any agreement hereunder, Trustor shall have the right to collect all such rents, issues, royalties, and profits earned prior to default as they become due and payable, save and excepting rents, issues, royalties, and profits arising or accruing by reason of any oil, gas, or mineral lease of said property. If Trustor shall default as aforesaid Trustor's right to collect any of such moneys shall cease and Beneficiary shall have the right, without taking possession of the property affected hereby, to collect all rents, royalties, issues, and profits. Failure or discontinuance of Beneficiary at any time, or from time to time to collect any such moneys shall not in any manner affect the subsequent enforcement by Beneficiary of the right, power, and authority to collect the same. Nothing contained herein shall be, or be construed to be, an affirmation by Beneficiary of any tenancy, lease or option, nor an assumption of liability under, nor a subordination of the lien or charge of this Deed to any such tenancy, lease or option.

23. Upon any default by Trustor hereunder, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name, sue for or otherwise collect rents, issues, and profits, including those past due and unpaid, and apply same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.

24. The entering upon and taking possession of said property, the collection of such rents, issues, and profits, or the proceeds of fire and other insurance policies, or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

25. Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default. If Beneficiary desires said property to be sold, it shall deposit with Trustee this Deed of Trust and all promissory notes and documents evidencing expenditures secured hereby, shall deliver to Trustee a written notice of default and of election to cause the property to be sold, in the form required by law, which shall be duly filed for record by Trustee or Beneficiary.

26. (a) After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which such property, if consisting of several known lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at the time and place of sale, and from time to time thereafter may postpone the sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to the purchaser its Deed conveying the property so sold, but without any covenant or warranty, express or implied. That in the event of a sale of the premises conveyed or transferred in trust, or any part thereof, and the execution of a deed or deeds therefor under such trust, the recital therein of default and of recording notice of breach and election of sale, and of the elapsing of the 3-month period, and of the giving of notice of sale, and of a demand by beneficiary, his heirs or assigns, that such sale should be made, shall be conclusive proof of such default, recording, election, elapsing of time, and of the due giving of such notice, and that the sale was regualrly and validly made on due and proper demand by beneficiary, his heirs and assigns; and any such deed or deeds with such recitals therein shall be effectual and conclusive against trustor, his heirs and assigns, and all other persons; and the receipt for the purchase money recited or contained in any deed executed to the purchaser as aforesaid shall be sufficient discharge to such purchaser from all obligation to see to the proper application of the purchase money, according to the trusts aforesaid. To the extent not inconsistent with the above, Covenant No. 8 of NRS Section 107.30 is hereby adopted. Any person, including Trustor, Trustee, or Beneficiary, may purchase at the sale.

(b) When Trustee sells pursuant to the powers herein, Trustee shall apply the proceeds of sale to payment of the expenses of such sale, together with the reasonable expenses of this Trust, including therein reasonable Trustee's fees; and then to the items in subparagraph (c) in the order there stated.

(c) After paying the items specified in subparagraphs (b) if the sale is by Trustee, or the proper court costs if sale is pursuant to judicial foreclosure, the proceeds of sale shall be applied in the order stated to the payment of:

 (1) Cost of any evidence of title procured in connection with such sale and of any revenue stamps;
 (2) all sums expended under the terms hereof, not then repaid, with accrued interest at the rate provided for in the principal indebtedness;

3) all other sums then secured here!;
4) reimbursement of the Veterans Administration for any sums paid by it on account of the guaranty or insurance of the indebtedness secured hereby; and
5) the remainder, if any, to the person or persons legally entitled thereto.

27. The Beneficiary or assigns may, at any time, by instrument in writing, appoint a successor or successors to the Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary, and recorded in the Office of the County Recorder of the County or Counties wherein said property is situated, shall be conclusive proof of the proper substitution of such successor or successors to the trustee, who shall have all the estate, powers, duties and trusts in the premises vested in or conferred on the original Trustee. If there be more than one Trustee, either may act alone and execute the Trusts upon the request of the Beneficiary and his acts shall be deemed to be the acts of all Trustees, and the recital in any conveyance executed by such sole Trustee of such requests shall be conclusive evidence thereof, and of the authority of such sole Trustee to act.

28. (a) The waiver by Trustee or Beneficiary of any default of Trustor under this Deed of Trust shall not be or be deemed to be a waiver of any other or similar defaults subsequently occurring.
(b) The pleading of any statute of limitations as a defense to any and all obligations secured by this Deed is hereby waived, to the full extent permissible by law.
29. (a) In addition to any of the powers or remedies conferred upon the Trustee and the Beneficiary or either of them under this instrument, the Trustee and Beneficiary jointly, or either, may bring an action in the proper court for the foreclosure of this instrument as a mortgage, upon default, and upon proper proof obtain all the remedies in such action that are given by any statute of other law of the State of Nevada.

(b) No power or remedy herein conferred is exclusive of, or shall prejudice any other power or remedy of Trustee or Beneficiary.

THE TITLE "SECRETARY OF VETERANS AFFAIRS" SHALL BE SUBSTITUTED FOR THAT OF "ADMINISTRATOR OF VETERANS AFFAIRS" EACH TIME THAT IT APPEARS IN THIS DOCUMENT PURSUANT TO THE PROVISIONS OF SECTION 2, PUB. L. NO. 100-527, THE DEPARTMENT OF VETERANS AFFAIRS ACT. "DEPARTMENT OF VETERANS AFFAIRS" SHALL BE SUBSTITUTED FOR THAT OF "VETERANS ADMINISTRATION" EACH TIME IT APPEARS IN THIS DOCUMENT.

(c) The exercise of any power or remedy on one or more occasions shall not exclude the future exercise thereof from time to time upon the conditions prescribed herein or by operation of law.

30. If a final decree in favor of plaintif is entered in a suit brought to foreclose this Deed of Trust, it may include a reasonable attorney fee as provided in the note secured hereby, but not in excess of the amount actually paid or unconditionally incurred by the proper plaintiffs.

31. This Deed shall inure to and bind the heirs, legatees, devisees, administrators, executors, sucessors, and assigns of the parties hereto. All obligations of Trustor hereunder are joint and several. The term "Beneficiary" shall mean the owner and holder, including pledgees of the indebtedness secured hereby, whether or not named as Beneficiary herein, and whether by operation of law or otherwise. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

32. Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party, unless brought by Trustee.

33. If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of the parties hereto, and any provisions of this or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations are hereby amended to conform thereto.

34. This Deed shall be construed according to the laws of the State of Nevada.

35. Copy of any notice of default and of any notice of sale hereunder shall be mailed to Trustor at the address hereinbefore set forth.

36. This deed of trust is given to secure the unpaid balance of the purchase price of the property described herein.

Signature of Trustor

_____
DAN RAY HEIDEMANN

_____
LINDA HEIDEMANN

_____

_____

(Copyist will copy) Indexed as Trust Deed and Assignment of Rents

STATE OF NEVADA,       }
                       } ss:
COUNTY OF   CLARK      }

On  NOVEMBER 22, 1993  , before me, a Notary Public, personally appeared
DAN RAY HEIDEMANN and LINDA HEIDEMANN
husband and wife as community   property with rights of survivorship
personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose names are subscribed to this instrument and acknowledged that they executed it.

_____
AMELIA C. FONTE
Name (Typed or Printed)



The land referred to in this report is situated in the
County of CLARK          , and is described as follow:

Lot Fifty-One (51) in Block One (1) of COUNTRY LANE ESTATES UNIT NO. 5 as per recorded in Book 49, Page 29 and as amended by Certificates of Amendment recorded May 24, 1991 in Book 910524 as Document No. 921 and September 8, 1992 in Book 920908 as Document No. 354 in the Office of the County Recorder of Clark County, Nevada.

The land referred to in this report is situated in the
County of CLARK          , and is described as follow:

Lot Fifty-One (51) in Block One (1) of COUNTRY LANE ESTATES UNIT NO. 5 as per recorded in Book 49, Page 29 and as amended by Certificates of Amendment recorded May 24, 1991 in Book 910524 as Document No. 921 and September 8, 1992 in Book 920908 as Document No. 354 in the Office of the County Recorder of Clark County, Nevada.

VA ASSUMPTION POLICY RIDER

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS ASSUMPTION POLICY RIDER is made this 17th day of November, 1993, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, Security Deed, Trust Indenture or Deed to Secure Debt ("Instrument") of the same date herewith, given by the undersigned ("Mortgagor") to secure ("Mortgagor") to secure Mortgagor's Note ("Note") of the same date to

RSL Mortgage Corp., a Kansas Corporation    its successors and assigns

("Mortgagee") and covering the property described in the Instrument and located at:

5524 ROCK CREEK LANE, LAS VEGAS, NEVADA 89130
(Property Address)

Notwithstanding anything to the contrary set forth in the Instrument, Mortgagee and Mortgagor hereby acknowledges and agrees to the following:

**GUARANTY:** Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within 60 days from the date that this loan would normally become eligible for such guaranty committed upon by the Department of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits", the Mortgagee may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other rights hereunder or take any other proper action as by law provided.

**TRANSFER OF THE PROPERTY:** If all or any part of the Property or any interest in it is sold or transferred, this loan may at the option of the holder become immediately due and payable upon transfer ("assumption") of the property securing such loan to any transferee ("assumer"), unless the acceptability of the assumption and transfer of this loan is established by the Department of Veterans Affairs or its authorized agent pursuant to 38 U.S.C. Section 3714.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

(a) **ASSUMPTION FUNDING FEE:** A fee equal to one-half of 1 percent (.50%) of the unpaid principal balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the mortgagee or its authorized agent, as trustee for the Secretary of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the mortgagee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729(c).

(b) **ASSUMPTION PROCESSING CHARGE:** Upon application for approval to allow assumption and transfer of this loan, a processing fee may be charged by the mortgagee or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which 38 U.S.C. Section 3714 applies.

(c) **ASSUMPTION INDEMNITY LIABILITY:** If this obligation is assumed, then the assumer hereby agrees to assume all of the obligation of the veteran under the terms of the instruments creating and securing the loan, including the obligation of the veteran to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty of insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Mortgagor(s) has executed this Assumption Policy Rider.

_____ (Seal)        _____ (Seal)
DAN RAY HEIDEMANN       Mortgagor         LINDA HEIDEMANN         Mortgagor

_____ (Seal)        _____ (Seal)
                        Mortgagor                                 Mortgagor