Vincent J. Aiello, Esq.
Nevada Bar No. 007970
GREENSPOON MARDER, P.A.
3993 Howard Hughes Parkway, Ste 400
Las Vegas, Nevada 86169
Telephone: (702) 978-4255
Facsimile: (954) 333-4285
Email: vincent.aiello@gmlaw.com

*Attorneys for Creditor Selene Finance LP*
*as servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 09-29123-mkn |
| | ) |
| MELANI SCHULTE<br>WILLIAM R. SCHULTE | ) Chapter 11 |
| Debtors. | ) |

**SELENE FINANCE LP'S EX PARTE APPLICATION FOR AN ORDER CONFIRMING THE ABSENCE OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(c)(1), 362 (c)(2)(C) and 362(j)**

Selene Finance LP as servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust**.** ("Secured Creditor" herein), requests from this Court an Order Confirming that the Automatic Stay of 11 U.S.C § 362 has terminated with respect to the Debtors due to confirmation of the Debtors' plan

1

and their subsequent discharge. This application is supported by the following Memorandum of Points and Authorities.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § I 57(b)(2). The statutory predicates for the relief sought herein is Sections 361 and 362 of the Code and Rule 4001 of the Bankruptcy Rules. Venue is proper in this Court pursuant to 28 U.S.C. §§1432 and/or 1473.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about October 11, 2009 (hereinafter referred to as the "Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $138,700.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to enforce the Note.

3. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

4. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a true and correct copy is attached hereto as Exhibit "C".

5. Selene Finance LP, services the underlying mortgage loan and note for the property referenced in the Motion for Selene Finance LP as servicer for Wilmington Savings

2

Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust. In the event the automatic stay in this case is modified, not in effect, this case dismisses, and/or the Debtor(s) obtain a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of:    Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust. Secured Creditor, directly or through an agent, has possession of the promissory note. The note is either made payable to Secured Creditor or has been duly endorsed. Secured creditor is the Original mortgagee or beneficiary or the assignee of the Mortgage.

6. The description of the Property is set forth in the Mortgage, a copy of which is attached hereto, and such description is incorporated and made a part hereof by reference.

DESCRIPTION
PARCEL ONE (1):
LOT FORTY SIX (46) IN BLOCK "C" IN LAS COLINAS AS SHOWN BY MAP THEREOF ON FILE IN BOOK 47 OF PLATS, PAGE 61, AND AS AMENDED BY THAT CERTAIN CERTICATE OF AMENDMENT RECORDED JANUARY 04, 1991 AS DOCUMENT  NO. 00924 IN BOOK 910104 OF THE OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.
PARCEL TWO (2):
A NON-EXCLUSIVE RIGHT AND EASEMENT OF ENJOYMENT N AND TO THE ASSOCIATION PROPERTY AS SHOWN ON THE AMENDED PLAT OF SUMMERLIN VILLAGE  I NORTH, AS SHOWN BY MAP ETHEREOF ON FILE IN BOOK 45 OF PLATS, PAGE 10, AND BY THE MAP OF LOS COLINAS, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 47 OF PLATS, PAGE 61 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, AND AS SET FORTH IN THAT CERTAIN "MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR SUMMERLIN COUMMINTY ASSOCIATION" RECORDED SETPEMBER 25, 1990 IN BOOK 900925 OF OFFICIAL RECORDS AS DOCUMENT NO. 01274.
PARCEL III (3)
A NON-EXCLUSIVE EASEMENT FOR VEHICULAR AND PEDESTRIAN TRIAFFIC OVER ALL STREETS AND WALKWAYS WITHIN THE ASSOCIATION PROPERTY DESCRIBED IN PARCEL II ABOVE AND SAID EASEMENT BEING APPURTENANT TO PARCEL 1 ABOVE.

**Address commonly known as** 9521 Sierra Summit Ave, Las Vegas, Nevada 89134 ("Property" herein).

7. Section 6.05 of the confirmed Plan specifically vested all property of the estate in the Debtors on March 8, 2011, the date it was confirmed. [DE # 834].

8. The Debtors thereafter received their discharge on December 15, 2015. [DE # 1182].

9. Secured Creditor requests that the Court enter an Order confirming that no automatic stay affecting Secured Creditor is currently in effect with respect to the Debtors or the in estate.

9. Under 11 U.S.C. § 362(c)(1):

*"the stay of an act against property of the estate under subsection (a) continues until such property is no longer property of the estate"*.

10. Under 11 U.S.C. § 3(c)(2):

*"the stay of any other act under subsection (a) of this section continues until the earliest of...*

*(C) if the case is a case under chapter 7 of this title concerning an individual or a case under 9, **11**, 12, or 13the time **a discharge** is granted or denied"*.

11. Under 11 U.S.C. § 362 (j):

*"On request of a party in interest the court shall issue an order under subsection (c) confirming that the automatic stay has terminated."*

12. Pursuant to the above provisions of the Bankruptcy Code, Secured Creditor requests an order confirming that the Automatic Stay has terminated and that Secured Creditor may proceed with the collection on the note and enforcement of its security interest including foreclosure proceedings over the subject property.

4

WHEREFORE, Secured Creditor, respectfully requests this Court enters an Order confirming that the Automatic Stay terminated with respect to the Secured Creditor and the subject property described in this application.

Dated: March 14, 2018          Respectfully Submitted,

By:  /s/ Vincent Aiello, Esq.
         Mr. Vincent Aiello