1  CHRISTOPHER P. BURKE, ESQ.
   Nevada Bar No.: 004093
2  *atty@cburke.lvcoxmail.com*
   218 S. Maryland Pkwy.
3  Las Vegas, Nevada 89101
   (702) 385-7987
4  Proposed Attorney for Debtor

*ECF Filed On* **7/24/20**

5

6  **UNITED STATES BANKRUPTCY COURT**
   **DISTRICT OF NEVADA**

7

8  In Re:                                          Case No. 09-29123-MKN

9  MELANI SCHULTE and                              Chapter 11
   WILLIAM R. SCHULTE, (Deceased)
   5218 MISTY MORNING LLC,
10 HOT ENDEAVOR LLC, 2704 SATTLEY
   LLC, 1341 MINUET LLC, 1708 PLATO
11 PICO LLC, 2228 WARM WALNUT LLC,
   9425 VALLEY HILLS LLC, 9500
12 ASPEN GLOW LLC, CHERISH LLC,
   SABRECO INC., AND KEEP SAFE LLC,
13
                                                   Date: August 26, 2020
14            Debtors.                             Time: 9:30 a.m.

15

16 **APPLICATION TO EMPLOY LAW FIRM AS ATTORNEY FOR DEBTOR IN**
   **POSSESSION**

17      Melani  Schulte, the Debtor in Possession ("Debtor" or "Applicant"), through

18 Debtors attorney Christopher P. Burke, Esq., hereby applies for an order authorizing the

19 employment of Christopher P. Burke, Esq., ("Attorney") and The Law Office of Christopher

20 P. Burke (the "Law Firm," which reference(s) to shall include Attorney, members,

21 associates, and employees thereof) as attorney for the Debtors in this Chapter 11 case to

22 pursue potential claims by motions for contempt for violations of the stay, discharge, order

23 confirming plan and/or order modifying mortgages. In support of this Application, the

24 Debtor show and represents as follows:

25             **1. Jurisdiction and Law**

26      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334. This

27

28                                          1

1   is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C.

2   §§1408 and 1409. This Application is made pursuant to 11 U.S.C. §327(a) and in

3   consideration of the provision of 11 U.S.C. §101(14), 327-329, the Federal Rules of

4   Bankruptcy Procedure (Bankruptcy Rules) 2014, 2016, 5002, 9034, the Local Bankruptcy

5   Rules of the United States District Court, District of Nevada (Local Rules), and the Region

6   17 United States Trustee Guidelines (Trustee Guidelines), as each may apply.

### 2. Background

8   On October 11, 2009, Debtor filed a voluntary petition for relief under Chapter 11 of

9   the Bankruptcy Code. Debtor had numerous pieces of real estate included in her filing.

10  Debtor successfully modified many of the mortgages on her properties. Debtors chapter 11

11  plan was confirmed on March 8, 2011 (Dkt.#912). Debtors case is currently open and she

12  is in need of counsel to investigate whether her court ordered and approved modified

13  mortgages were complied with by various creditors. Debtor have remained in possession

14  of its assets and was now operating as a debtor in possession pursuant to §§1107(a) and

15  1108 of the Bankruptcy Code. No trustee, examiner, or creditors committee had been

16  appointed during the case. Debtor have retained Law Firm to represent it in carrying out

17  the task of investigating the mortgage and in bringing potential actions under the

18  Bankruptcy Code against those that have failed to abide by the court orders.

### 3. Scope of Employment

20  **3.1. Necessity of Employment and Scope of Services.** Subject to the terms

21  upon which the Law Firm has agreed to represent Debtor, it is necessary for Debtor to

22  employ Law Firm to perform the following contemplated services which may include but

23  are not limited to:

24  **(1)** advising and representing Debtor in connection with investigation of potential causes

25  of action or claims against persons or entities, including, but not limited to filing motions

26  for contempt for violation of the stay, discharge, confirmed plan and/or order modifying

27  mortgages and the litigation thereof if warranted;

28

2

1  **(2)** representing Debtor in any proceeding or hearing in the Bankruptcy Court, and in any

2  action in order courts in which the rights of the estate regarding the modified mortgages

3  may be litigated or affected;

4  **(3)** providing to the Debtor other necessary advice and services as the Debtor may require

5  in connection with the potential motions filed in this Chapter 11 case.

6  **3.2. Reason for Selecting Law Firm and Qualifications.** Debtor has chosen

7  representation by Law Firm because of Law Firm's familiarity with bankruptcy practice and

8  proceedings. Attorney is admitted to the bar of the State of Nevada, the U.S. District Court

9  of Nevada, and is the principal of the Law Firm. The Law Firm is located in Las Vegas,

10  Nevada. Attorney is an experienced attorney who has experience representing numerous

11  debtors under Chapter 7, 13, and 11 of the Bankruptcy Code, and in other bankruptcy

12  matters. These include potential motions for contempt for various violations of the

13  automatic stay, discharge injunction, confirmed plan and/or order modifying mortgage.

14  **4. Terms of Employment**

15  **4.1. Agreement and Retainer**. Law Firm has not received a retainer from the Debtor

16  regarding the services to be performed in connection with this case. The Debtor will not pay

17  any compensation to the Law Firm.[1] Thus, :

18      1. Retainer Amount $0
    2. Retainer Payments:$0

19

20  Law Firm reserves the right to seek compensation for all costs and expenses for work

21  performed against any creditor if found to be in contempt in accordance with applicable

22  provisions of the Bankruptcy Code, Bankruptcy Rules, Trustee Guidelines, and Orders of

23  the Court. Prior to receipt, application to the Court shall be made by Law Firm for any post-

24  petition contempt compensation or expenses.

25

26  1. The exception would be if Debtor fires attorney after he has began work on a motion for

27  contempt. At that point, Debtor agrees to compensate the Law Firm at $595/hr. for any and all work done to that date.

28  3

1    **4.1.1 Use of Retainer**. The retainer has been drawn upon for the following
2    purposes:

3        **1.** The retainer shall remain held in trust until Court approval of any interim or final
4    fee applications by Law Firm.

5    **4.2. Expenses.** Law Firm will be reimbursed by Debtor for all customary support services
6    and expenses incurred with respect to the representation.

7    **4.3. Professional and Paraprofessional Compensation.** Hourly rates for services
8    rendered are:

9    $595 per hour for Attorney's services,

10   $125 per hour for paraprofessional(s)

11                        **5. Pre-Petition Employment**

12       Other than as described in §6.1.2(1) below, no pre-petition services or bankruptcy-
13   related services have been performed on behalf of Debtor in conjunction with her chapter
14   11 case, plan confirmation or discharge.

15                        **6. Professional Disclosure**

16   **6.1.Disinterestedness and Connections of Attorney and Law Firm**. To the best of
17   Applicant's knowledge.

18       **6.1.1. Bankruptcy Rule 2014 Disinterestedness**. Both the Attorney and Law
19   Firm are disinterested persons, as that term is defined under the 11 U.S.C. §101(14), and do
20   not hold or represent an interest adverse to the bankruptcy estate with respect to the matter
21   on which they are to be employed.

22       **6.1.2. Bankruptcy Rule 2014 Connections**. To the best of Applicant's
23   knowledge, the Law Firm (including the Attorney) have the following connections with the
24   Debtor, its creditors, other parties in interest, their respective attorneys and accountants,
25   the United States Trustee, and persons employed in the Office of the United States Trustee:

26           **(1) The Debtor**. Other than present-case services, Law Firm represents or
27           has represented Debtor in the following matters:

28                                          4

1. None.

**(2) Creditors of the Debtor.** Attorney and Law Firm have no connections with the creditors of the Debtor.

**(3) Other Parties in Interest.** Attorney and Law Firm have no connections with any other parties in interest in this case.

**(4) Attorneys and Accountants.** Attorney and Law Firm have no connections with the attorneys or accountants of creditors, the Debtor (excluding the Law Firm), or any other party in interest.

**(5) United States Trustee.** Although the Attorney is a chapter 7 Trustee in Reno, neither he nor the Law Firm have any other connection with the United States Trustee or any person employed in the Office of the United States Trustee.

**6.2. Bankruptcy Rule 5002(a) Compliance.** Neither Attorney nor any members, associates, or employees of the Law Firm are relatives of any of the United States Bankruptcy Judges serving in the United States Bankruptcy Court, District of Nevada, which judges are making appointments or approving employment of professional persons in the above-captioned case, as the term "relative" is defined under 11 U.S.C. §104(45).

**6.3. Continuing Duty of Disclosure**. Applicant understands that there is a continuing duty to disclose any adverse interest that may arise or be discovered during the course of this case. Periodic review will be conducted to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, supplemental information shall be provided to the court.

### 7. Verified Statement of Attorney

This Application is accompanied by Exhibit 1, a Verified Statement by Attorney showing compliance by Attorney and Law Firm with the requirements of 11 U.S.C. §§101(14), 327-329 and Bankruptcy Rules 2014, 2016, 5002, as each may apply.

**8. Miscellaneous**

**Bankruptcy Rule 9034 Compliance.** Copies of the paper(s) filed in this matter have been contemporaneously transmitted to the Office of the United States Trustee.

WHEREFORE, Debtor respectfully requests this Court enter an Order:

1. Approving the employment and application of Christopher P. Burke, Esq. and The Law Office of Christopher P. Burke, Esq. as attorney for Debtor in this case effective to the date filed.

Dated, this 24th day of July, 2020

_____
Melani  Schulte

6

1  CHRISTOPHER P. BURKE, ESQ.
   Nevada Bar No.: 004093
2  *atty@cburke.lvcoxmail.com*
   218 S. Maryland Pkwy.
3  Las Vegas, Nevada 89101
   (702) 385-7987
4  Proposed Attorney for Debtor

5

6                    **UNITED STATES BANKRUPTCY COURT**
                          **DISTRICT OF NEVADA**

7

8  In Re:                                    Case No. 09-29123-MKN

9  MELANI SCHULTE and                        Chapter 11
   WILLIAM R. SCHULTE, (Deceased)
   5218 MISTY MORNING LLC,
10 HOT ENDEAVOR LLC, 2704 SATTLEY
   LLC, 1341 MINUET LLC, 1708 PLATO
11 PICO LLC, 2228 WARM WALNUT LLC,
   9425 VALLEY HILLS LLC, 9500
12 ASPEN GLOW LLC, CHERISH LLC,
   SABRECO INC., AND KEEP SAFE LLC,
13
                   Debtors.
14

15     **VERIFIED STATEMENT/DECLARATION OF PROFESSIONAL IN SUPPORT**
16            **OF APPLICATION TO EMPLOY ATTORNEY**

17         Christopher P. Burke, Esq., being first duly sworn, states:

18         1.    I am an attorney and counselor at law, admitted to practice in the court of the

19 State of Nevada and in the above-captioned Court.

20         2.    I am an attorney in the law firm of Christopher P. Burke, Esq., which

21 maintains an office for the practice of law at 218 S. Maryland Parrkway, Las Vegas, Nevada

22 89101.

23         3.    Neither I nor any of the partners or employees of Christopher P. Burke, Esq.,

24 are relatives of the United States Bankruptcy Judges serving in the United States

25 Bankruptcy Court for the District of Nevada, which Judges are making appointments or

26 approving employment of professional persons in the above-captioned Court, as the term

27 "relative" is defined in 11 U.S.C. Section 101(39). Bankruptcy Rule 5002(a). Furthermore,

28 to the best of my knowledge, neither I nor any member of my firm is related to a bankruptcy

                                            1

1  judge or any employee of the Office of the United States Trustee. Pursuant to Rule 2014(a),

2  to the best of my knowledge and belief, **NEITHER I NOR ANY MEMBER OF MY**

3  **FIRM HAVE ANY CONNECTIONS WITH THE DEBTOR, CREDITORS, ANY**

4  **PARTIES OF INTEREST, THEIR RESPECTIVE ATTORNEYS AND**

5  **ACCOUNTANTS, THE UNITED STATES TRUSTEE, OR ANY PERSON**

6  **EMPLOYED IN THE OFFICE OF THE UNITED STATES TRUSTEE** . (Bankruptcy

7  rule 2014(a); Guidelines Section 2.1.4).

8      4.      Christopher P. Burke, Esq., with exception of being a chapter 7 panel Trustee

9  in Reno, has no connection with the United States Trustee, the Debtor, creditors or any

10  other party in interest, or their respective attorneys and accountants, and represents no

11  interest that is adverse to the Debtor, or to the Estate, in matters upon which it will be

12  engaged as counsel, except as otherwise disclosed in the Application.

13      5.      To the best knowledge of Affiant, the law firm of Christopher P. Burke, Esq.,

14  does not hold or represent an interest adverse to the above-captioned estate, and the law

15  firm of Christopher P. Burke, Esq., is a "disinterested person/entity" within the meaning

16  of the United States Bankruptcy Code. 11 U.S.C. Section 327 (a); "Guidelines" Section 2.1.4.

17      6.      The law firm of Christopher P. Burke, Esq., has not provided pre-petition

18  services to the Debtor except for meeting with the debtor's representative, and speaking

19  with the debtor's prior bankruptcy counsel and negotiating with creditors in an effort to

20  resolve this matter outside of bankruptcy.

21      7.      The law firm of Christopher P. Burke, Esq., has not received a retainer in this

22  case. The source of any such future compensation or attorney fees will be sought against any

23  creditor that may have violated a court order via 11 U.S.C. §105 or 362(k). Such attorneys

24  fees will be requested by motion. However, necessary costs will be paid by the Debtor as

25  needed. 11 U.S.C. §329(a); "Guidelines" Section 2.1.4.

26      8.      To the best knowledge of Affiant, except as otherwise disclosed herein or in

27  the Application for Employment, the law firm of Christopher P. Burke, Esq., has no

28  connections with the Debtor, creditors or any other party in interest, or their respective

attorneys and accountants with respect to the scope of services to be rendered by Christopher P. Burke, Esq., for services rendered or to be rendered in any capacity whatsoever in connection with the above-captioned case, and no agreement or understanding exists between the law firm of Christopher P. Burke, Esq., and any other person or entity for the sharing of compensation to be received for services rendered in connection with the above-captioned case, nor shall the law firm of Christopher P. Burke, Esq., agree to share in the compensation of any other person rendering services in connection with the above captioned case. Bankruptcy Rule 2016(a); "Guidelines" Section 2.1.4.

DATED this 24th day of July, 2020

*/s/ Christopher P. Burke, Esq.*
Christopher P. Burke, Esq.
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987

3

1

2

3

4

5

6

7

8    CHRISTOPHER P. BURKE, ESQ.
     Nevada Bar No.: 004093
9    *atty@cburke.lvcoxmail.com*
     218 S. Maryland Pkwy.
10   Las Vegas, Nevada 89101
     (702) 385-7987
11   Proposed Attorney for Debtor

12

13                    **UNITED STATES BANKRUPTCY COURT**
                             **DISTRICT OF NEVADA**

14

     In Re:                                    Case No. 09-29123-MKN
15
     MELANI SCHULTE and                        Chapter 11
16   WILLIAM R. SCHULTE, (Deceased)
     5218 MISTY MORNING LLC,
17   HOT ENDEAVOR LLC, 2704 SATTLEY
     LLC, 1341 MINUET LLC, 1708 PLATO
18   PICO LLC, 2228 WARM WALNUT LLC,
     9425 VALLEY HILLS LLC, 9500
19   ASPEN GLOW LLC, CHERISH LLC,
     SABRECO INC., AND KEEP SAFE LLC,
20
                    Debtors.                    Date:
21                                              Time:

22

23   **ORDER GRANTING APPLICATION TO EMPLOY LAW FIRM AS ATTORNEY
              FOR DEBTOR IN POSSESSION**

24          Upon the application of the Debtor, Melani Schulte praying for authority to employ

25   and appoint the law firm of Christopher P. Burke, Esq., as counsel to represent the Debtor,

26   from the date of filing the Petition, in the above-captioned matter under a general retainer

27   with regards to the administration of the Chapter 11 proceeding;

28

                                           1

1

2      It appearing that the required notice of said Application has been given to all parties

3   in interest and a hearing on the Application having been held on August 26, 2020, at the

4   hour of 9:30 a.m.; it further appearing that Christopher P. Burke, Esq., is a lawyers duly

5   licensed in the State of Nevada, the Court being satisfied that Christopher P. Burke, Esq.,

6   represent no interest adverse to said bankruptcy estate or interested parties in the matters

7   upon which Christopher P. Burke, Esq., is necessary and would be to the best interest of the

8   estate, and for the reasons stated orally and recorded in open court that shall constitute the

9   decision of the Court pursuant to Rule 7052 of the Federal Rules of Civil Bankruptcy

10  Procedure, and good cause appearing, it is hereby:

11      **ORDERED** that the Application to Employ Attorney is GRANTED, and that the

12  Debtor is authorized to employ and appoint the Law Firm of Christopher P. Burke, Esq., as

13  Debtor's counsel to represent the Debtor in any and all bankruptcy matters related to the

14  filing of motions for contempt for any potential violation of the stay, discharge, confirmed

15  plan and/or order modifying mortgages, as set forth in the Application.

16      IT IS SO ORDERED.

17

18  Respectfully submitted by:

19  */s/ Christopher P. Burke, Esq.*
20  Christopher P. Burke, Esq.

21                                    ###

22

23

24

25

26

27

28

2