CHRISTOPHER P. BURKE, ESQ.  
Nevada Bar No.: 004093  
*atty@cburke.lvcoxmail.com*  
218 S. Maryland Pkwy.  
Las Vegas, Nevada 89101  
(702) 385-7987  
Attorney for Debtor  
for Limited Purpose

*ECF Filed On* **10/19/20**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>MELANI SCHULTE and<br>WILLIAM R. SCHULTE,<br>5218 MISTY MORNING LLC,<br>HOT ENDEAVOR LLC, 2704 SATTLEY LLC, 1341 MINUET LLC, 1708 PLATO PICO LLC, 2228 WARM WALNUT LLC, 9425 VALLEY HILLS LLC, 9500 ASPEN GLOW LLC, CHERISH LLC, SABRECO INC., AND KEEP SAFE LLC,<br><br>Debtors. | Case No. 09-29123-MKN<br><br>Chapter 11<br><br><br><br><br><br><br><br><br><br>Date: November 18, 2020<br>Time: 9:30 a.m. |

**REPLY TO RESPONSE TO DEBTOR'S AMENDED MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION, FAILING TO COMPLY WITH A COURT ORDER AND THE CONFIRMED PLAN AND FOR DAMAGES INCLUDING ATTORNEYS FEES AGAINST CREDITOR, CITI MORTGAGE INC.**

COMES NOW, Debtor, Melani Schulte ("Mrs. Schulte" or "Debtor"), in Reply to Rushmore's Response to Debtor's Amended Motion for Contempt for Violation of the Automatic Stay and Discharge Injunction and Failure to Comply with A Court Order and the Confirmed Plan and for Damages including Attorneys Fees against

1

Creditor, Citi Mortgage Inc. ("Citi") for the property located at 9500 Aspen Glow Drive, Las Vegas Nevada 89134 ("Aspen Glow Dr.").

# I
# Argument

Citi's opposition consists of a lot of case law, but no real substance and in the end only makes three points. First, that Schulte has been receiving correct statements the last 12 months. Second, that Schulte has missed payments on the loan during the last decade. And third, Schulte has filed other bankruptcies. As shown below, none of these make a difference.

**1. Citi's statements were incorrect for years**

To begin with, Citi confusingly and repeatedly states that Schulte's *allegedly* received statements.[1] Obviously, if Citi did not send these statements, that happen to contain its logo, address and phone number, it should be stating what actions it is taking to combat this fraud it has experienced. Instead, Citi's opposition changes gears and spends much of its brief discussing those *alleged* statements. Next, Rushmore proudly states Schulte has received correct statements for the past twelve (12) months (Opp. p.6, ln.24-27; p.9, ln.18-20 and p.10, ln.23-24). However, these statements are from another servicer, Cenlar *not* Citi. So why is Citi touting what another servicer has done? Clearly, to deflect from what it has failed to do, i.e. provide correct statements for years.

---

1. Opp. p.11, ln.14, p.15, ln.10, 11, 16, 17

**2. Whether Schulte missed payments does not obviate Citi's need to send correct statements**

Also, even if Schulte missed some payments over the last decade on Aspen Glow, that does not negate Citi putting the incorrect monthly payment and interest rate on statements to her for almost a decade .

**3. Other bankruptcies irrelevant**

In addition, Schulte has not filed any other *personal* bankruptcy case since this case. The fact that she has some companies that have filed bankruptcy is not relevant to her personal bankruptcy. Besides, Citi was sending Schulte incorrect statements even during the 2018 Schulte Properties LLC Chapter 11 bankruptcy (Bk No. 18-12734-MKN) until its bankruptcy attorney in that case complained and Cenlar corrected it.

**4. Citi should be held in contempt for its failure to abide by Schulte's confirmed plan.**

Finally, it is generally accepted that provisions of a confirmed plan may support a finding of contempt. See *In re Deed-Note Traders, L.L.C.*, 2018 WL 1354328 at *9 (9th Cir. BAP March 14, 2018)("The bankruptcy court has the authority to hold a party in contempt for violating a court order such as the Second Confirmation Order, and impose civil contempt sanctions under §105(a)").In fact, a creditor cannot utilize its accounting procedures to contravene the terms of a confirmed chapter 13 plan and the Bankruptcy Code. *In re Rathe*, 114 BR 253, 257 (Bankr. D. Id. 1990). The same should hold true for a chapter 11 confirmed plan.

3

Here, Citi should be held in contempt for violating Schulte's confirmed plan.

## IV
## Conclusion

Citi's opposition does *nothing* to combat the *fact* that for years it failed to correct its monthly mortgage statements to conform to Schulte's confirmed plan in relation to her monthly mortgage payment and interest rate. That another servicer corrected the statements years later is of no moment. Therefore, Citi violated the stay, discharge injunction and the confirmed plan. A separate hearing for potential damages should be set.

DATED this 19th day of October, 2020.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987


## CERTIFICATE OF SERVICE

I hereby certify that the 19th day of October, 2019, I caused the above and foregoing REPLY TO RESPONSE TO DEBTOR'S AMENDED MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION, FAILING TO COMPLY WITH A COURT ORDER AND THE CONFIRMED PLAN AND FOR DAMAGES INCLUDING ATTORNEYS FEES AGAINST CREDITOR, CITI MORTGAGE INC. to be sent by electronic notice through the Court's ECF program and or depositing same in the United States Mail, first class, postage prepaid, in a securely sealed envelope and addressed to the last known address of the following:

EDDIE R. JIMENEZ
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933


/S/ Adriana Pelayo
Employee of
Christopher P. Burke, Esq.