EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Shellpoint Mortgage Servicing

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: MELANI SCHULTE and WILLIAM SCHULTE, | Case No.: 09-29123-BAM |
| | Chapter 11 |
| | Jointly Administered with: |
| 2704 SATTLEY LLC, HOT ENDEAVOR LLC, 1341 MINUET LLC, 1708 PLATO PICO LLC, 2228 WARM WALNUT LLC, 9425 VALLEY HILLS LLC, 9500 ASPEN GLOW LLC, 5218 MISTY MORNING LLC, CHERISH LLC, SABRECO Inc., KEEP SAFE LLC | 09-27238-BAM 09-27909-BAM 09-27910-BAM 09-27911-BAM 09-27912-BAM 09-27913-BAM 09-27914-BAM 09-27916-BAM 09-28513-BAM 09-31584-BAM 09-31585-BAM |
| | **DECLARATION OF SHELLPOINT MORTGAGE SERVICING IN SUPPORT OF RESPONSE TO DEBTOR'S MOTION FOR CONTEMPT** |

I, Daniella Banks, declare:

    1.    I am over 18 years of age and am authorized as a bankruptcy manager by Shellpoint Mortgage Servicing ("Shellpoint") to make this declaration regarding the loan described below (the "Subject Loan" or "Account"). If called to testify in this matter, I would testify under oath as to the following:

- 1 -
DECLARATION OF SHELLPOINT MORTGAGE SERVICING

EXHIBIT A

2.      In such capacity, I have access to the books and records regarding the Subject Loan, including the servicing records and copies of the applicable Subject Loan documents. I have personally reviewed these records as they relate to the Subject Loan and provide the herein testimony based on knowledge I have gained from the records.

3.      I have personal knowledge regarding the manner in which these business records are created, kept, and maintained. The records, including computer records relating to the servicing of the Subject Loan, are made at or near the time of the occurrence of the matters set forth in such records, by a representative with knowledge of the acts or events recorded. Such records are obtained, kept, and maintained in the regular course of business. Shellpoint relies on such records in the ordinary course of its business. The testimony provided herein is based on the business records regarding the Subject Loan and the knowledge I have gained from my review of these business records.

4.      According to the aforementioned books and records, the Subject Loan is evidenced by a promissory note executed by Melani Schulte ("Debtor") in the principal sum of $167,000.00 (the "Note"). The Note reflects it was specially indorsed to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2004-28CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-28CB ("Creditor").

5.      According to the aforementioned books and records, the Note is secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 1392 Echo Falls Ave, Las Vegas, NV 89123 ("Property"). The Deed of Trust was assigned to Creditor. The Note and Deed of Trust are correctly referenced as the "Subject Loan."

6.      Pursuant to the terms of the Deed of Trust, Debtor is required to maintain real property taxes and hazard insurance for the Property, and Shellpoint is entitled to pay taxes/insurance on the Debtor's behalf and set up an escrow impound to seek recovery of any advances paid by Shellpoint.

7.      On or about August 17, 2015, Shellpoint acquired servicing rights to the Subject Loan. Shellpoint is the authorized servicer of the Subject Loan on behalf of Creditor.

EXHIBIT A

8.      At the time of acquisition, the Subject Loan reflected a default.

9.      Shellpoint's system reflects the modification of the Subject Loan in the Debtor's Confirmed Plan. Specifically, Shellpoint's records reflected a secured claim of $132,000.00 amortized over thirty (30) years at 5.00% interest per annum with principal and interest payments of $708.60 per month commencing April 1, 2011 and continuing until March 1, 2041. Shellpoint verified completion of system updates to reflect the terms of the Confirmed Plan and completed multiple audits to verify its compliance with the Confirmed Plan.

10.     Following entry of the Confirmed Plan, Shellpoint advanced funds for taxes and/or insurance for the Property, resulting in an escrow impound on the Subject Loan.

11.     The Subject Loan reflects a default based on the Debtor's failure to make all required Principal, Interest, and Escrow Payments under the Confirmed Plan and Subject Loan documents.

12.     Statements or correspondence sent by Shellpoint to the Debtor following entry of the Confirmed Plan or Discharge Order were: (i) for informational purposes only based on the Debtor's default under the Confirmed Plan, (ii) not sent with an intention to collect a debt from the Debtor personally, but rather to enforce rights as to the Property; and/or (iii) sent to assist the Debtor with potential loss mitigation.

13.     Monthly statements sent by Shellpoint to the Debtor reflected the terms of the Confirmed Plan, including the correct principal balance, interest rate (5.00%), and Principal and Interest Payment ($708.60), and in some instances, an escrow payment for taxes/insurance advances made by Shellpoint on the Debtors' behalf.

14.     As of May 11, 2021, the unpaid principal balance totals $122,615.59.

15.     As of May 11, 2021, the past due payments on the Subject Loan total $53,912.40, with a current due date of September 1, 2015. This amount excludes corporate advances, late fees, attorneys' fees, and other charge which may be contractually owed on the account.

16.     Shellpoint did not willfully violate the terms of the Confirmation Order, Discharge Order, Bankruptcy Code, or any other Court order. Shellpoint did not act in bad faith and believes it is in compliance with the terms of the Debtor's Confirmed Plan. Shellpoint believes its actions

EXHIBIT A

1    were reasonable given the Debtor's failure to make payments under the Confirmed Plan and

2    Subject Loan.

3         Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the

4    laws of the United States of America that the foregoing is true and correct

5    Executed this 12th day of  May  , 2021, at  Greenville, SC  .

6

7    *Daniella Banks*

8                                *Signature of Declarant*

9

10   Daniella Banks

11   Bankruptcy Manager      *(Name and Title of Declarant)*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

EXHIBIT A