CHRISTOPHER P. BURKE, ESQ.  *ECF Filed On* **6/8/21**
Nevada Bar No.: 004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: | Case No. 09-29123-MKN |
| MELANI SCHULTE and WILLIAM R. SCHULTE, | Chapter 11 |
| | Jointly Administered with: |
| 2704 SATTLEY LLC, | 09-31585-MKN |
| HOT ENDEAVOR LLC, | 09-27238-MKN |
| 1341 MINUET LLC, | 09-27909-MKN |
| 1708 PLATO PICO LLC, | 09-27910-MKN |
| 2228 WARM WALNUT LLC, | 09-27911-MKN |
| 9425 VALLEY HILLS LLC, | 09-27912-MKN |
| 9500 ASPEN GLOW LLC, | 09-27913-MKN |
| 5218 MISTY MORNING LLC, | 09-27914-MKN |
| CHERISH LLC, | 09-27916-MKN |
| SABRECO INC., | 09-28513-MKN |
| KEEP SAFE LLC, | 09-31584-MKN |
| Debtors. | Date: June 9, 2021 (status hearing) Time: 9:30 a.m. |

**AMENDED REPLY TO PHH OPPOSITION TO DEBTORS' MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION, FAILING TO COMPLY WITH A COURT ORDER AND THE CONFIRMED PLAN AND FOR DAMAGES INCLUDING ATTORNEYS FEES AGAINST CREDITORS, SHELLPOINT MORTGAGE SERVICING AND OCWEN LOAN SERVICING, LLC**

COMES NOW, Debtor, Melani Schulte ("Schulte" or "Debtor"), and files this Amended Reply to PHH Mortgage Corporation ("PHH"), successor to Ocwen Loan

1

Servicing, LLC ("Ocwen"), Opposition to Debtor's Motion for Contempt for Violation of the Automatic Stay and Discharge Injunction and Failure to Comply with A Court Order and the Confirmed Plan and for Damages including Attorneys Fees against Creditors, Shellpoint Mortgage Servicing ("Shellpoint") and Ocwen Loan Servicing, LLC ("Ocwen") for the property located at 1392 Echo Falls Ave., Las Vegas Nevada 89123.

# I
# Argument

PHH list five reasons to deny Schulte's motion. First, that the motion was not mailed directly to PHH. Second, Schulte not shown she has made every payment. Third, the automatic stay terminated upon confirmation. Fourth, Schulte has not specified damages. And fifth, Ocwen did not violate the discharge injunction. As shown below, none of these arguments warrant denial of the requests in Schulte's motion. To begin with, even though PHH was not directly mailed Schulte's motion it did receive it and filed an opposition. Thus, this argument is irrelevant.

PHH's first reason is moot as it has obviously received Schulte's motion and filed its opposition. The second reason posited by PHH, whether Schulte made every payment, fails on two fronts. One, it is a red hearing and not relevant to whether PHH violated the automatic stay, confirmed plan, discharge injunction and Court Orders. Besides, PHH provides no proof Schulte did not pay on the mortgage.

In addition, PHH tries to argue the parties APO was superseded by Schulte's

2

confirmed plan. But, the Confirmed Plan does *not* state that the APO was superceded. In fact, the two orders can be harmonized. Especially, when the Stipulation for Adequate Protection specifically stated "Commencing 10/1/2010 Debtor shall make regular monthly post-petition payments to secured Creditor in the amount of $708.60 and continuing on the First day of each month *thereafter* . . ." (Dkt.#703, p.2, ln.5-7) (Emphasis added). Thus, the APO was an *ongoing* obligation, not a temporary order.

In line with that paragraph, the parties Stipulation added "The Debtor shall timely perform all of their obligations under Secured Creditor's loan documents as they come due, including but not limited to the payment of real estate taxes, maintaining insurance coverage,. ." (Dkt. #703, p.2, ln.14-16). And noticeably *absent* is a requirement that Debtor make these 'payments to Secured Creditor' directly, as is stated with the mortgage payments. Besides, nothing states or indicates the APO is nullified upon plan confirmation.

Third, PHH argues it is not liable for any damages because the automatic stay, the discharge injunction terminated upon confirmation and the discharge entered after it transferred the loan. But, PHH cannot have it both ways, either, PHH violated the stay, discharge injunction or both.

Fourth, PHH seeks dismissal alleging Schulte has not specified damages. In the process, besides Schulte's Declaration addressing some actual damages, Schulte mentions, she has requested an evidentiary hearing to determine the full extent of

3

damages. In addition, Shulte's Declaration lists an estimated $25,000 in attorneys fees that she has paid to prior attorneys attempting to resolve these issues, before hiring her current attorney (Mot. Dkt.#1334, Ex. '1', p.82). And fifth, PHH argues it did not and could not violate the discharge injunction because it transferred the loan servicing prior to discharge. The problem with this argument, is that Ocwen still sent improper collection communications to Schulte postconfirmation and postdischarge.

Finally, PHH argues laches, because Schulte "waited 10 years to bring the motion" (Opp. p.8, ln.1). But PHH serviced this loan as recently as six years ago (2015), so its not a ten year wait by Schulte. Besides, there is no statute of limitations on violations of the stay, discharge injunction or violations of a Court Order. Instead, it is PHH that forfeited and waived any argument regarding whether Schulte had to pay any escrow account (taxes and insurance) directly to PHH. "*Forfeiture* is the failure to make the timely assertion of a right; *waiver* is the intentional relinquishment or abandonment of a known right." *Hamer v. Neighborhood Hous. Servis. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017); see also *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019)(en banc). Here, during the five year time period PHH serviced the loan, in conformance with the parties agreement and Court Order, Schulte paid the escrow directly. Now, almost six years after transferring the servicing of the loan, PHH makes its laches argument. In sum, PHH presents no valid opposition to Schulte's motion for contempt from proceeding forward.

## II
## Conclusion

PHH's opposition does not provide a basis to deny Schulte's motion or from the Court scheduling an evidentiary hearing in this matter.

DATED this 8th day of June, 2021.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987

5

**CERTIFICATE OF SERVICE**

I hereby certify that the 8th day of June, 2021, I caused the above and foregoing Amended Reply to PHH Opposition to Debtors' Motion for Contempt for Violation of the Automatic Stay and Discharge Injunction, Failing to Comply with a Court Order and the Confirmed Plan and for Damages Including Attorneys Fees Against Creditors, Shellpoint Mortgage Servicing and Ocwen Loan Servicing, LLC to be sent by electronic notice through the Court's ECF program and or depositing same in the United States Mail, first class, postage prepaid, in a securely sealed envelope and addressed to the last known address of the following:

Jeffrey S. Allison
**HOUSER, LLP**
9970 Research Drive
Irvine, California 92618
6671 S. Las Vegas Blvd.
Building D, Suite 210
Las Vegas, NV 89119
jallison@gouser-law.com


*/s/ Adriana Pelayo*
Employee of
Christopher P. Burke, Esq.