CHRISTOPHER P. BURKE, ESQ.  *ECF Filed On* **6/9/21**
Nevada Bar No.: 004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: | Case No. 09-29123-MKN |
| MELANI SCHULTE and WILLIAM SCHULTE, | Chapter 11 |
| | Jointly Administered with: |
| 2704 SATTLEY LLC, | 09-27238-MKN |
| HOT ENDEAVOR LLC, | 09-27909-MKN |
| 1341 MINUET LLC, | 09-27910-MKN |
| 1708 PLATO PICO LLC, | 09-27911-MKN |
| 2228 WARM WALNUT LLC, | 09-27912-MKN |
| 9425 VALLEY HILLS LLC, | 09-27913-MKN |
| 9500 ASPEN GLOW LLC, | 09-27914-MKN |
| 5218 MISTY MORNING LLC, | 09-27916-MKN |
| CHERISH LLC, | 09-28513-MKN |
| SABRECO INC., | 09-31584-MKN |
| KEEP SAFE LLC, | 09-31585-MKN |
| Debtors. | Date: June 23, 2021<br>Time: 9:30 a.m. |

**RESPONSE TO AMENDED MOTION TO CLARIFY PLAN TREATMENT
REGARDING VARIOUS REAL PROPERTIES**

COMES NOW, Debtor, Melani Schulte ("Mrs. Schulte" or "Debtor"), in Response to Creditors, U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust, U.S. Bank Trust National Association as Trustee of the Chalet Series III Trust, U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust, and U.S. Bank Trust National Association as Trustee of the Bungalow Series F. Trust ("U.S. Bank"), Amended Motion to Clarify Plan Treatment Regarding Various Properties.[1]

---
1. US Bank is now the apparent servicer on nine properties listed in its motion. However, SN Servicing has been the servicer on the nine properties for years prior to that. So Schulte's response will use each name as warranted depending on the time period at issue. Notably, SN has *never* sent Schulte a single mortgage statement during this time period (Ex. 'A' Decl. M. Schulte ¶4).

1

# I

## Argument

At the outset, Schulte takes umbrage when US Banks states Schulte Properties LLC "is misinterpreting" Schulte's plan (Mot. p.3, ln.8). Schulte Properties, LLC is a separate entity in its own bankruptcy. Thus, it has no bearing on US Bank's motion in this case. Besides, can a servicer that has never sent a statement, despite repeated requests by Schulte, on all nine properties it allegedly services, or serviced, really have standing to discuss interpretation of the confirmed plan? (Ex. 'A' Decl. M. Schulte ¶4).

In addition, the question US Bank's motion seeks to clarify is a bit confusing. In its conclusion, it seeks affirmance that "that the plan did not eliminate the requirement that Debtors make escrow payments to Secured Creditors" (Mot. p.16, ln.5-6). However, although not stated, does US Bank mean escrow payments must be paid "directly" to Secured Creditors?

If that is US Bank's request, on at least two properties, it was Schulte that is required to pay the escrow (taxes and insurance) directly. These were on 3322 Cheltenham Street, Las Vegas, Nevada 89129 ("Cheltenham Street") and 8216 Peaceful Canyon Drive, Las Vegas, Nevada 89128 ("Peaceful Canyon Drive"). As stated, in the Agreed Order Resolving Secured Creditors opposition to Debtors "Motion to Value" regarding 8216 Peaceful Canyon Drive, "Debtors shall maintain insurance on the subject property, naming Secured Creditor as loss payee as well as maintain the property taxes on the subject property". (Dkt.#869, p.2, ln.13-15)(Ex. 'B'). The similar language is used in regards to Cheltenham Street (Dkt.#593, p.2, ln.11-13)(Ex. 'C').

Further, that Peaceful Canyon Drive Order stated "the terms and conditions of this stipulation may not be modified, altered or changed, in any chapter 11 plan for Reorganization without the express written consent of Secured Creditor" (Dkt.#869, p.2, ln.18-22) and on Cheltenham Street almost the same exact language is used (Dkt.#593, p.3,

ln.6-8). Thus, US Bank is incorrect on at least these two of Schulte's properties. Clearly, Schulte is to make those escrow payments directly.

In addition, even if the other seven properties do not have such an order, US Bank points to Orders on six of the seven remaining properties that state "[i]n addition to Principal and Interest Payments, Debtor shall tender to Creditor regular monthly escrow payments for advances made by Creditor for the maintenance of real property taxes and real property hazard insurances for the Subject Property" (Mot. p. 7, ln. 11-14 (example for Saddle Horn)). However, no proof is made by US Bank that Secured Creditor *advanced* any money for property taxes and insurance on *any* of these properties. And even if it did US Bank never notified Schulte of it. Because that would appear to be the only situation in which Schulte would had to pay those directly to Secured Creditors. However, since Schulte has never received a mortgage statement on any of these properties, she has had to directly, pay the taxes and insurance for years (Ex. 'A' Decl. M. Schulte, ¶7). Thus, an evidentiary hearing is needed to determine US Bank's motion to clarify.

Besides, US Bank has *waived* and *forfeited* this request, because it has waited a decade to make it. "*Forfeiture* is the failure to make the timely assertion of a right; *waiver* is the intentional relinquishment or abandonment of a known right." *Hamer v. Neighborhood Hous. Servis. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017); see also *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019)(en banc). In essence, US Bank has *acquiesced* in allowing Schulte to pay the escrow directly for years (Ex. 'A' Decl. M. Schulte ¶8). Thus, US Bank has both forfeited and waived its argument that Schulte should have paid any escrow amounts directly to it.

Finally, to the extent US Bank is requesting clarification that escrow payments were not completely eliminated, (Mot. p.3, ln.15-16), Schulte has never alleged that. In fact, Schulte's Confirmed Plan did not eliminate the escrow impounds. The question is, who was and is to pay for it, Schulte directly or US Bank? On at least two properties it was clearly

Schulte. On the remainder it was also Schulte because SN Servicing never informed her of any amount owed by failing to send statements (Ex. 'A', Decl. M. Schulte ¶4). Therefore, US Bank should not be rewarded, for failing to send any request for escrow payments directly to Schulte, then to argue they were not paid by her to them. Thus, US Bank's motion should also be denied on estoppel grounds.

## II

## Conclusion

The Court should clarify that Schulte was to make the escrow payments directly on at least two properties Cheltenham Street and Peaceful Canyon Drive. As to the rest, an evidentiary hearing would be required to determine the position of escrow payments on the remaining seven properties, because Schulte never received one statement on paying the mortgage, interest, insurance, or taxes (Ex. 'A' Decl. M. Schulte ¶4).

DATED this 9th day of June, 2021.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987

4

**CERTIFICATE OF SERVICE**

I hereby certify that the 9th day of June, 2021, I caused the above and foregoing Response to Amended Motion to Clarify Plan Treatment Regarding Various Properties to be sent by electronic notice through the Court's ECF program and/or depositing same in the United States Mail, first class, postage prepaid, in a securely sealed envelope and addressed to the last known address of the following:

Regina A. Habermas, Esq.
GHIDOTTI | BERGER LLP
415 S. 6th Street, #310
Las Vegas, NV 89101
ghabermas@ghidottiberger.com


/S/Adriana Pelayo
Employee of
Christopher P. Burke, Esq.

5