1  Regina A. Habermas, Esq.
   Nevada Bar No. 8481
2  GHIDOTTI | BERGER LLP
3  415 S. 6th Street, #310
   Las Vegas, NV 89101
4  Tel: (949) 427-2010
   Fax: (949) 427-2732
5  ghabermas@ghidottiberger.com
   Attorneys for Secured Creditors,
6  U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust,
7  U.S. Bank Trust National Association as Trustee of the Chalet Series III Trust,
   U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust, and
8  U.S. Bank Trust National Association as Trustee of the Bungalow Series F Trust

9                 UNITED STATES BANKRUPTCY COURT

10             DISTRICT OF NEVADA – LAS VEGAS DIVISION

11

| In Re: | Case No.:  09-29123-mkn |
|--------|------------------------|
| MELANI SCHULTE and WILLIAM SCHULTE, | Chapter 11 |
| | Jointly Administered with: |
| 2704 SATTLEY LLC, | 09-27238-BAM |
| HOT ENDEAVOR LLC, | 09-27909-BAM |
| 1341 MINUET LLC, | 09-27910-BAM |
| 1708 PLATO PICO LLC, | 09-27911-BAM |
| 2228 WARM WALNUT LLC, | 09-27912-BAM |
| 9425 VALLEY HILLS LLC, | 09-27913-BAM |
| 9500 ASPEN GLOW LLC, | 09-27914-BAM |
| 5218 MISTY MORNING LLC, | 09-27916-BAM |
| CHERISH LLC, | 09-28513-BAM |
| SABRECO INC., | 09-31584-BAM |
| KEEP SAFE LLC, | 09-31585-BAM |
| Debtors. | **REPLY IN SUPPORT OF AMENDED MOTION TO CLARIFY PLAN TREATMENT REGARDING VARIOUS REAL PROPERTIES (DOC. 1351)** |
| | **Hearing Date:  June 23, 2021** **Hearing Time:  9:30 a.m.** |

        Secured Creditors, U.S. Bank Trust National Association as Trustee of the Lodge

Series III Trust, U.S. Bank Trust National Association as Trustee of the Chalet Series III

1

Trust, U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust, and U.S. Bank Trust National Association as Trustee of the Bungalow Series F Trust (collectively, "Secured Creditors"), by and through undersigned counsel, hereby file this Reply in Support of their Amended Motion to Clarify Plan Treatment Regarding Various Real Properties (Doc. 1351, the "Motion").

DATED:  June 16, 2021                    GHIDOTTI | BERGER LLP

                                        By:    /s/ Regina A. Habermas, Esq.
                                               Regina A. Habermas, Esq.
                                               Nevada Bar No. 8481
                                               415 S. 6th Street, #310
                                               Las Vegas, NV  89101
                                               ghabermas@ghidottiberger.com
                                               Attorneys for Secured Creditors

## MEMORANDUM OF POINTS AND AUTHORITIES

Secured Creditors' Motion presented a narrow legal issue concerning the interpretation of the Plan[1] confirmed in this case and demonstrated the Court should enter an order concluding the Plan did not eliminate the escrow impounds of Secured Creditor's loans. Debtor Melani Schulte ("Schulte") filed a Response to the Motion (Doc. 1367, the "Response"), which fails to rebut the arguments in the Motion. Rather, the Response includes one key omission and one key admission that demonstrate the Motion should be summarily granted. First, the Response fails to address Secured Creditors' argument that the Plan's language is clear rather than ambiguous and that the plain language of the Plan demonstrates the escrow impounds were not eliminated. Second, the Response admits the Plan did not eliminate the escrow impounds. As such, the Court should grant the Motion on the basis of the Plan's plain language. Even if the Court concludes the Plan is ambiguous, the Motion established the parties did not intend to eliminate the Debtors' pre-bankruptcy obligations to make monthly escrow payments to Secured Creditors. The Response fails to establish any basis upon which the Court should interpret the Plan as having eliminated those obligations. Therefore, the Court should grant Secured Creditor's Motion.

## I.    ARGUMENT

### A. The Plain Language of the Plan Demonstrates the Loans Continued to Include Escrow Impounds Following Entry of the Confirmation Order

The Motion demonstrated that, at the time this bankruptcy action was filed, the monthly payments due on Secured Creditor's loans included amounts for both principal and interest as well as escrow items. *See* SN Declaration, ¶¶ 5-13. The Motion also demonstrated that the Plan made three specific changes to the loans held by Secured Creditors: 1) the outstanding principal balance of the loan; 2) the interest rate; and 3) the term. And the language of the provisions that altered the loans is not subject to more than one reasonable interpretation. Rather, the language of those provisions clearly and unambiguously states that,

---

[1] Terms defined in the Motion have the same meaning when used in this Reply.

1   apart from the terms detailed in the Plan, the payment of Secured Creditor's claims would
2   continue pursuant to "all other terms" of Secured Creditor's Notes and Deeds of Trust.  *See,*
3   *e.g.* Plan, Article II, Classification of Claims, Section 2.01, Class 2(y), Peaceful Canyon
4   Claim (Doc. 912, p. 16).  The Response fails to address this argument in any way and the
5   Court should summarily grant the Motion on that basis.  More important, the Response admits
6   that the escrow impounds were not eliminated by the Plan.  *See* Doc. 1367 at 3:25-26.  As a
7   result, the Court should enter the order requested in the Motion and confirm the obligation to
8   make monthly escrow payments to Secured Creditors continued to exist following the entry of
9   the Confirmation Order.

10          Schulte's attempt to qualify her admission regarding the continued existence of the
11  escrow impounds does not require a different result.   In the Response, Schulte states,
12  "Schulte's Confirmed Plan did not eliminate the escrow impounds.  The question is, who was
13  and is to pay for it, Schulte directly or US Bank?"  *See* Doc. 1367 at 3:25-27.  However, there
14  exists no such question outside of the Response because an escrow impound represents a
15  portion of the monthly payment required to be made by a borrower to a mortgage lender or to
16  the lender's servicer.  As explained in the "Ask CFPB" section of the Consumer Financial
17  Protection Bureau's website,[2]

> An escrow account, sometimes called an impound account depending on where
> you live, is set up by your mortgage lender to pay certain property-related
> expenses.
>
> The money that goes into the account comes from a portion of your monthly
> mortgage payment.  An escrow account helps you pay these expenses because
> you send money through your lender or servicer, every month, instead of having
> to pay a big bill once or twice a year.
>
> Many lenders require that you pay your taxes and insurance using escrow, so
> they can make sure that the bill gets paid.  Your mortgage servicer will manage
> the escrow account and pay these bills on your behalf.  Sometimes, escrow
> accounts may also be required by law.

---

[2] *See* https://www.consumerfinance.gov/ask-cfpb/what-is-an-escrow-or-impound-account-en-140/.  A printout from the website is attached hereto as **Exhibit "B"** for the Court's
convenience.

Thus, the responsibility to pay the escrow impounds belonged to Debtors prior to the confirmation of the Plan and remained with Debtors following confirmation. In addition, because the escrow impounds were included in the monthly mortgage payments, Debtors remained obligated to pay them, along with the payments of principal and interest, to the owners of the loans or to their servicers. Finally, any purported misunderstanding of what an escrow impound or escrow account is on the part of Schulte is belied by the fact that she obtained mortgage loans to finance her purchase of numerous real properties in Clark County, Nevada beginning as long ago as March 1994. *See, e.g.* Claim 5-1. The plain language of the Plan evidences the continued existence of the escrow impounds and the Court should enter an order confirming that Debtors remained obligated to make escrow payments to Secured Creditors following confirmation of the Plan.

**B. Even If the Court Determines the Plan Is Ambiguous, the Evidence of the Parties' Intentions Demonstrates the Escrow Impounds Were Not Eliminated**

Although the Response does not assert the language of the Plan is ambiguous, it impliedly argues the Court should look beyond the plain language of the Plan to determine the treatment of the escrow impounds. Schulte appears to argue that the agreements of the parties regarding plan treatment demonstrate the escrow portion of the monthly payments was eliminated. However, that argument is not persuasive for a number of reasons.

**1. The Parties' Agreements Demonstrate the Continued Existence of the Escrow Impounds**

Just as with the Plan's provisions, the parties' various agreements expressly altered only certain terms of the subject loans. Rather than eliminating the escrow impounds, these agreements repeated and reaffirmed the requirement that the borrowers remit monthly escrow payments to Secured Creditors along with the monthly payments of principal and interest. As detailed in the Motion, the holders of six of the claims at issue in the Motion entered into stipulations that contained identical language regarding the payments to be made to the lenders,

> In addition to Principal and Interest Payments, <u>Debtors shall tender to Creditor regular monthly payments</u> for advances made by Creditor for the maintenance

of real property taxes and real property hazard insurances for the Subject Property.

*See* Desert Canyon Stipulation (Doc. 915), Stormy Valley Stipulation (Doc. 928), Saddle Horn Stipulation (Doc. 920), La Madre Stipulation (Doc. 918), Autostrada Stipulation (Doc. 903), San Ardo Stipulation (Doc. 902) (emphasis added).   Rather than eliminating the requirement to include an escrow payment in each monthly payment made to Secured Creditors, this language affirmed that the Debtors would remain obligated to make regular monthly payments to Secured Creditors for escrow items.

In the Response, Schulte acknowledges these agreements obligated her to pay amounts that were advanced by Secured Creditors, but objects that no evidence of such payments was included in the Motion.  *See* Doc. 1367 at 3:8-9.  However, that objection ignores the narrow nature of the question raised in the Motion – whether the Debtors remained obligated to make payments for escrow items to Secured Creditors following confirmation of the Plan.  And Schulte concedes she remained so obligated where such sums were advanced.  The issue of whether the Debtors performed as required under the Plan is not before the Court.

The Peaceful Canyon Stipulation and Cheltenham Order contained different language, but also reiterated the obligation of each borrower to maintain real property taxes and insurance.  *See* Doc. 863 and Doc. 593.  And the Peaceful Canyon Stipulation contained language similar to that used in the Plan, "[e]xcept as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim."  *See* Doc. 863 at 2:16-17.  The language of these agreements reaffirmed the Debtors' existing obligations to make escrow payments pursuant to the subject Deeds of Trust, each of which expressly required the borrower to make such payments "to Lender" on the dates payments were due under the Notes until the Notes had been "paid in full."  *See* Claim 5-1, Part 2, p. 2, Section 2. Funds for Taxes and Insurance; Claim 45-1, p. 11-12, Section 1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges and Section 3. Funds for Escrow Items.

It is also important to keep in mind that Debtors were the drafters of the Plan.  If they

1    understood and intended the Peaceful Canyon Stipulation and Cheltenham Order to eliminate

2    the obligation to make monthly escrow payments to the lenders, they should have amended

3    the Plan so that it expressly eliminated that obligation.  However, they failed to do so and the

4    language regarding the treatment of the Peaceful Canyon Claim and Cheltenham Claim is

5    identical to the treatment of the other claims.  *See* Plan, Article II, Classification of Claims,

6    Section 2.01, Class 2(y), Peaceful Canyon Claim (Doc. 912, p. 16); Class 2(h), Cheltenham

7    Claim (Doc. 912, p. 37).  As such, the Court should infer that, at the time of confirmation,

8    Debtors did not intend or understand the agreements as eliminating the requirement that

9    escrow payments be made to the lenders.

10       **2.  There Was No Agreement to Eliminate the Escrow Impound from the Lambert Claim**

12    As noted in the Motion, the holder of the Lambert Claim did not enter into any

13    agreement with Debtors regarding the treatment of that Claim.  Thus, there was no agreement

14    to eliminate the requirement to include sums for escrow items in the monthly payment due on

15    that loan.  Rather, the unaltered terms of the Deed of Trust remained as follows.

16       …Borrower shall pay when due the principal of, and interest on, the debt
   evidenced by the Note and any prepayment charges and late charges due under

17    the Note.  Borrower shall also pay funds for Escrow Items pursuant to Section
   3…

18       Borrower shall pay to Lender on the day Periodic Payments are due under the

19    Note, until the Note is paid in full, a sum (the "Funds") to provide the payment
   of amounts due for:  (a) taxes and assessments and other items which can attain

20    priority over this Security Instrument as a lien or encumbrance on the
   Property;…(c) premiums any and all insurance required by Lender under

21    Section 5;…These items are called "Escrow Items."

22    *See* **Exhibit "A-2"** to SN Declaration, p. 3-4, Section 1. Payment of Principal, Interest,

23    Escrow Items, Prepayment Charges, and Late Charges and Section 3. Funds for Escrow Items.

24    The Response contains no argument regarding the treatment of the Lambert Claim and the

25    Court should enter an order confirming the Debtors remained obligated to make escrow

26    payments to the Secured Creditor holding that claim.

27    / / /

28

### 3. Schulte's Assertions Regarding the Post-Confirmation Conduct of the Parties Does Not Establish the Intent of the Parties at the Time of Confirmation

In the Response, Schulte alleges she never received monthly statements or information regarding escrow amounts due and, somehow, that demonstrates the Plan eliminated the obligation to make monthly escrow payments on the subject loans.[3] However, as noted in the Motion, if a contract is ambiguous, a court must "effectuate the intent of the parties, which may be determined in light of the surrounding circumstances if not clear from the contract itself." *Sheehan & Sheehan v. Nelson Malley and Co.*, 121 Nev. 481, 487-88, 117 P.3d 219, 223-24 (2005) (citations omitted). The parties' post-confirmation actions are irrelevant to the Court's analysis of how the requirement to make escrow payments to Secured Creditors was treated under the confirmed Plan.

Rather, the surrounding circumstances to be considered in interpreting the Plan include the terms and conditions of the subject loans at the time this bankruptcy action was initiated and the parties' pre-confirmation agreements regarding the treatment of claims. As detailed in the Motion and SN Declaration, when this bankruptcy case was filed, the monthly payments owed to the lenders included amounts for principal and interest as well as escrow. *See* SN Declaration, ¶¶ 5-13. Further, as detailed in the Motion and above, the parties' agreements regarding the treatment of claims did not eliminate the required escrow portion of Debtors' monthly loan payments to Secured Creditors. The relevant evidence establishes the parties' intent to alter only the three terms specified in the Plan. Therefore, the Court should enter the order requested in the Motion.

### C. Schulte's Remaining Assertions Are Equally Unpersuasive

The Response includes additional assertions that fail to establish any basis upon which the Court should deny the Motion. First, Schulte asks whether SN Servicing Corporation has standing to bring the Motion. *See* Doc. 1367 at 2:6-8. However, Secured Creditors filed the

---

[3] Secured Creditors dispute Schulte's assertions regarding the post-confirmation conduct of the parties and reserve their right to present evidence contradicting those assertions in all further proceedings related to the subject loans.

1    Motion, not SN Servicing Corporation.  There can be no dispute that the current holders of the

2    claims secured by the subject properties have standing to request the Court interpret the

3    treatment of their claims in the Plan.

4         Second, Schulte argues Secured Creditors have forfeited or waived any right to

5    payment of the escrow impounds.  However, the legal authority cited in support of this

6    argument is inapposite because it concerns issues related to criminal appeals.  *See, e.g. United*

7    *States v. Depue*, 912 F.3d 1227 (9th Cir. 2019) (interpreting effect of waiver and forfeiture in

8    criminal appeals under Fed. R. Crim. P. 52(b)); *United States v. Olano*, 507 U.S. 725, 113

9    S.Ct. 1770 (1993) (same; cited in *Hamer v. Neighborhood Housing Services of Chicago*, 138

10   S.Ct. 13 (2017).  This legal authority has nothing to do with the issue raised in the Motion and

11   no application in this bankruptcy action.   More important, as noted above, the post-

12   confirmation conduct of the parties is not relevant to the interpretation of the Plan.

13        Finally, to the extent the Court considers the issue of waiver, six of the stipulations

14   concerning plan treatment state, "acceptance of a late or partial payment shall not act as a

15   waiver of Creditor's right to proceed hereunder."  *See* Desert Canyon Stipulation (Doc. 915),

16   Stormy Valley Stipulation (Doc. 928), Saddle Horn Stipulation (Doc. 920), La Madre

17   Stipulation (Doc. 918), Autostrada Stipulation (Doc. 903), San Ardo Stipulation (Doc. 902).

18   As a result, the Response fails to demonstrate the Plan eliminated Debtors' obligation to make

19   escrow payments to Secured Creditors and the Court should grant the Motion.

20                            **II.    CONCLUSION**

21        The Motion demonstrated the plain language of the confirmed Plan did not eliminate

22   the escrow portion of the monthly payments owed to Secured Creditors.  The Motion also

23   demonstrated that, should the Court consider the parties' intentions while ruling on the

24   Motion, the evidence demonstrates the parties did not agree to eliminate the requirement to

25   make monthly escrow payments to Secured Creditors.  The only Response to the Motion

26   failed to demonstrate any basis upon which the Court should deny the Motion.

27   / / /

28   / / /

1    Therefore, Secured Creditors respectfully request this Court enter an Order concluding

2   the Plan did not eliminate the requirement that Debtors make monthly escrow payments to

3   Secured Creditors following confirmation.

4   DATED:  June 16, 2021                    GHIDOTTI | BERGER LLP

5                                            By:   /s/ Regina A. Habermas, Esq.
                                                   Regina A. Habermas, Esq.
6                                                  Nevada Bar No. 8481
                                                   415 S. 6th Street, #310
7                                                  Las Vegas, NV  89101
                                                   ghabermas@ghidottiberger.com
8                                                  Attorneys for Secured Creditors

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "B"

 **(cfpb.gov/)**

LAST REVIEWED: AUG 03, 2017

# What is an escrow or impound account?

An escrow account, sometimes called an impound account
depending on where you live, is set up by your mortgage lender to
pay certain property-related expenses.

The money that goes into the account comes from a portion of your monthly
mortgage payment. An escrow account helps you pay these expenses because
you send money through your lender or servicer, every month, instead of
having to pay a big bill once or twice a year.

Many lenders require that you pay your taxes and insurance using escrow, so
they can make sure that the bill gets paid. Your mortgage servicer will manage
the escrow account and pay these bills on your behalf. Sometimes, escrow
accounts may also be required by law.

Your property taxes and insurance premiums can change from year to year.
Your escrow payment—and  with it, your **total monthly payment (cfpb.gov/askcf
pb/1941)** will change accordingly.

---

**Tip: If your loan doesn't include an escrow account, you will have to plan to
pay these large expenses yourself.** Be sure you budget for these extra costs
and stay current on your taxes and insurance payments. If you fail to pay your
property taxes, your state or local government may impose fines and penalties
or place a tax lien on your home.  You could also face foreclosure.

---

In addition, if you fail to pay your taxes or insurance, your lender may:

- Add the amounts to your loan balance

- Add an escrow account to your loan

- Purchase new homeowners insurance for you and bill you for it. This lender-
  purchased insurance, known as **force-placed insurance (cfpb.gov/askcfpb/219)**
  , is typically more expensive than homeowners insurance you pay on your
  own.

**Even if your lender does not require an escrow account, consider**

# Don't see what you're looking for?

## Browse related questions

**Why did my monthly mortgage payment go up or change?** (cfpb.gov/askcfpb/
213)

**What's the difference between a mortgage lender and a servicer?** (cfpb.gov/as
kcfpb/198)

**What is homeowner's insurance? Why is homeowner's insurance required?** (cf
pb.gov/askcfpb/162)

**Learn more about mortgages** (cfpb.gov/consumer-tools/mortgages/)

Ver página en español (cfpb.gov/es/obtener-respuestas/que-es-una-cuenta-de-deposito-en-custodia-o-en-garantia-escrow-es-140/)

## About us

We're the Consumer Financial Protection Bureau (CFPB), a U.S. government agency that makes sure banks, lenders, and other financial companies treat you fairly.

Learn how the CFPB can help you (cfpb.gov/about-us/the-bureau/)

---

## Legal disclaimer

The content on this page provides general consumer information. It is not legal advice or regulatory guidance. The CFPB updates this information periodically. This information may include links or references to third-party resources or content. We do not endorse the third-party or guarantee the accuracy of this third-party information. There may be other resources that also serve your needs.

An official website of the United States government

## CERTIFICATE OF SERVICE

On June 16, 2021, I served the foregoing documents described as Reply in Support of their Amended Motion to Clarify Plan Treatment Regarding Various Real Properties t on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR(S)
CHRISTOPHER PATRICK BURKE          atty@cburke.lvcoxmail.com
DANIEL L. MCGOOKEY                 dmcgookey@mcgookeylaw.com
DAVID A RIGGI                      darnvbk@gmail.com
STEVEN L. YARMY                    sly@stevenyarmylaw.com

US TRUSTEE
US Trustee                         USTPRegion17.lv.ecf@usdoj.gov

OTHER CREDITORS/ATTORNEYS
VINCENT J. AIELLO                  vaiello@spencerfane.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll

On June 16, 2021, I served the foregoing documents described as Reply in Support of their Amended Motion to Clarify Plan Treatment Regarding Various Real Properties on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| Debtor(s) | Other Creditors: |
|---|---|
| MELANI SCHULTE | CitiMortgage Inc. |
| 9811 W. CHARLESTON BLVD. #2-351 | P.O. BOX 6941 |
| LAS VEGAS, NV 89117 | The Lakes, NV 88901-6006 |
| | |
| 5218 MISTY MORNING LLC | Abn Amro Mortgage Grou |
| 7201 W. LAKE MEAD BLVD. | Acct No xxxxx3148 |
| LAS VEGAS, NV 89128 | Po Box 9438,dept 0251 |
| | Gaithersburg, MD 20898 |
| HOT ENDEAVOR LLC | |
| 7201 W LAKE MEAD BLVD | Affiliated Accep Crp |
| LAS VEGAS, NV 89128 | Acct No xxxxxx0757 |
| | Attn: Customer Service |
| 2704 SATTLEY LLC | Po Box 790001 |
| 7201 W. LAKE MEAD BLVD. SUITE 550 | Sunrise Beach, MO 65079 |
| LAS VEGAS, NV 89128 | |
| | Allied Collection Serv |
| 1341 MINUET LLC | Acct No xxxxx0902 |
| 7201 W LAKE MEAD BLVD | Po Box 29299 |
| LAS VEGAS, NV 89128 | Las Vegas, NV 89126 |

1708 PLATO PICO LLC
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128

2228 WARM WALNUT LLC
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128

9425 VALLEY HILLS LLC
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128

9500 ASPEN GLOW LLC
7201 W LAKE MEAD BLVD
LAS VEGAS, NV 89128

SABRECO INC.
7201 W LAKE MEAD BLVD #550
LAS VEGAS, NV 89128

KEEP SAFE LLC
7201 W LAKE MEAD BLVD #550
LAS VEGAS, NV 89128

WILLIAM R. SCHULTE
9811 W. CHARLESTON BLVD. #2-351
LAS VEGAS, NV 89117

Other Creditors:
Bank of America, N.A.
Bankruptcy Dept.
Mail Stop CA6-919-01-23
Simi Valley, CA 93065

BANK OF AMERICA, N.A.
PO Box 26012
NC4-105-03-14
Greensboro, NC 27420

Bank of Nevada
Acct No xxxxx6328
PO BOX 26237
Las Vegas, NV 89126-0237

Barclays Bank Delaware
Acct No xxxxxx0000
Attention: Customer Support Department
Po Box 8833
Wilmington, DE 19899

Allison, Curtis, Kinsley, Meoz, Michae
P.O. Box 911265
Dallas, TX 75391-1265

America's Servicing Company
Bankruptcy Department
3476 Stateview Blvd
Fort Mill, SC 29715

America's Servicing Company
Acct No xxxxxx3971
PO Box 981
Frederick, MD 21705-0981

AMERICAN EXPRESS BANK FSB
C/O BECKET AND LEE LLP
POB 3001
MALVERN PA 19355-0701

Americas Servicing Co
Acct No xxxxxxxxx3971
Attention: Bankruptcy
1 Home Campus
Des Moines, IA 50328

BAC Home Loans Servicing, LP
fka Countrywide Home Loans Servicing, LP
7105 Corporate Drive PTX-B-35
Plano, TX 75024

BAC Home Loans Servicing, LP
1757 Tapo Canyon Road
Simi Valley, CA 93063
Mail Code CA6-913-LB-11

BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING,
LP
7105 CORPORATE DRIVE
PLANO, TX 75024

Bank of America
Acct No xxxxxxxxx4599
PO Box 22031
Greensboro, NC 27420-1848

Bank Of America
Acct No 9758
Po Box 1598
Norfolk, VA 23501

Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

Central Mortgage Co
Acct No xxxxx4705
Attention: Bankruptcy Dept.
1100 Virginia Drive
Fort Washington, PA 19034

Chase
Acct No xxxxxxxx1110
Po Box 15298
Wilmington, DE 19850

Chase
Acct No xxxxxxxx7443
201 N. Walnut St//De1-1027
Wilmington, DE 19801

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

CHASE HOME FINANCE, LLC
FKA CHASE MANHATTAN MORTGAGE
CORP.
3415 VISION DR.
COLUMBUS OH 43218

Chase Manhattan Mortgage
PO Box 78920
Phoenix, AZ 85062-8920

Citi
Acct No xxxxxxxx3143
Po Box 6241
Sioux Falls, SD 57117

CITIMORTGAGE INC
PO BOX 140609
IRVING, TX 75019-0609

Citimortgage Inc
Acct No xxxxx0064
Po Box 9438,dept 0251
Gaithersburg, MD 20898

Citimortgage Inc
Acct No xxxxxxxx829-5

Bank Of America
Acct No xxxxxxxxx1199
4161 Piedmont Pkwy
Greensboro, NC 27410

Bank of America
P.O. Box 26237
Las Vegas, NV 89126-0237

Bank Of America
Acct No 030
Po Box 17054
Wilmington, DE 19850

CITY NATIONAL BANK, N.A.
C/O SHEA & CARLYON, LTD.
701 BRIDGER AVENUE, #850
LAS VEGAS, NV 89101

CLARK COUNTY ASSESSOR
500 S. GRAND CENTRAL PKWY
LAS VEGAS, NV 89155

Countrywide Home Loans
Acct No xxxx1662
PO Box 10219
Van Nuys, CA 91410-0219

Countrywide Home Lending
Acct No xxxxx6473
Attention: Bankruptcy SV-314B
Po Box 5170
Simi Valley, CA 93062

Deaner, Deaner, Scann, Malan, & Larsen
c/o Susuan Williams Scann, Esq.
720 S. Fourth Street Suite 300
Las Vegas, NV 89101

DEBORAH DRAKE
6111 FOX CREEK AVE
LAS VEGAS NV 89122

DR. BERNARD GREENBLATT
c/o LAW OFFICE OF BRIAN D. SHAPIRO,
LLC
411 E. BONNEVILLE AVENUE
LAS VEGAS, NV 89101

PO Box 6006
The Lakes, NV 88901-6006

Citimortgage Inc.
Acct No xxxxxx851-7
PO Box 8004
South Hackensack, NJ 07606-8004

CitiMortgage, Inc
c/o Pite Duncan LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

City National Bank
Acct No xxx4409
PO Box 60938
Los Angeles, CA 90060-0938

CITY NATIONAL BANK
C/O FENNEMORE CRAIG, P.C. LAUREL E.
DAVIS, ESQ.
300 S FOURTH STREET, STE 1400
LAS VEGAS, NV 89101

First American Title
c/o Harrison, Kemo, Jones & Coulthard
3800 Howard Hughes Parkway Seventeenth Floor
Las Vegas, NV 89169

First Hawaiian Bank
Acct No xxxxxxxx0035
Po Box 1959
Honolulu, HI 96805

FIRST HAWAIIAN BANK-LOAN RECOVERY
CENTER
POB 4070
HONOLULU HI 96812-9941

First National Bank Credit Card Center
Acct No xxxxxxxxxxx2737
Attention: Bankruptcy Department
Po Box 3331 Stop Code 3105
Omaha, NE 68103

First Nationwide Mtg
Acct No xxx5955
Po Box 9438,dept 0251
Gaithersburg, MD 20898

Equity Title, LLC
c/o Meier & Fine, LLC
2300 W. Sahara Ave., Ste. 430
Las Vegas, NV 89102

Federal National Mortgage Association
PO Box 2008
Grand Rapids, MI 49501-2008

Fidelity Bank
PO BOX 2937
Wichita, KS 67201

Fidelity Bank
100 E English
PO Box 1007
Wichita, KS 67202

Fifth Third Bank
Acct No xxxxx6682
C/O Bankruptcy Dept, Mdropso5
1850 East Paris
Grand Rapids, MI 49546

Fifth Third Mortgage Company
5050 Kingsley Dr.
1MOC20
Cincinnati, OH 45263

JP Morgan Chase Bank, National Association
7255 Bay Meadows Way
Jacksonville, FL 32256

JPMorgan Chase Bank, N.A.
c/o Tiffany & Bosco, P.A.
212 South Jones Blvd.
Las Vegas, NV 89107

Langlands & Gross LLP
2655 Bay Canyon Drive Suite 190
Las Vegas, NV 89128

LINDSEY H MORALES, ESQ.
MCCALLA RAYMER LEIBERT PIERCE, LLP
1635 VILLAGE CENTER CIRCLE SUITE 130
LAS VEGAS, NV 89134

Litton Loan Servicing, L.P.
Bankruptcy Department
4828 Loop Central Drive
Houston, TX 77081-2226

Grant & Weber
Acct No xxxxx5192
861 Coronado Center Dr S
Henderson, NV 89052

Green Tree Servicing LLC
PO Box 6154
Rapid City, South Dakota 57709

Green Tree Servicing LLC
7360 S. Kyrene Rd. Recovery Dept - T120
Tempe, Az 85283

Home Comings Financial
Acct No xxxxxx4689
Attention: Bankruptcy Dept
1100 Virginia Drive
Fort Washington, PA 19034

Homecomings Financial
Acct No xxx5505
PO Box 205
Waterloo, IA 50704-0205

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
P.O. BOX 21126
PHILADELPHIA, PA 19114

Jeff Sylvester, Esq.
Sylvester & Polednak, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, NV 89128

JP MORGAN CHASE BANK, N.A.
CHASE RECORDS CENTER MAIL CODE
LA4-5555 700 KANSAS LANE
MONROE, LA 71203

Natl Cty Crd
Acct No xxxxxxxx1161
4653 E Main Street
Columbus, OH 43213

Ncb/cols
Acct No xxxxxxxx6149
Attn: Bankruptcy 6750 Miller Rd
Brecksville, OH 44141

NCO Financial Systems
Acct No xxxx3276

Litton Loan Servicing, LP
1270 Northland Drive, Suite 200
Mendota Heights, Minnesota 55120

Marquis & Aurback
c/o Micah Echols
120001 Park Run Drive
Las Vegas, NV 89145

Melvin Elizer and Maxine Llewellyn
c/o Ogonna M. Atamoh, Esq. Santoro, Driggs,
Walch, et al.
400 S. 4th St., 3rd Fl.
Las Vegas, NV 89101

Midland Mortgage
Acct No xxxx2811
PO Box 268888
Oklahoma City, OK 73126

Midland Mortgage Company
Acct No xxxx2811
Attn: Bankruptcy
Po Box 26648
Oklahoma City, OK 73216

MTGLQ Investors, L.P.
c/o Shellpoint Mortgage Servicing
PO Box 10826
Greenville SC 29603

Nationstar Mortgage LLC
PO Box 619096
Dallas, TX 75261-9741

RICHARD F. HOLLEY, ESQ.
OGONNA M. ATAMOH, ESQ. SANTORO
DRIGGS WALCH KEARNEY, HOLLEY & T
400 SOUTH FOURT STREET, 3RD FL.
LAS VEGAS, NV 89101

Seterus, Inc.
PO Box 1047
Hartford, CT 06143

Seterus, Inc., et al, its assignees
and/or successors in interest
c/o Prober & Raphael, A Law Corporation
20750 Ventura Blvd., Suite 100
Woodland Hills, CA 91365

507 Prudential Road
Horsham, PA 19044

Nevada Federal Cred Un
Acct No xxxxxxx9490
2645 S Mojave Rd
Las Vegas, NV 89121

Nevada Law Group
2920 N. Green Valley Parkway Bldg. 3, #313
Henderson, NV 89014

Nevada State Bank
Acct No xxxxxxxxxxxx1979
2185 S 3270 W
Salt Lake City, UT 84119

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
1661 Worthington RD. Suite 100
West Palm Beach, FL 33409

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
1100 Virginia Drive, Suite 175
Fort Washington, PA 19034

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept.
PO Box 24605
West Palm Beach, FL 33416-4605

Oren and Socorro Lilly Lopez-Goldsteind
c/o Ann E Kolber Esq LAW PRACTICE LTD
5516 South Fort Apache Road Suite 110
Las Vegas, NV 89148

PYOD LLC its successors and assigns as assignee of
Citibank c/o Resurgent Capital Services
PO Box 19008
Greenville, SC 29602

Unvl/citi
Acct No xxxxxxx1655
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

Us Bank
Acct No xxxxxxx6098

SYLVESTER & POLEDNAK, LTD.
ATTN: JEFFREY R. SYLVESTER, ESQ.
7371 PRAIRIE FALCON ROAD, SUITE 120
LAS VEGAS, NV 89128

The Bank of New York Mellon
fka The Bank of New York, as Trustee
c/o BAYVIEW LOAN SERVICING, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, Florida 33146

The Bank of New York Mellon
c/o BAC Home Loans Servicing, LP
2270 Lakeside Boulevard
Mail Stop: R-A-3-118
Richardson, TX 75082

The Bank of New York Mellon
c/o BAC Home Loans Servicing, LP
1757 Tapo Canyon Road
Mail Stop: CA6-913-LB-11
Simi Valley, CA 93063

The Bank of New York Mellon et al
c/o BAC Home Loans Servicing, LP
7105 Corporate Drive
PTX-B-35
Plano, TX 75024

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW Y
c/o Shellpoint Mortgage Servicing
PO BOX 10826
Greenville, SC 29603-0826

U S Bank
Acct No xxxxxxx0535
101 5th St E Ste A
Saint Paul, MN 55101

U.S. BANK TRUST, N.A.
c/o Caliber Home Loans, Inc.
PO Box 24330
Oklahoma City, OK 73124

Wells Fargo Bank, N.A.
P. O. Box 14469
MAC X2303-01A
Des Moines, IA 50306-9655

Attn: Bankruptcy Dept.
P.O. Box 5229
Cincinnati, OH 45201

Us Bank
Acct No xxxxxxx9098
Po Box 790084
Saint Louis, MO 63179

US Bank Trust National Association
c/o BSI Financial Services
1425 Greenway Dr., ste 400
Irving TX 75038

Vincent J. Aiello, Esq.
3993 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169

Washington Mutual
Acct No xxxxxx8181
PO Box 660139
Dallas, TX 75266-0139

Washington Mutual Mortgage
Acct No xxxxxxxxx8181
Attention: Bankruptcy Dept.
JAXA 2035
7255 Bay Meadows Way
Jacksonville, FL 32256

Wells Fargo
Acct No xxxxxxxxxx1998
PO Box 4233
Portland, OR 97208-4233

Wells Fargo
Acct No xxxxxxxxxxxx0001
Po Box 60510
Los Angeles, CA 90060

Wells Fargo
Acct No xxx1753
PO Box 14547
Des Moines, IA 50306-3547

Wells Fargo Bank NA
PO Box 10438
Des Moines, IA 50306-0438

Wells Fargo Bank Nv Na
Acct No xxxxxxxxxxxx1998

Wells Fargo Bank, N.A.
BDD Bankruptcy Dept, MAC s4101-08c
100 W. Washington St.
Phoenix, AZ 85003

Wells Fargo Bank, N.A.
Home Equity Group X2303-01A
1 Home Campus
Des Moines, IA 50328-0001

Wells Fargo Card Ser
Acct No xxxxxxxx0301
Po Box 5058
Portland, OR 97208

Wells Fargo Hm Mortgag
Acct No xxxxxx4851
8480 Stagecoach Cir
Frederick, MD 21701

WILMINGTON SAVINGS FUND SOCIETY,
FSB
C/O BDFTW
20955 PATHFINDER RD., STE. 300
DIAMOND BAR, CA 91765

WILMINGTON SAVINGS FUND SOCIETY,
FSB,
D/B/A CHRISTIANA TRUST, NOT
INDIVIDUALLY BUT AS TRUSTEE FOR
PRETIUM MORTGAGE
c/o BARRETT DAFFIN FRAPPIER
TREDER&WEISS 7251 WEST LAKE MEAD
BLVD SUITE 300
LAS VEGAS, NV 89128

ZIEVE, BRODNAX & STEELE, LLP
9435 West Russell Road, Suite 120
Las Vegas, NV 89148

| Po Box 31557<br>Billings, MT 59107 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll