CHRISTOPHER P. BURKE, ESQ.　　　　　　　　　　　*ECF Filed on* 1/7/2022
Nevada Bar No.: 004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor
Melani Schulte

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No. 09-29123-MKN |
| MELANI SCHULTE and<br>WILLIAM SCHULTE, | Chapter 11 |
| | Jointly Administered with: |
| 2704 SATTLEY LLC,<br>HOT ENDEAVOR LLC,<br>1341 MINUET LLC,<br>1708 PLATO PICO LLC,<br>2228 WARM WALNUT LLC,<br>9425 VALLEY HILLS LLC,<br>9500 ASPEN GLOW LLC,<br>5218 MISTY MORNING LLC,<br>CHERISH LLC,<br>SABRECO INC.,<br>KEEP SAFE LLC, | 09-27238-MKN<br>09-27909-MKN<br>09-27910-MKN<br>09-27911-MKN<br>09-27912-MKN<br>09-27913-MKN<br>09-27914-MKN<br>09-27916-MKN<br>09-28513-MKN<br>09-31584-MKN<br>09-31585-MKN |
| Debtors. | Date: February 09, 2022<br>Time: 9:30 a.m. |

**MOTION TO COMPEL DISCOVERY OF SHELLPOINT MORTGAGE SERVICING AND THAT DEBTORS REQUEST FOR PRODUCTION BE RESPONDED TO PROPERLY AND FOR ATTORNEYS FEES**

COMES NOW, Debtor, Melani Schulte ("Schulte" or "Debtor"), by and through their attorney, Christopher P. Burke, Esq., ("Burke") and moves this Court to Compel Discovery of Shellpoint Mortgage Servicing ("Shellpoint"), under Fed. R. Civ. P. 37(a) and Local Bankruptcy Rule 7037, and to have Debtors Request for Production be responded to properly and for

1

Attorney Fees.

# I
# Issues

Absent relevance, a party is suppose to respond to discovery, unless protected by a court order. Here, there is no protective order from this Court, regarding the production Shellpoint's Policy and Procedure Manuals, internal computer records and notes on Schulte's loan regarding payments and credits, and its call log. Despite this, Shellpoint still has failed to produce all documents requested. Therefore, shouldn't Debtors motion to compel be granted?

# II
# Facts

1. On October 11, 2009, Debtors filed a Chapter 11 petition ("Petition") for bankruptcy and was assigned bankruptcy case no. 09-29123-MKN (Dkt. #1). Debtors Melani Schulte and William Schulte (Deceased) filed their bankruptcy schedules on December 1, 2009 (Dkt.#41). On Schedule B of the petition, Debtors listed many properties, including one located at 1392 Echo Falls Ave., Las Vegas Nevada 89123 ("Echo Falls Ave.").

2. On April 23, 2021 Schulte filed her Motion for Contempt for Violation of the Automatic Stay and Discharge Injunction and Failure to Comply with A Court Order and the Confirmed Plan and for Damages including Attorneys Fees against Creditors, Shellpoint Mortgage Servicing and Ocwen Loan Servicing, LLC. (Dkt.#1334).

3. On May 12, 2021 Shellpoint filed its Response to Debtors Motion for Contempt. (Dkt.#1342).

4. That on September 22, 2021 Schulte served Shellpoint's with discovery.

5. That Shellpoint responded on October 22, 2021, but had numerous objections.

6. On October 28, 2021 Schulte emailed a meet and confer regarding Shellpoints Objections and Responses to Schulte's First Set of Request for Production of Documents and First Set of Interrogatories (Ex. '1').

7. That Shellpoint Supplemented their responses on November 12, 2021. (Ex. '2')

1    8.    But Shellpoints Supplemental responded did little to satisfy the meet and confer requests. Thus, Schulte mailed a second meet and confer letter to Shellpoint on November 24, 2021 (Ex. '3'). This involved most of the same requests from the initial meet and confer. Schulte requested a response by December 3, 2021 (Ex. '4'-Decl. C. Burke, ¶11).

9.    On December 10, 2021 Schulte emailed regarding the meet and confer that was Mailed out on November 24, 2021 regarding Shellpoints Objections and Responses to Schulte's First Set of Request for Production of Documents and First Set of Interrogatories (Ex. '5'). Schulte requested a response by December 17, 2021 (Ex. '4'-Decl. C. Burke, ¶13).

10.    That Shellpoint Supplemented their responses on December 16, 2021. (Ex. '6')

11.    That the parties counsel did a meet and confer on December 17, 2021 regarding Shellpoints response (Ex. '4'-Decl. C. Burke, ¶ ).

12.    That on December 21, 2021, Burke again spoke to Shellpoint's counsel regarding Schultes request for production of its Bankruptcy Policy and Procedure and list of internal codes for loans at her deposition (Ex. '4'-Decl. C. Burke, ¶16).

13.    That on December 22, 2021, Shellpoint sent an emailed regarding the request for production of documents. The email stated, please note we are still pending a response from Shellpoint regarding production of the Bankruptcy Procedures Manual. Our contact on the matter is out of the office for the holidays, but should respond upon her return. (Ex. '7').

14    That to date no Bankruptcy Policy and Procedures Manuals or list of internal codes has been produced by Shellpoint (Ex. '4'-Decl. C. Burke, ¶16).

**III**
**Request for Production**
**Below is the Request for Productions in controversy**

**Request for Production of Documents Number 9**:

All of Shellpoint's Policy and Procedures Manuals from 2015 to 2021.

**Response:**

3

<u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint.

<u>Objection</u>: *Relevance* – This Request is not relevant to any contested matter and is not reasonably calculated to lead to the discovery of admissible evidence related to any contested issue.

<u>Objection</u>: *Proprietary/Confidential Information* - This discovery request attempts to obtain confidential/proprietary information of Shellpoint.

<u>Objection</u>: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "Policy and Procedures Manuals" is not defined such that Shellpoint would have enough information to provide an informed response.

*This Request is extremely overbroad and vague. Limiting the Request to "Policy and Procedure Manuals for Bankruptcy cases" does not adequately limit the scope of the Request. Moreover, Shellpoint asserts any such documents contain confidential/proprietary information of Shellpoint. Consequently, Shellpoint cannot respond substantively to this request.

**Reply:**

This Request is a simple turnover of Shellpoint's Policy and Procedures Manuals for handling bankruptcy cases for the years 2015 to 2021. To the extent Shellpoint has no Policy and Procedure Manual for handling bankruptcy case those years please specifically state that. Otherwise, please produce them.

**Request for Production of Documents Number 16**:

Provide a list of codes and their meaning in relation to the electronic data base for Schulte's loan on the properly located at 1392 Echo Falls Ave., Las Vegas Nevada 89123 from the time Shellpoint took over servicing of the loan.

4

**Response:**

<u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

<u>Objection</u>: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "electronic data base" and "codes" are not defined.

*To the extent Debtor is confused regarding the meaning of a specific notation in the log, Shellpoint will provide clarification to the Debtor upon request.

**Reply:**

The point of discovery is to receive the requested documents and information prior to discovery ending, to prepare for depositions and save time at trial. Here, Shellpoint is being asked to provide a list of codes that it uses in relation to any electronic entry it makes on a loan it services. Such request is appropriate and expected.

**IV**
**Argument**

The Federal Rules of Bankruptcy Procedure, provides in pertinent part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any document or other tangible things an the identity and location of person who know of any discoverable matter." See FRBP 7026(b)(1).

Each party has a *right* to discovery regarding "any nonprrvileged matter that is relevant to any party's claim or defense." FRBP 7026(b)(1) (emphasis added). Information is

1  discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence.
2  *See Survivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir.2005). Any
3  information that might reasonably assist a party in evaluating the case, preparing for trial, or
4  facilitating settlement is deemed relevant to the subject matter of the case. *See Hickman v.*
5  *Taylor*, 329 US 496, 506-507 (1947). Although FRBP 7026 does not define the meaning of
6  "relevant", the Federal Rules of Evidence define "relevant evidence" as "evidence having any
7  tendency to make the existence of any fact that is of consequence to the determination of the
8  action more probable or less probably that it would without the evidence". *See* Fed. R. Evid.
9  401.

10  The United States Supreme Court has repeatedly declared that Federal Rules of Civil
11  Procedure should be afforded broad and liberal treatment, allowing parties to seek "wide-
12  ranging discovery of all information reasonably calculated to lead to discovery of admissible
13  evidence," even if the evidence sought is itself not admissible at trial. See, *e.g., Hickman v.*
14  *Taylor*, 329 U.S. 495, 507 (1947); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964)),
15  *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528 (D. Nev. 1997)("[D]iscovery
16  should be allowed unless the information sought has no conceivable bearing on the case.").
17  Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending
18  litigation. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir.1992). "It is well
19  recognized that the federal rules allow broad and liberal discovery", *Pacitti v. Macy's*, 193 F.3d
20  766, 777 (3d Cir.1999), and relevancy is broadly construed. *See Oppenheimer Fund, Inc.,* 437
21  U.S. 340, 351 (1978) ("The court should and ordinarily does interpret 'relevant' very broadly to
22  mean matter that is relevant to anything that is or may become an issue in the litigation.").

23  It is also "well established that the party resisting discovery bears the burden of showing
24  why a discovery request should be denied. "*Painters Joint Comm 'm v. Emp. Painters Trust*
25  *Health & Welfare Fund*, 2:10-CV-01385-JCM, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011).
26  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) ("A party seeking a stay of

6

discovery carries a heavy burden of making a 'strong showing' why discovery should be denied."). Responses that simply recite boilerplate objections are evasive, incomplete, and non-responsive. *Koninklijke Philps Elec. N V v. KXD Tech., Inc.*, No. 2:05-cv-01532-RHL-GWF, 2007 WL 778153, at *4 (D. Nev. Mar. 12, 2007) (holding that "[b]oilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). The Ninth Circuit has uniformly held that boilerplate objections or blanket refusals to produce documents are insufficient. *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. Of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005). A party's failure to provide sufficient information may constitute a waiver of the privilege. *Ramirez v. County of L.A.*, 231 F.R.D. 407, 410 (C.D.Cal.2005).

FRCP Rule 37 "authorizes a party who has received evasive or incomplete answers to discovery authorized by ... Rule 26(a) to bring a motion to compel disclosure of the materials sought". *Northern v. City of Phila., Civ. A. No. 98-6517*, 2000 U.S. Dist. LEXIS 4278, at *3 (E.D. Pa. Apr. 4, 2000). Once a party opposes a discovery request, the party seeking the discovery must demonstrate the relevancy of the information sought. *Id*. at *5. "When this showing of relevancy is made, the burden then shifts back to the party opposing discovery to show why the discovery should not be permitted." *Id*. A party's statement "that the discovery sought is overly broad, burdensome, oppressive, vague or irrelevant is 'not adequate to voice a successful objection." *Id*. (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). Here, although Shellpoint is claiming relevancy, a privilege or protecting confidential/ proprietary materials, it does so in boilerplate fashion and without any proof of said designation. Besides, its Bankruptcy Policy and Procedures Manual and internal codes for loans should be disclosed as Schulte, a customer, is entitled to them.

Nevada Local Bankruptcy Rules provide that discovery motions will not be considered unless a statement of moving counsel is attached certifying that, after consultation or effort to do so, the parties have been unable to resolve the matter without court action. *See* Local

7

Bankruptcy Rule 7037(b). However, inherent in the meet and confer process and prescribed in FBP 7026(c)(1) is a good faith requirement for both the moving party and non-moving party. *See Kipperman v. Quiroz*, 2006 WL 6589751 (Bankr.S.D.Cal.2006). Good faith regarding discovery contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court actions. *Shuffle Master Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, a171 (D.Nev.1996). "'Good faith' is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred". *Id.* In order to sufficiently meet and confer:

> [T]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter. Further, to ensure that the parties have made every effort to reach a "satisfactory resolution," judicial intervention should be considered appropriate only when 1) informal negotiations have reached an impasse on the substantive issue in dispute, or 2) one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims of privilege.

*Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D.Nev. 1993).

> Throughout the range of the law, there are time limits imposed on litigants at every stage of the case: some are mandatory and admit of no deviation; others are more flexible. But in each instance, lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interest. Even a day's delay can be fatal.

*Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 399 (N.D. Ill. 2006). In other words, a party may not choose to "opt out of the. . . Rules of Civil Procedure" by ignoring mandatory deadlines without suffering consequences. *Applied Systems, Inc. v. The Northern Ins. Co. Of New York*, No. 97C 1565, 1997 U.S. Dist. LEXIS 16014, *10 (N.D. Ill. Oct. 3, 1997). Here, the Schulte's discovery requests are standard for this type of case. And they have

been requested several times over the last four (4) months with no results.

## V

## Debtor is entitled to recover its fees and costs for filing this motion to compel.

If a motion to compel is granted, the court must, after giving an opportunity to be heard, require the deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. *See* FRBP 7037(a)(5)and (C)(1)(A).

## VI

## Conclusion

For the reasons set forth herein, Debtors Motion to Compel should be granted. Shellpoint should be required to provide all Bankruptcy Policy and Procedure Manuals requested and a list of internal codes and their meaning used in relation to Schulte's loan. Also, the Debtor should be granted reasonable attorneys fees and costs in preparing this motion, for the meet and confer letter, the actual meet and confer, the second meet and confer, and for filing any reply and for attending the hearing regarding the same.

DATED this 7th day of January, 2022.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
Attorney for Defendant