Ex. '2'

EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
GREG CAMPBELL
*Admitted Pro Hoc Vice*
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Shellpoint Mortgage Servicing

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: MELANI SCHULTE and WILLIAM SCHULTE, <br><br> 2704 SATTLEY LLC, <br> HOT ENDEAVOR LLC, <br> 1341 MINUET LLC, <br> 1708 PLATO PICO LLC, <br> 2228 WARM WALNUT LLC, <br> 9425 VALLEY HILLS LLC, <br> 9500 ASPEN GLOW LLC, <br> 5218 MISTY MORNING LLC, <br> CHERISH LLC, <br> SABRECO Inc., <br> KEEP SAFE LLC | Case No.: 09-29123- MKN <br><br> Chapter 11 <br><br> Jointly Administered with: <br><br> 09-27238- MKN <br> 09-27909- MKN <br> 09-27910- MKN <br> 09-27911- MKN <br> 09-27912- MKN <br> 09-27913- MKN <br> 09-27914- MKN <br> 09-27916- MKN <br> 09-28513- MKN <br> 09-31584- MKN <br> 09-31585- MKN <br><br> **SHELLPOINT MORTGAGE SERVICING'S** <br><br> **SUPPLEMENTAL RESPONSE TO DEBTOR'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES** <br><br> **[SET ONE]** <br><br> S̲U̲B̲J̲E̲C̲T̲ P̲R̲O̲P̲E̲R̲T̲Y̲: <br> 1392 Echo Falls Ave, <br> Las Vegas, NV 89123 |

**PROPOUNDING PARTY**: Melani Schulte

**SET NUMBER**: One

**RESPONDING PARTY**: Shellpoint Mortgage Servicing

Shellpoint Mortgage Servicing ("Shellpoint") by its attorneys, Aldridge Pite, LLP hereby submits the following supplemental responses and objections ("Supplemental Response") to Melanie Schulte's ("Debtor") *First Set of Requests for Production of Documents* ("Request for Production") and *First Set of Interrogatories* ("Interrogatories") pursuant to Fed. R. Civ. P. 33, 34, as made applicable to this proceeding by Fed. R. Bankr. P. 7033, 7034.

### I.     INTRODUCTION

On September 22, 2021, Debtor served Shellpoint's counsel via electronic mail with Debtor's First Set of Requests for Admissions; Production of Documents; and Interrogatories (collectively the "Discovery Requests").

On October 22, 2021, Shellpoint served its Responses to the Debtor's Discovery Requests and raised appropriate objections ("Discovery Responses"), including available documents (SP 0001 – SP 2749). Shellpoint based the Discovery Responses on the information and documents available at the time.

On October 28, 2021, Shellpoint received a letter ("Letter") from Debtor's counsel requesting supplemental responses and documents from Shellpoint.

On November 2, 2021, Shellpoint served additional documents on the Debtor. (SP 2750 – SP 2958). The additional documents included Shellpoint's internal servicing log/notes for the Subject Loan and the Pooling and Servicing Agreement.

On November 9, 2021, the Parties filed a Stipulation agreeing to extend the discovery deadline to January 15, 2022.

Discovery and Shellpoint's investigation of this matter is on-going. All of the responses contained herein are based only upon such information and documents presently available and specifically known to Shellpoint and disclose only those contentions, which presently occur to Shellpoint. Accordingly, all of the following responses are given without prejudice to and with the

express reservation of Shellpoint's right to supplement or amend its responses to the extent required by applicable law to incorporate later discovered information, and rely upon any and all such information at trial or otherwise.

Shellpoint has responded to Debtor's Requests based on Shellpoint's best, good faith understanding and interpretation of each item therein. Therefore, if Debtor subsequently asserts a different interpretation than presently understood by Shellpoint, then Shellpoint reserves the right to supplement or amend these responses.

Shellpoint's responses herein do not constitute admissions or acknowledgments the documents or information sought are within the proper scope of discovery. Nor shall a statement that documents or information will be produced constitute an admission such documents in fact exist. Instead, it shall only mean, if responsive documents exist and survive the general and specific objections, they will be produced.

## II.     GENERAL OBJECTIONS

The following General Objections apply to every paragraph of Debtor's Requests:

1.      Shellpoint objects to every discovery request that calls for privileged information, including, without limitation, information protected by the attorney-client privilege, work-product doctrine, or any other doctrine, immunity or privilege, and nothing contained in these responses is intended or may be construed as a waiver of the work-product doctrine, or any other privilege, immunity, or doctrine.

2.      Shellpoint objects to every discovery request that is overly broad, unduly burdensome, harassing, duplicative, or which requests documents which are already in the possession of the Debtor.

3.      Shellpoint objects to every discovery request that calls for information which is neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence in connection with this proceeding.

4.      Shellpoint objects to every discovery request, and, if applicable, to every introductory "definition" or "instruction," that seeks to impose obligations beyond those required

by the Federal Rules of Bankruptcy Procedure, as reasonably interpreted and supplemented by the Federal Rules of Civil Procedure and local court rules.

### SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

Subject to and without waiver of the foregoing General Objections, Shellpoint supplements its responses to Debtor's specific Request for Production as follows:

**REQUEST NO 4:** A copy of Shellpoint's Pooling and Servicing agreement regarding the real property located at 1392 Echo Falls Ave., Las Vegas Nevada 89123.

**RESPONSE TO REQUEST NO. 4**:

Objection: *Relevance* – This Request is not relevant to any contested matter and is not reasonably calculated to lead to the discovery of admissible evidence related to any contested issue.

Objection: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "Pooling and Servicing agreement" is not defined such that Shellpoint would have enough information to provide an informed response.

*Notwithstanding the above objections, Shellpoint produced the Pooling and Servicing Agreement in its possession on November 2, 2021. (SP 2800 – SP 2958).

**REQUEST NO 5**: A print out of all calls Shellpoint made to, or received, from Schulte's since it took over servicing of the loan regarding the real property located at 1392 Echo Falls Ave., Las Vegas Nevada 89123.

**RESPONSE TO REQUEST NO. 5**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Debtor may create her own call log based on her records. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Equally Available* - The information sought in this request is equally available to the Debtor. Specifically, Debtor may review her own phone records and/or call logs.

*Notwithstanding the above objections, Shellpoint is still researching whether it made any calls to the Debtor regarding the Subject Loan or Property. Discovery is ongoing. If Shellpoint

1  locates a call log, it will produce the document. However, as of date of this Response, no such
2  document exists and Shellpoint cannot simply "provide a computer printout" of the call log as
3  asserted by the Debtor. Notably, Shellpoint requested the same document from the Debtor in its
4  Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why
5  is the Debtor's Request less burdensome than Shellpoint's Request for the same documents?

6  **REQUEST NO 6**: A copy of Shellpoint's call log, both incoming and outgoing,
7  related to Schulte and the property located at 1392 Echo Falls Ave., Las Vegas Nevada
8  89123, since taking over the servicing of this loan.

9  **RESPONSE TO REQUEST NO. 6**:

10 Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and
11 unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To
12 comply with the request would be an undue burden and expense on the Shellpoint. The request is
13 calculated to annoy and harass Shellpoint. Debtor may create her own call log based on her records.
14 Shellpoint has no duty to create or modify responsive documents for the Debtor.

15 Objection: *Equally Available* - The information sought in this request is equally available
16 to the Debtor. Specifically, Debtor may review her own phone records and/or call logs.

17 Objection: *Asked and Answered, Repetitive*. This discovery request has, in substance, been
18 previously propounded and responded as explained in Shellpoint's above responses.

19 *Notwithstanding the above objections, Shellpoint is still researching whether it made any
20 calls to the Debtor regarding the Subject Loan or Property. Discovery is ongoing. If Shellpoint
21 locates a call log, it will produce the document. However, as of date of this Response, no such
22 document exists and Shellpoint cannot simply "provide a computer printout" of the call log as
23 asserted by the Debtor. Notably, Shellpoint requested the same document from the Debtor in its
24 Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why
25 is the Debtor's Request less burdensome than Shellpoint's Request for the same documents?

26 **REQUEST NO 7**: A list of all phone numbers Shellpoint has on Schulte.
27 **RESPONSE TO REQUEST NO. 7**:
28

- 5 - | P a g e

1     * Shellpoint is still researching which phone numbers it has on record for the Debtor. Discovery is ongoing

    ***REQUEST NO 8***: A list of the fees Shellpoint has been paid on the loan at 1392 Echo Falls Ave., Las Vegas Nevada 89123 since it took over servicing and how they were calculated.

**RESPONSE TO REQUEST NO. 8**:

    <u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

    <u>Objection</u>: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "fees" is not defined such that Shellpoint would have enough information to provide an informed response.

    *Please provide additional information and clarification regarding which "fees" Debtor is referring to. Shellpoint incurs many fees in the course of business from various vendors, entities, governmental agencies, tax authorities, etc.

    ***REQUEST NO 9***: All of Shellpoint's Policy and Procedures Manuals from 2015 to 2021.

**RESPONSE TO REQUEST NO. 9**:

    <u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint.

    <u>Objection</u>: *Relevance* – This Request is not relevant to any contested matter and is not reasonably calculated to lead to the discovery of admissible evidence related to any contested issue.

    <u>Objection</u>: *Proprietary/Confidential Information* - This discovery request attempts to obtain confidential/proprietary information of Shellpoint.

<u>Objection</u>: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "Policy and Procedures Manuals" is not defined such that Shellpoint would have enough information to provide an informed response.

*This Request is extremely overbroad and vague. Limiting the Request to "Policy and Procedure Manuals for Bankruptcy cases" does not adequately limit the scope of the Request. Moreover, Shellpoint asserts any such documents contain confidential/proprietary information of Shellpoint. Consequently, Shellpoint cannot respond substantively to this request.

**REQUEST NO 10:** A list of any calls between Shellpoint and Schulte where a recording was made.

**RESPONSE TO REQUEST NO. 10**:

<u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

*Notwithstanding the above objections, Shellpoint is still researching whether it made any calls to the Debtor regarding the Subject Loan or Property. Discovery is ongoing. If Shellpoint locates a call log, it will produce the document. However, as of date of this Response, no such document exists and Shellpoint cannot simply "provide a computer printout" of the call log as asserted by the Debtor. Notably, Shellpoint requested the same document from the Debtor in its Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the Debtor's Request less burdensome than Shellpoint's Request for the same documents?

**REQUEST NO 11**: Produce any recordings made of calls between Schulte and Shellpoint.

**RESPONSE TO REQUEST NO. 11**:

<u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint.

\*Notwithstanding the above objections, Shellpoint is still researching whether it made any calls to the Debtor regarding the Subject Loan or Property. Discovery is ongoing. If Shellpoint locates a call recording, it will produce the recording. However, as of date of this Response, no such recording exists and Shellpoint cannot simply "provide a computer printout" of the recording as asserted by the Debtor. Notably, Shellpoint requested the same document from the Debtor in its Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the Debtor's Request less burdensome than Shellpoint's Request for the same documents?

***REQUEST NO 13***: A copy of the servicing transfer agreement between PHH successor to Ocwen Loan Servicing LLC, and Shellpoint.

**RESPONSE TO REQUEST NO. 13**:

\*This document does not exist as Shellpoint acquired servicing rights from Bank of America, N.A., not "PHH successor to Ocwen Loan Servicing LLC." Please see welcome letter dated August 21, 2015 sent to Debtor at time of service transfer. (Debtor's Exhibit 4 to Motion).

***REQUEST NO 14***: Please provide the Purchase and Sale Agreement on the loan from PHH successor to Ocwen Loan Servicing LLC, to Shellpoint.

**RESPONSE TO REQUEST NO. 14**:

\*This document does not exist as Shellpoint acquired servicing rights from Bank of America, N.A., not "PHH successor to Ocwen Loan Servicing LLC." Please see welcome letter dated August 21, 2015 sent to Debtor at time of service transfer. (Debtor's Exhibit 4 to Motion).

***REQUEST NO 15***: Please provide Shellpoint's electronic data base on Schulte for the property located at 1392 Echo Falls Ave., Las Vegas Nevada 89123 from the time it took over servicing in August 2015 to September, 2021.

**RESPONSE TO REQUEST NO. 15**:

<u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint.

<u>Objection</u>: *Proprietary/Confidential Information* - This discovery request attempts to obtain confidential/proprietary information of SHELLPOINT.

Objection: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

Objection: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "electronic data base" is not defined.

*Notwithstanding the above objections, Shellpoint produced the internal servicing log/notes for the Subject Loan in its possession on November 2, 2021. (SP 2750 – SP 2799).

**REQUEST NO 16**: Provide a list of codes and their meaning in relation to the electronic data base for Schulte's loan on the properly located at 1392 Echo Falls Ave., Las Vegas Nevada 89123 from the time Shellpoint took over servicing of the loan.

**RESPONSE TO REQUEST NO. 16**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "electronic data base" and "codes" are not defined.

*To the extent Debtor is confused regarding the meaning of a specific notation in the log, Shellpoint will provide clarification to the Debtor upon request.

**REQUEST NO 17**: Provide any log notes or communication notes regarding Schulte and the property locate date 1392 Echo Falls Ave., Las Vegas Nevada 89123 from the time Shellpoint took over servicing of the loan.

**RESPONSE TO REQUEST NO. 17**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To

comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

<u>Objection</u>: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

<u>Objection</u>: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "log notes" is not defined.

*Notwithstanding the above objections, Shellpoint produced the internal servicing log/notes for the Subject Loan in its possession on November 2, 2021. (SP 2750 – SP 2799).

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Subject to and without waiver of the foregoing General Objections, Shellpoint supplements its responses to Debtor's specific Interrogatories as follows:

***INTERROGATORY NO 1***: List all individuals, lay or expert, you intend to call at the evidentiary hearing in this matter.

a) Provide their job title, educational background, work experience that qualifies that person to testify as an expert witness and their CV;

b) Provide a description of the subject matter on which the witness will be speaking on;

c) The substance of the facts and opinions to which the witness is expected to testify;

d) Whether they are being paid to testify and if so, how much.

**RESPONSE TO INTERROGATORY NO. 1:**

* Shellpoint does not intend to call an expert witness. Shellpoint reserves its right to supplement its witness list and call additional witnesses, if necessary. A Shellpoint representative will be testifying at the hearing on Shellpoint's behalf. Currently, Daniella Banks, a Bankruptcy Manager employed by Shellpoint, intends to appear on Shellpoint's behalf. Below is the contact information for Shellpoint's witness. Please coordinate the scheduling of any depositions through our firm: Daniella Banks, 75 Beattie Place, Suite 300, Greenville, SC 29601.

1    Further, Shellpoint intends to call Ms. Schulte and reserves its right to cross-examine any
2 of the Debtor's witnesses. To the extent, Shellpoint determines additional witnesses are necessary,
3 Shellpoint shall promptly disclose the same to the Debtor.

4    **INTERROGATORY NO 3:** Provide a list and the dates of all phone calls Shellpoint
5 has made to Schulte since August 21, 2015.

6    a)  Include the phone numbers that the calls were made to;
7    b)  Include not only the date, but the time made;

8 **RESPONSE TO INTERROGATORY NO. 3:**

9    <u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and
10 unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To
11 comply with the request would be an undue burden and expense on the Shellpoint. The request is
12 calculated to annoy and harass Shellpoint. Debtor may review her own call log and create a list
13 with the above information. Shellpoint has no duty to create or modify responsive documents for
14 the Debtor.

15    <u>Objection</u>: *Equally Available* - The information sought in this request is equally available
16 to the Debtor. Specifically, Debtor may review her own phone records and/or call logs.

17    *Notwithstanding the above objections, Shellpoint is still researching whether it made any
18 calls to the Debtor regarding the Subject Loan or Property. Discovery is ongoing. If Shellpoint
19 locates a call log, it will produce the log. However, as of date of this Response, no such log exists
20 and Shellpoint cannot simply "provide a computer printout" of the call log as asserted by the
21 Debtor. Notably, Shellpoint requested the same information from the Debtor in its Request for
22 Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the
23 Debtor's Request less burdensome than Shellpoint's Request for the same information?

24    **INTERROGATORY NO 4:** Provide a list and dates of all phone calls Shellpoint received
25 from Schulte since August 21, 2015.

26 **RESPONSE TO INTERROGATORY NO. 4:**

27    <u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and
28 unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To

1  comply with the request would be an undue burden and expense on the Shellpoint. The request is
2  calculated to annoy and harass Shellpoint. Debtor may review her own call log and create a list
3  with the above information. Shellpoint has no duty to create or modify responsive documents for
4  the Debtor.

5  <u>Objection</u>: *Equally Available* - The information sought in this request is equally available
6  to the Debtor. Specifically, Debtor may review her own phone records and/or call logs.

7  *Notwithstanding the above objections, Shellpoint is still researching whether it made any
8  calls to the Debtor regarding the Subject Loan or Property. Discovery is ongoing. If Shellpoint
9  locates a call log, it will produce the log. However, as of date of this Response, no such log exists
10 and Shellpoint cannot simply "provide a computer printout" of the call log as asserted by the
11 Debtor. Notably, Shellpoint requested the same information from the Debtor in its Request for
12 Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the
13 Debtor's Request less burdensome than Shellpoint's Request for the same information?

14 ***INTERROGATORY NO 5:*** Provide a list of all transcript of calls made by Shellpoint to
15 Schulte since August 21, 2015.

16 **RESPONSE TO INTERROGATORY NO. 5:**

17 <u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and
18 unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To
19 comply with the request would be an undue burden and expense on the Shellpoint. The request is
20 calculated to annoy and harass Shellpoint. Debtor may review her own call log and create a list
21 with the above information. Shellpoint has no duty to create or modify responsive documents for
22 the Debtor.

23 <u>Objection</u>: *Equally Available* - The information sought in this request is equally available
24 to the Debtor. Specifically, Debtor may review her own phone records and/or call logs.

25 *Notwithstanding the above objections, Shellpoint is still researching whether it made any
26 calls to the Debtor regarding the Subject Loan or Property. Discovery is ongoing. If Shellpoint
27 locates a call transcript, it will produce the transcript. However, as of date of this Response, no
28 such transcript exists and Shellpoint cannot simply "provide a computer printout" of the transcript

as asserted by the Debtor. Notably, Shellpoint requested the same information from the Debtor in its Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the Debtor's Request less burdensome than Shellpoint's Request for the same information?

**INTERROGATORY NO 6:** Provide a list of all transcripts of calls received by Shellpoint from Schulte since August 21, 2015.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Debtor may review her own call log and create a list with the above information. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Equally Available* - The information sought in this request is equally available to the Debtor. Specifically, Debtor may review her own phone records and/or call logs.

*Notwithstanding the above objections, Shellpoint is still researching whether it made any calls to the Debtor regarding the Subject Loan or Property. Discovery is ongoing. If Shellpoint locates a call log, it will produce the log. However, as of date of this Response, no such log exists and Shellpoint cannot simply "provide a computer printout" of the call log as asserted by the Debtor. Notably, Shellpoint requested the same information from the Debtor in its Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the Debtor's Request less burdensome than Shellpoint's Request for the same information?

**INTERROGATORY NO 8:** List the first time, and how, Shellpoint learned of Schulte's bankruptcy.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection: *Legal Conclusion* – Shellpoint objects to this Request on the grounds that it calls for a legal conclusion.

Objection: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly

construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

*Subject to and without waiving the foregoing objections, Shellpoint responds as follows: On or about August 17, 2015, Shellpoint acquired servicing rights to the Subject Loan. A review of the Shellpoint's internal notes, produced as SP2750-2799, include a notation of the bankruptcy filing on or about 8/21/2015. However, to the extent Debtor is asking when Shellpoint (or a specific employee of Shellpoint) obtained knowledge of the bankruptcy filing, Shellpoint cannot provide an exact date and asserts any such response would qualify as a legal conclusion.

***INTERROGATORY NO 9:*** List the date, and how, Shellpoint learned Schulte chapter 11 plan was confirmed.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection: *Legal Conclusion* – Shellpoint objects to this Request on the grounds that it calls for a legal conclusion.

Objection: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

*Subject to and without waiving the foregoing objections, Shellpoint responds as follows: On or about August 17, 2015, Shellpoint acquired servicing rights to the Subject Loan. A review of the Shellpoint's internal notes, produced as SP2750-2799, indicates Shellpoint contacted its assigned bankruptcy counsel regarding a Plan in late 2015. Any such communication from Shellpoint's counsel would be privileged. However, to the extent Debtor is asking when Shellpoint (or a specific employee of Shellpoint) obtained knowledge of confirmation of the Chapter 11 Plan, Shellpoint cannot provide an exact date and asserts any such response would qualify as a legal conclusion.

***INTERROGATORY NO 10:*** List the first date, and how, Shellpoint learned of Schulte's discharge.

**RESPONSE TO INTERROGATORY NO. 10:**

- 14 - | P a g e

<u>Objection</u>: *Legal Conclusion* – Shellpoint objects to this Request on the grounds that it calls for a legal conclusion.

<u>Objection</u>: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

*Subject to and without waiving the foregoing objections, Shellpoint responds as follows: On or about August 17, 2015, Shellpoint acquired servicing rights to the Subject Loan. A review of the Shellpoint's internal notes, produced as SP2750-2799, includes a notation regarding the discharge on or about December 19, 2015. However, to the extent Debtor is asking when Shellpoint (or a specific employee of Shellpoint) obtained knowledge of the discharge order, Shellpoint cannot provide an exact date and asserts any such response would qualify as a legal conclusion.

***INTERROGATORY NO 11:*** List the date, and how Shellpoint learned Schulte had cramdown the mortgage it has on the property located at 1392 Echo Falls Ave., Las Vegas Nevada 89123.

**RESPONSE TO INTERROGATORY NO. 11:**

<u>Objection</u>: *Legal Conclusion* – Shellpoint objects to this Request on the grounds that it calls for a legal conclusion.

<u>Objection</u>: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

*Subject to and without waiving the foregoing objections, Shellpoint responds as follows: On or about August 17, 2015, Shellpoint acquired servicing rights to the Subject Loan. A review of the Shellpoint's internal notes, produced as SP2750-2799, indicates Shellpoint contacted its assigned bankruptcy counsel regarding a Plan in late 2015. Any such communication from Shellpoint's counsel would be privileged. However, to the extent Debtor is asking when Shellpoint

(or a specific employee of Shellpoint) obtained knowledge of the "cramdown", Shellpoint cannot provide an exact date and asserts any such response would qualify as a legal conclusion.

***INTERROGATORY NO 13:*** For all Request for Admissions that were denied or not explicitly affirmed please list each particular Request for Admission and explain your denial.

**RESPONSE TO INTERROGATORY NO. 13:**

<u>Objection</u>: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor. Debtor may review Shellpoint's Responses to the Requests for Admissions, which contain sufficient detail regarding the reason for each denial.

\*To extent Debtor has any questions regarding the specific reasons for a specific denial. Shellpoint's counsel is available to discuss the same over a conference call.

Dated: November 12, 2021

Respectfully submitted:

**ALDRIDGE PITE, LLP**

<u>*/s/ Greg Campbell*</u>

GREG CAMPBELL

*Admitted Pro Hoc Vice.*
Attorneys for Shellpoint Mortgage Servicing

EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
GREG CAMPBELL
*Admitted Pro Hoc Vice*
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Shellpoint Mortgage Servicing

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MELANI SCHULTE and<br>WILLIAM SCHULTE<br><br>Debtor. | Case No.: 09-29123-MKN<br><br>Chapter 11<br><br>Jointly Administered with:<br><br>09-27238- MKN<br>09-27909- MKN<br>09-27910- MKN<br>09-27911- MKN<br>09-27912- MKN<br>09-27913- MKN<br>09-27914- MKN<br>09-27916- MKN<br>09-28513- MKN<br>09-31584- MKN<br>09-31585- MKN<br><br>**CERTIFICATE OF SERVICE** |

I, <u>Lauren Timby</u> declare that:

1                                    CASE NO. 09-29123-MKN
**CERTIFICATE OF SERVICE**

I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On November 12, 2021, I caused the **Supplemental Response to Debtor's Request for Production of Documents and Interrogatories** to be served on the parties listed herein via email and/or by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, addressed as follows:

Melani Schulte
9811 W. Charleston Blvd
Las Vegas, NV 89117

Christopher Patrick Burke
218 Maryland Pky.
Las Vegas, NV 89101
Email: atty@cburke.lvcoxmail.com

/s/ Lauren Timby
LAUREN TIMBY