# Ex. '6'

EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
GREG CAMPBELL
*Admitted Pro Hoc Vice*
**ALDRIDGE PITE, LLP**
7220 South Cimarron Road, Suite 140
Las Vegas, NV 89113
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for Shellpoint Mortgage Servicing

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re: MELANI SCHULTE and WILLIAM SCHULTE,

2704 SATTLEY LLC,
HOT ENDEAVOR LLC,
1341 MINUET LLC,
1708 PLATO PICO LLC,
2228 WARM WALNUT LLC,
9425 VALLEY HILLS LLC,
9500 ASPEN GLOW LLC,
5218 MISTY MORNING LLC,
CHERISH LLC,
SABRECO Inc.,
KEEP SAFE LLC

Case No.: 09-29123- MKN

Chapter 11

Jointly Administered with:

09-27238- MKN
09-27909- MKN
09-27910- MKN
09-27911- MKN
09-27912- MKN
09-27913- MKN
09-27914- MKN
09-27916- MKN
09-28513- MKN
09-31584- MKN
09-31585- MKN

**SHELLPOINT MORTGAGE SERVICING'S**

**SECOND SUPPLEMENTAL RESPONSE TO DEBTOR'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

**[SET ONE]**

**SUBJECT PROPERTY:**
1392 Echo Falls Ave,
Las Vegas, NV 89123

**PROPOUNDING PARTY**: Melani Schulte

**SET NUMBER**: One

**RESPONDING PARTY**: Shellpoint Mortgage Servicing

Shellpoint Mortgage Servicing ("Shellpoint") by its attorneys, Aldridge Pite, LLP hereby submits the following *second* supplemental responses and objections ("Second Supplemental Response") to Melanie Schulte's ("Debtor") *First Set of Requests for Production of Documents* ("Request for Production") and *First Set of Interrogatories* ("Interrogatories") pursuant to Fed. R. Civ. P. 33, 34, as made applicable to this proceeding by Fed. R. Bankr. P. 7033, 7034.

## I. INTRODUCTION

On September 22, 2021, Debtor served Shellpoint's counsel via electronic mail with Debtor's First Set of Requests for Admissions; Production of Documents; and Interrogatories (collectively the "Discovery Requests").

On October 22, 2021, Shellpoint served its Responses to the Debtor's Discovery Requests and raised appropriate objections ("Discovery Responses"), including available documents (SP 0001 – SP 2749). Shellpoint based the Discovery Responses on the information and documents available at the time.

On October 28, 2021, Shellpoint received a letter ("First Letter") from Debtor's counsel requesting supplemental responses and documents from Shellpoint.

On November 2, 2021, Shellpoint served additional documents on the Debtor. (SP 2750 – SP 2958). The additional documents included Shellpoint's internal servicing log/notes for the Subject Loan and the Pooling and Servicing Agreement.

On November 9, 2021, the Parties filed a Stipulation agreeing to extend the discovery deadline to January 15, 2022.

On November 12, 2021, Shellpoint served supplemental responses and objections ("First Supplemental Response") to Debtor's Request for Production and Interrogatories.

On November 24, 2021, Debtor served via first class mail a ("Second Letter") on Shellpoint requesting supplemental responses and documents from Shellpoint.

Discovery and Shellpoint's investigation of this matter is on-going. All of the responses

contained herein are based only upon such information and documents presently available and specifically known to Shellpoint and disclose only those contentions, which presently occur to Shellpoint. Accordingly, all of the following responses are given without prejudice to and with the express reservation of Shellpoint's right to supplement or amend its responses to the extent required by applicable law to incorporate later discovered information, and rely upon any and all such information at trial or otherwise.

Shellpoint has responded to Debtor's Requests based on Shellpoint's best, good faith understanding and interpretation of each item therein. Therefore, if Debtor subsequently asserts a different interpretation than presently understood by Shellpoint, then Shellpoint reserves the right to supplement or amend these responses.

Shellpoint's responses herein do not constitute admissions or acknowledgments the documents or information sought are within the proper scope of discovery. Nor shall a statement that documents or information will be produced constitute an admission such documents in fact exist. Instead, it shall only mean, if responsive documents exist and survive the general and specific objections, they will be produced.

## II.   GENERAL OBJECTIONS

The following General Objections apply to every paragraph of Debtor's Requests:

1. Shellpoint objects to every discovery request that calls for privileged information, including, without limitation, information protected by the attorney-client privilege, work-product doctrine, or any other doctrine, immunity or privilege, and nothing contained in these responses is intended or may be construed as a waiver of the work-product doctrine, or any other privilege, immunity, or doctrine.

2. Shellpoint objects to every discovery request that is overly broad, unduly burdensome, harassing, duplicative, or which requests documents which are already in the possession of the Debtor.

3. Shellpoint objects to every discovery request that calls for information which is neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence in connection with this proceeding.

4. Shellpoint objects to every discovery request, and, if applicable, to every introductory "definition" or "instruction," that seeks to impose obligations beyond those required by the Federal Rules of Bankruptcy Procedure, as reasonably interpreted and supplemented by the Federal Rules of Civil Procedure and local court rules.

**SECOND SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

Subject to and without waiver of the foregoing General Objections, Shellpoint supplements its responses to Debtor's specific Request for Production as follows:

***REQUEST NO 5***: A print out of all calls Shellpoint made to, or received, from Schulte's since it took over servicing of the loan regarding the real property located at 1392 Echo Falls Ave., Las Vegas Nevada 89123.

**RESPONSE TO REQUEST NO. 5**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Debtor may create her own call log based on her records. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Equally Available* - The information sought in this request is equally available to the Debtor. Specifically, Debtor may review her own phone records and/or call logs. Notably, Shellpoint requested the same document from the Debtor in its Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the Debtor's Request less burdensome than Shellpoint's Request for the same documents?

*Notwithstanding the above objections, Shellpoint's records reflect only one (1) phone call made to the Debtor for the Subject Loan on 2/1/2016 (an attempted contact with no response). See call log. (SP 2964).

***REQUEST NO 6***: A copy of Shellpoint's call log, both incoming and outgoing, related to Schulte and the property located at 1392 Echo Falls Ave., Las Vegas Nevada 89123, since taking over the servicing of this loan.

**RESPONSE TO REQUEST NO. 6**:

      Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Debtor may create her own call log based on her records. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Equally Available* - The information sought in this request is equally available to the Debtor. Specifically, Debtor may review her own phone records and/or call logs. Notably, Shellpoint requested the same document from the Debtor in its Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the Debtor's Request less burdensome than Shellpoint's Request for the same documents?

Objection: *Asked and Answered, Repetitive*. This discovery request has, in substance, been previously propounded and responded as explained in Shellpoint's above responses.

* Notwithstanding the above objections, Shellpoint's records reflect only one (1) phone call made to the Debtor for the Subject Loan on 2/1/2016 (an attempted contact with no response). *See* call log. (SP 2964).

***REQUEST NO 7***: A list of all phone numbers Shellpoint has on Schulte.

**RESPONSE TO REQUEST NO. 7**:

Pursuant to the contact information on file for the Borrower, the only phone number listed is 702-254-2273. (SP 2965-SP 2967).

***REQUEST NO 8***: A list of the fees Shellpoint has been paid on the loan at 1392 Echo Falls Ave., Las Vegas Nevada 89123 since it took over servicing and how they were calculated.

**RESPONSE TO REQUEST NO. 8**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "fees" is not defined such that Shellpoint would have enough information to provide an informed response.

Debtor's Second Letter defines "fees" as referring "to the amount of money Shellpoint has received from servicing the mortgage payments made by Schulte since it began servicing the loan." However, Shellpoint asserts the term is still ambiguous and overbroad. Money Shellpoint received from whom?

Objection: *Relevance* – This Request is not relevant to any contested matter and is not reasonably calculated to lead to the discovery of admissible evidence related to any contested issue. It is unclear why the amount of money paid to Shellpoint from a third party is relevant to the Debtor's Motion (or any contested issue). If the definition of "fees" relates to fees paid to Shellpoint (not fees incurred by Shellpoint), said amounts would not be charged to the Borrower and are immaterial.

***REQUEST NO 9***: All of Shellpoint's Policy and Procedures Manuals from 2015 to 2021.

**RESPONSE TO REQUEST NO. 9**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint.

Objection: *Relevance* – This Request is not relevant to any contested matter and is not reasonably calculated to lead to the discovery of admissible evidence related to any contested issue.

Objection: *Proprietary/Confidential Information* - This discovery request attempts to obtain confidential/proprietary information of Shellpoint.

Objection: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "Policy and Procedures Manuals" is not defined such that Shellpoint would have enough information to provide an informed response.

*This Request is extremely overbroad and vague. Limiting the Request to "Policy and Procedure Manuals for Bankruptcy cases" does not adequately limit the scope of the Request.

Moreover, Shellpoint asserts any such documents contain confidential/proprietary information of Shellpoint. Consequently, Shellpoint cannot respond substantively to this request.

***REQUEST NO 10:*** A list of any calls between Shellpoint and Schulte where a recording was made.

**RESPONSE TO REQUEST NO. 10**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Equally Available* - The information sought in this request is equally available to the Debtor. Specifically, Debtor may review her own phone records and/or call logs. Notably, Shellpoint requested the same document from the Debtor in its Request for Production of Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the Debtor's Request less burdensome than Shellpoint's Request for the same documents?

* Notwithstanding the above objections, Shellpoint's records reflect only one (1) phone call made to the Debtor for the Subject Loan on 2/1/2016 (an attempted contact with no response). Accordingly, no such document exists for production.

***REQUEST NO 11***: Produce any recordings made of calls between Schulte and Shellpoint.

**RESPONSE TO REQUEST NO. 11**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Equally Available* - The information sought in this request is equally available to the Debtor. Specifically, Debtor may review her own phone records and/or call logs. Notably, Shellpoint requested the same document from the Debtor in its Request for Production of

Documents, and Debtor failed to produce the same (*See* RPD 39). Why is the Debtor's Request less burdensome than Shellpoint's Request for the same documents?

* Notwithstanding the above objections, Shellpoint's records reflect only one (1) phone call made to the Debtor for the Subject Loan on 2/1/2016 (an attempted contact with no response). Accordingly, no such document exists for production.

***REQUEST NO 16***: Provide a list of codes and their meaning in relation to the electronic data base for Schulte's loan on the properly located at 1392 Echo Falls Ave., Las Vegas Nevada 89123 from the time Shellpoint took over servicing of the loan.

**RESPONSE TO REQUEST NO. 16**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "electronic data base" and "codes" are not defined.

After a review of Shellpoint's records, no such document exists for production.

***REQUEST NO 17***: Provide any log notes or communication notes regarding Schulte and the property locate date 1392 Echo Falls Ave., Las Vegas Nevada 89123 from the time Shellpoint took over servicing of the loan.

**RESPONSE TO REQUEST NO. 17**:

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor.

Objection: *Attorney-Client Privilege, Attorney Work-Product Protection* - The request seeks information subject to the attorney-client privilege. The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." Further, this discovery request seeks attorney work product.

Objection: *Vague and Ambiguous* - Shellpoint objects to this Request on the grounds that it is vague and ambiguous. In particular, the term "log notes" is not defined.

*Notwithstanding the above objections, Shellpoint produced the computer printout of the internal servicing log/notes for the Subject Loan in its possession on November 2, 2021. (SP 2750 – SP 2799).

*Please see updated copy of the computer printout of the internal servicing log/notes for the Subject Loan with the additions made through 12.13.21. (SP 2959-SP2961).

*Please see additional computer printout of a comment log for Subject Loan. (SP2962 – SP 2964).

**SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

Subject to and without waiver of the foregoing General Objections, Shellpoint supplements its responses to Debtor's specific Interrogatories as follows:

***INTERROGATORY NO 13:*** For all Request for Admissions that were denied or not explicitly affirmed please list each particular Request for Admission and explain your denial.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection: *Burdensome, Oppressive, Overbroad* - This discovery request is broad and unlimited as to scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the Shellpoint. The request is calculated to annoy and harass Shellpoint. Shellpoint has no duty to create or modify responsive documents for the Debtor. Debtor may review Shellpoint's Responses to the Requests for Admissions, which contain sufficient detail regarding the reason for each denial.

*Notwithstanding the above objections:

RFA #1: Shellpoint denied this request as knowledge calls for a legal conclusion.

RFA #2: Shellpoint denied this request as knowledge calls for a legal conclusion.

RFA #3: Shellpoint denied this request as knowledge calls for a legal conclusion.

RFA #4: Shellpoint denied this request as interpretation of the confirmed Chapter 11 Plan calls for legal conclusion. Further, referring to alleged communications as "some monthly collection letters" is argumentative as the communications have not been identified or determined to be "collection letters". Further, it assumes facts and requests Shellpoint admit or deny a statement that includes a determination that unidentified communications are "collection letters". Further, the Debtor failed to define relevant terms.

RFA #5: Shellpoint denied this request as interpretation of the confirmed Chapter 11 Plan calls for legal conclusion. Further, referring to alleged communications as "some monthly collection letters" is argumentative as the communications have not been identified or determined to be "collection letters". Further, it assumes facts and requests Shellpoint admit or deny a statement that includes a determination that unidentified communications are "collection letters". Further, the Debtor failed to define relevant terms.

RFA #6: Shellpoint denied this request as interpretation of the discharge order and confirmed plan calls for legal conclusion. Further, referring to alleged communications as "some monthly collection letters" is argumentative as the communications have not been identified or determined to be "collection letters". Further, it assumes facts and requests Shellpoint admit or deny a statement that includes a determination that unidentified communications are "collection letters". Further, the Debtor failed to define relevant terms.

RFA #7: Shellpoint denied this request as interpretation of the discharge order and confirmed plan calls for legal conclusion. Further, referring to alleged communications as "some monthly collection letters" is argumentative as the communications have not been identified or determined to be "collection letters". Further, it assumes facts and requests Shellpoint admit or deny a statement that includes a determination that unidentified communications are "collection letters". Further, the Debtor failed to define relevant terms.

RFA #8: Shellpoint denied this request as interpretation of the confirmed plan calls for legal conclusion. Further, referring to alleged communications as "some monthly collection letters" is argumentative as the communications have not been identified or determined to be

"collection letters".  Further, it assumes facts and requests Shellpoint admit or deny a statement that includes a determination that unidentified communications are "collection letters".  Further, the Debtor failed to define relevant terms.

RFA #9: Shellpoint denied this request as the Debtor failed to define relevant terms.

RFA#13 PHH successor to Ocwen Loan Servicing LLC., is not a sub-servicer of Shellpoint.

RFA #14: Shellpoint denied this request as interpretation of the discharge order and confirmed plan calls for legal conclusion. Further, referring to alleged communications as "some monthly collection letters" is argumentative as the communications have not been identified or determined to be "collection letters".  Further, it assumes facts and requests Shellpoint admit or deny a statement that includes a determination that unidentified communications are "collection letters".  Further, the Debtor failed to define relevant terms.

Dated: December 16, 2021

Respectfully submitted:

**ALDRIDGE PITE, LLP**

*/s/ Greg Campbell*

GREG CAMPBELL

*Admitted Pro Hoc Vice.*
Attorneys for Shellpoint Mortgage Servicing