ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: natalie.winslow@akerman.com
Email: nicholas.belay@akerman.com

*Attorneys for NewRez LLC dba Shellpoint Mortgage Servicing*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: <br><br> MELANI SCHULTE and WILLIAM SCHULTE, <br><br> 2704 SATTLEY LLC; <br> HOT ENDEAVOR LLC; <br> 1341 MINUET LLC; <br> 1708 PLATO PICO LLC; <br> 2228 WARM WALNUT LLC; <br> 9425 VALLEY HILLS LLC; <br> 9500 ASPEN GLOW LLC; <br> 5218 MISTY MORNING LLC; <br> CHERISH LLC; <br> SABRECO INC., and <br> KEEP SAFE LLC, | Case No.: 09-29123-mkn <br> Chapter 11 <br><br> **OPPOSITION TO DEBTORS' MOTION TO COMPEL** <br><br> Jointly Administered with: <br><br> 09-27238-MKN <br> 09-27909-MKN <br> 09-27910-MKN <br> 09-27911-MKN <br> 09-27912-MKN <br> 09-27913-MKN <br> 09-27914-MKN <br> 09-27916-MKN <br> 09-28513-MKN <br> 09-31584-MKN <br> 09-31585-MKN |

NewRez LLC dba Shellpoint Mortgage Servicing responds to debtor Melani Schulte's Motion to Compel Discovery of Shellpoint Mortgage Servicing.

1

61887778;1

## I.    LEGAL STANDARD.

"Parties may obtain discovery regarding a nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," including consideration of the "importance of the issues at stake in the action[,] . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); FRBP 7026(b)(1). "[T]he court must limit the frequency or extent of discovery [if] . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## II.    ARGUMENT.

Schulte requests Shellpoint produce two nondescript categories of documents: (1) its "policy and Procedures Manuals for handling bankruptcy cases for the years 2015 to 2021"; and (2) "a list of codes and their meaning in relation to the electronic data base for Schulte's loan." Schulte is not entitled to these documents.

### A.    Schulte's requests are vague, ambiguous, and lacking in relevance.

The parties have engaged in multiple meet-and-confers, correspondence between counsel, and supplemental responses. Despite this fact, Schulte has still failed to identify with any particularity the documents she actually seeks. As this court well knows, policies and procedures relating to "bankruptcy cases" in general can encompass a vast spectrum of topics and issues, most of which have absolutely no relevance to the issues in this case. For instance, "policies and procedures" could encompass hiring practices, standards for protection of borrower information, mail sorting, foreclosure proceedings, privileged legal matters, or any number of other categories that have no bearing on Schulte's position.

This holds equally true for "codes" related to Shellpoint's loan "database." Schulte does not explain what database or codes she is specifically referring to in either her requests for production or her motion. As best Shellpoint can discern, Schulte is referring to Shellpoint's internal servicing notes. But servicing notes pertain to all aspects of a loan, not just those relating to bankruptcy or

communications with the borrower. Requesting a complete breakdown of "codes," without more, far exceeds the scope of matters at issue.

It is well-established that requests for production must fall within the scope of discoverable information to be valid. Shellpoint has *repeatedly* requested Schulte narrow her requests so that it can determine whether it possesses responsive documents, and Schulte has failed to do so. Shellpoint even offered to provide clarification regarding any notations in its servicing notes that Schulte finds unclear in an effort to avoid burdening the court with motion practice. This is more than a reasonable compromise to resolve the instant dispute. Schulte refuses to cooperate.

Schulte does not substantively address these issues in her motion. Instead, Schulte merely asserts her requests are "standard for this type of case" without any actual analysis or explanation as to how they fall within the scope of discovery. This plainly falls short of meeting her burden on a motion to compel.

### B. The requested information is confidential and proprietary.

Even if Shellpoint could identify the documents Schulte seeks, any policies/procedures and internal notations would be confidential and proprietary. Courts routinely hold that internal corporate documents are confidential and therefore protected. *See, e.g., Bank of New York v. Meridian Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (collecting cases); *see also America Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 737, 740-41 (Fed. Cir. 1987) (finding marketing materials and pricing information confidential and proprietary); *Tonnemacher v. Sasak*, 155 F.R.D. 193, 195 (D. Ariz. 1994) (finding internal manuals highly confidential and proprietary); *Sullivan Marketing, Inc. v. Callassis Commc'ns, Inc.*, No. 93 Civ. 6350, 1994 WL 177795, at *2 (S.D.N.Y. May 5, 1994) (citing *Reliance Ins. Co. v. Barrons*, 428 F. Supp. 200, 203 (S.D.N.Y. 1977)). Where a document is proprietary and confidential, it remains undiscoverable absent a protective order, regardless of whether it is relevant. Schulte has not sought the entry of a protective order, and thus Shellpoint properly objected. Schulte does not even address this objection in her motion.

### C. Shellpoint's discovery responses satisfy its obligations.

Shellpoint's responses were both appropriate and complete given the foregoing issues. For each request, Shellpoint provided Schulte specific objections detailing why Schulte's requests were

improper. *See* FRCP 34 (noting a party must state the grounds for an objection). Rather than actually address Shellpoint's concerns, Schulte merely complains Shellpoint's responses contain "boilerplate" objections. This is not the case. Shellpoint properly objected with as much specificity as it could given the lack of clarity in Schulte's own requests. Shellpoint reasonably requested (on multiples occasions) that Schulte tailor her requests as required under the rules, and Schulte has failed to do so. The failure to satisfy discovery obligations falls on Schulte, not Shellpoint.

### D. Schulte is not entitled to fees or costs.

Schulte argues fees and costs are warranted under FRBP 7037. Schulte again fails to provide any actual argument or analysis as to why such relief is appropriate. It is not. As demonstrated above, Shellpoint's objections were substantially justified such that sanctions are inappropriate. *See* FRCP 37(a)(5)(A)(ii). In contrast, Schulte's motion is based on its own failure to cooperate in discovery and appropriately revise its requests. Shellpoint is thus entitled to the costs and fees incurred defending this motion. *See* FRCP 37(a)(5)(B).

## III. CONCLUSION.

Shellpoint has made reasonable efforts to resolve the instant dispute without the need for court involvement. Despite this fact, Schulte refuses to cooperate by narrowing (or even providing sufficient explanation) as to the documents she seeks or why these documents fall within the scope of discovery. Further, Schulte has completely ignored the confidential and propriety nature of the requested information. The court should deny Schulte's motion in full.

DATED this 26th day of January, 2022.

**AKERMAN LLP**

*/s/ Nicholas E. Belay*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for NewRez LLC dba Shellpoint Mortgage Servicing*

4

61887778;1

# **CERTIFICATE OF SERVICE**

1. On January 26, 2022, I served the following document: **OPPOSITION TO DEBTORS' MOTION TO COMPEL**, I served the above-named document by the following means to the persons as listed below: *(Check all that apply)*

☒ **a.** **ECF System -** The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

☐ **b.** **Personal Service -** I personally delivered the document(s) to the persons at these addresses: N/A

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office: N/A

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s)at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there: N/A

☐ **c.** **By direct mail (as opposed to through the ECF System)**

☐ **d.** **By fax transmission**

☐ **e.** **By messenger**

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on:  January 26, 2022.

| Patricia Larsen | */s/ Patricia Larsen* |
|---|---|
| (Name of Declarant) | (Signature of Declarant) |

5

61887778;1